**Weil, Gotshal & Manges LLP**

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

April 9, 2024

The Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re: *fuboTV Inc., et al. v. The Walt Disney Company, et al.*, No. 24-cv-1363

Dear Judge Garnett:

Pursuant to Rule I(D)(3)(ii)-(iii) of Your Honor's Individual Rules and Practices, Defendant Warner Bros. Discovery, Inc. ("WBD") respectfully submits this letter motion requesting the Court's approval to seal certain limited portions of its Memorandum of Law in Support of its Motion to Dismiss ("Motion"), and to file a redacted version for the public record.

The Parties have met and conferred in good faith about the materials to be filed under seal or with redactions and the bases for such designations. Counsel for WBD, Robert W. Taylor; counsel for the Walt Disney Company, ESPN, Inc., ESPN Enterprises, Inc., and Hulu, LLC, Kathleen Young; and counsel for Fox Corporation, Erica Fruiterman, met and conferred with counsel for Plaintiffs fuboTV Inc. and fuboTV Media Inc.'s ("Fubo" or "Plaintiffs"), Thomas Schultz, on April 9, 2024. Counsel for Fubo indicated their consent to WBD filing the above-referenced information under seal.

Good cause exists for sealing and/or redacting the confidential materials described above, which include references to allegations filed under seal in Fubo's complaint (ECF No. 1), and information concerning an exhibit to Fubo's Motion for Preliminary Injunction that Fubo filed under seal (ECF No. 109-9), which contains certain non-public, commercially sensitive information concerning Fubo and WBD. Under *Lugosch v. Pyramid Co. of Onondaga*, courts in the Second Circuit weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties, and documents may require confidential treatment where it is "essential to preserve higher values and are narrowly tailored to serve that interest." 435 F.3d 110, 119–20 (2d Cir. 2006) (internal citation omitted). "Business secrecy" is a well-established factor "outweighing the presumption of public access." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (citing *Amodeo*, 71 F.3d at 1051); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed . . . ."). Courts in this district routinely grant confidential treatment where public access to a party's confidential pricing information would place that party at a competitive disadvantage. *See, e.g.*,

Weil, Gotshal & Manges LLP

April 9, 2024
Page 2

*Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.*, 1994 WL 177795, at *2 (S.D.N.Y. May 5, 1994) ("[K]nowledge of [a party's] pricing and marketing plans would give its competitors an unwarranted disadvantage in the market."); *see also Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information" as well as information "revealing confidential negotiations" with a customer). Courts in this district have similarly sealed confidential contractual materials. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529, at *2 (S.D.N.Y Mar. 22, 2021) (granting motion to seal documents containing the terms of confidential licensing agreements).

The Motion contains references to allegations filed under seal in Fubo's complaint, and information filed under seal in connection with Fubo's Motion for Preliminary Injunction. ECF No. 1; ECF No 109-9. Judge Engelmayer previously issued an order to seal certain of the information WBD seeks to seal in its Motion. *See fuboTV, et al v. The Walt Disney Company, et al.*, No. 1:24-mc-00070 (S.D.N.Y. filed Feb. 20, 2024). The information WBD seeks to seal includes references to agreements between Fubo and WBD that contain pricing and business strategy information that is commercially sensitive to both parties. Such confidential, commercially-sensitive materials are appropriately sealed. *See Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information" as well as information "revealing confidential negotiations" with a customer).

Respectfully submitted,

*/s/ David L. Yohai*
David L. Yohai
Counsel for Warner Bros. Discovery, Inc.

CC: All counsel of record (via ECF)