

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**STEVEN BIZAR**

Steven.Bizar@dechert.com
+1 215 994 2205  Direct
+1 215 655 2205  Fax

April 9, 2024

**VIA ECF**

Honorable Margaret M. Garnett
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

**Re:** *FuboTV Inc. et al. v. The Walt Disney Company et al.*, 1:24-cv-01363-MMG

Dear Judge Garnett:

We write on behalf of Defendant Fox Corporation ("Fox") under Rule I.D.3 of Your Honor's Individual Rules & Practices to respectfully move for leave to redact very limited portions of Fox's Motion to Dismiss, which was filed concurrently with this Letter Motion. Specifically, Fox requests the Court to seal the portions of Fox's Motion to Dismiss that reveal the term length of the carriage agreement (and subsequent amendments) between Fox and Plaintiffs, information that is currently redacted in Plaintiffs' Complaint.

Counsel for Fox advised counsel for Plaintiffs on April 9, 2024 at 4:00pm via conference call that it would be filing its Motion to Dismiss with limited redactions and informed them of the nature of those redactions.  Plaintiffs consented to Fox's proposed redactions.

In ruling on a motion to seal, the Second Circuit has recognized that the right to public access to judicial documents is not absolute and "the court must balance competing considerations against it." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks and citations omitted).  In particular, the Court must balance the right to public access to judicial documents against the privacy interest of the party resisting disclosure.  *See Lugosch*, 435 F.3d at 119–20.  Courts have frequently found that a person's interest in protecting sensitive business information outweighs the public's interest in accessing such materials, and, as such routinely permit parties to file such materials under seal.  *See, e.g.*, *Lexington Furniture Industries, Inc. v. Lexington Co.*, No. 19-cv-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (finding that the proposed sealing was appropriate because "protecting the parties' sensitive business



information, outweighs the public's right to access this information" and the sealing was "narrowly tailored to protect only this sensitive business information").

Fox seeks to redact confidential terms of its carriage agreement (and subsequent amendments) with Plaintiffs, terms which are subject to confidentiality provisions within the agreements themselves and which have been previously treated as confidential in this litigation per Judge Engelmayer's February 21, 2024 Order. *See* Order, *fuboTV et al. v. The Walk Disney Company, et al.*, 1:24-mc-00070 (S.D.N.Y. Feb. 21, 2024). Disclosure of such terms would provide competitors unfair insight into the length of Fox's relationship with Plaintiffs and allow those competitors to use that knowledge to adjust their competitive strategy. Courts in this district have recognized that this sort of contractual information is appropriately sealed. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 U.S. Dist. LEXIS 53529, at *2 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal documents containing the terms of confidential trademark licensing agreements). Plaintiffs have recently requested that similar information, including the carriage agreement and subsequent amendments themselves, be redacted in their Letter Motion to Seal filed in relation to their Motion for Preliminary Injunction. *See* ECF No. 73. Fox's proposed redactions are narrowly tailored and would not have any effect on the public's ability to read or understand the motion to dismiss briefing.

For these reasons, Defendant Fox respectfully requests that the Court grant its request to redact portions of its Motion to Dismiss submitted concurrently with this Letter Motion.

Respectfully yours,

/s/ Steven Bizar

Steven Bizar

cc:   All counsel of record (**VIA ECF**)