KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

April 9, 2024

*Via CM/ECF*
The Honorable Margaret M. Garnett
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    *fuboTV Inc., et al. v. The Walt Disney Company, et al.*, No. 24-cv-1363

Your Honor:

      In accordance with the *Notice of Initial Pretrial Conference* (Doc. 24) and Section II.A.5 of the Court's Individual Rules and Practices, the parties jointly submit this letter. A proposed Civil Case Management Plan and Scheduling Order ("CMO") is attached as Exhibit A.

## I. Description of Case

      As described in the Complaint (Doc. 1), Plaintiffs fuboTV Inc. and fuboTV Media Inc. (collectively, "Fubo") bring this antitrust case against Defendants under Section 7 of the Clayton Act (15 U.S.C. § 18) and Section 1 of the Sherman Act (15 U.S.C. § 1). Fubo alleges that the announced joint venture between Defendants Disney/ESPN, Fox, and Warner Brothers will violate antitrust laws, and that other contracting practices by Defendants violate antitrust laws. On April 8, Fubo filed a motion for preliminary injunction to enjoin Defendants' joint venture pending a trial in this case. (Doc. 94). Today, Defendants are filing motions to dismiss the complaint in its entirety and a joint motion to stay discovery. The parties have been unable to agree on schedule for discovery (CMO) and are therefore submitting competing proposals, as set forth below and in Exhibit A:

      **A.**    **Fubo's Proposal**

      Fubo requests that the Court authorize expedited discovery and hold an evidentiary hearing on Fubo's motion for preliminary injunction (Doc. 94) before the anticipated close of Defendants' joint venture in the fall. "On a motion for preliminary injunction, where 'essential facts are in dispute, there must be a hearing . . . and appropriate findings of facts must be made.'" *Fengler v. Numismatic Americana, Inc.*, 832 F.2d 745, 747 (2d Cir. 1987) (citation omitted); *see Dodge v. Cnty. of Orange*, 208 F.R.D. 79, 86 (S.D.N.Y. 2002). And as this Court has recognized, "[r]equests for expedited discovery are typically appropriate where they 'would

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Margaret M. Garnett
April 9, 2024
Page 2

better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing.'" Doc. 66 at 1 (quoting *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, 2014 WL 12959675, at *2 (S.D.N.Y. July 23, 2014). That is the case here, where Defendants have sole control over most information about their joint venture, including the terms of the joint venture, Defendants' strategies behind the joint venture, and Defendants' projections regarding the competitive (or anticompetitive) effects their joint venture will have on the market, consumers, and rival streaming services like Fubo.

Fubo's proposed CMO therefore contemplates sequenced discovery, in which discovery for the preliminary injunction proceeds faster than other discovery. Under Fubo's proposal, the parties would complete preliminary injunction-related discovery shortly before an evidentiary hearing during the week of June 10. This schedule would allow time for the Court to rule on Fubo's motion before the joint venture closes and creates a monopoly that will inflict irreparable harm on Fubo, competition, and consumers. The timing for remaining discovery in Fubo's proposed schedule generally follows the Court's guidance in its Civil Case Management Plan.

Defendants have been unwilling even to discuss a case schedule or engage with Fubo on a CMO. Fubo sent Defendants a draft CMO on March 25, and sent additional drafts on April 5 and April 9. Despite Fubo's requests, Defendants did not provide edits to the drafts or a competing proposal to Fubo until 11:35 PM on April 9 (the night this filing was due), preventing the parties from meaningfully meeting and conferring about the CMO and delaying this filing. Defendants have taken the position that only their anticipated motion to dismiss should be considered by the Court. That would effectively result in a pocket veto of Fubo's motion, or at least a veto of meaningful discovery that would permit the parties to litigate the preliminary injunction motion with the benefit of relevant facts. That approach contravenes well settled case law from this District holding that discovery is appropriate in advance of a preliminary injunction hearing.

### B. Defendants' Proposal

Although Defendants have not had sufficient time to fully review and assess Fubo's motion for preliminary injunction, which was filed late in the afternoon of April 8, Defendants have laid out in the CMO and in their Motion to Stay Discovery the general principles they believe should guide the proceedings in this matter.

As those filings explain, Fubo's rush to discovery is completely unwarranted. Fubo challenges a joint venture that has yet to come to market and actions that have allegedly been going on "[f]or decades" (Compl. ¶ 4). Fubo would suffer no prejudice if it had to wait before discovery commenced, while Defendants would be greatly prejudiced if they are dragged into a massive, disruptive and costly discovery campaign on the basis of a plainly deficient Complaint.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Margaret M. Garnett
April 9, 2024
Page 3

      Nor can Fubo credibly claim any real urgency on its motion for preliminary injunction, particularly since **it delayed more than two months** seeking such relief.  Waiting a short period to determine whether there is any need to embark on such a costly proceeding would likewise not prejudice Fubo.  Indeed, Fubo's lack of urgency seems well justified, given that Fubo has long-term agreements, extending well into the next year, for the continued licensing of sports content from both Disney and Fox at current prices (*see* Compl. ¶¶ 70, 77, 82).  And the launch of the joint venture will not merge any entities or otherwise create any irreversible change in the status quo.  Thus, contrary to Fubo's invocation of decisions involving imminent mergers, in this case "'unscrambling'—restoration to pre-transaction positions—is not necessary to remedy any harm if Plaintiff succeeds on its claims."  *Solus Alternative Asset Mgmt. LP v. GSO Cap. Partners L.P.*, No. 18-CV-232 (LTS), 2018 WL 620490, at *6 (S.D.N.Y. Jan. 29, 2018).

      Defendants' CMO proposes a more efficient and logical approach.  Rather than prematurely opening the door to the "potentially enormous expense of discovery," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007), the Court should first adjudicate Defendants' motions to dismiss while staying all discovery, including PI-related discovery.  Defendants file their motions concurrently with this letter, and those motions explain why Fubo's Complaint should be dismissed in its entirety.

      Should the Court instead decide to proceed with the preliminary injunction proceeding *before* resolution of the motions to dismiss, then the appropriate course would be for the parties to conduct limited discovery related solely to the preliminary injunction motion, while otherwise staying merits discovery until motions to dismiss are resolved.  Defendants have to date declined to discuss with Fubo specific dates for such discovery because Defendants could not reasonably do so before Fubo filed its motion for preliminary injunction.  Nonetheless, Defendants have laid out in the CMO the reasonable principles they believe should guide any discovery in connection with Fubo's preliminary injunction motion, and Defendants will be ready to meet and confer on the schedule with Fubo and be prepared to discuss these issues more concretely at the upcoming conference, once they have had sufficient time to review and assess Fubo's filings of yesterday.

## II.  Contemplated Motions

      **Fubo**:  Fubo filed a motion for preliminary injunction challenging the joint venture as a violation of Section 7 of the Clayton Act and Section 1 of the Sherman Act (Doc. 94).

      **Defendants**:  Today, April 9, Defendants are filing motions to dismiss, along with a motion to stay discovery pending resolution of their motion to dismiss, which may well dispose of this case entirely.

## III.  Prospects for Settlement
The parties have discussed settlement but have been unable to reach a settlement.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Margaret M. Garnett
April 9, 2024
Page 4

Counsel for the Parties:

Mark C. Hansen (admitted *pro hac vice*)
Evan T. Leo (admitted *pro hac vice*)
Kevin J. Miller (admitted *pro hac vice*)
Joseph S. Hall (SDNY Bar No. JH2612)
Thomas G. Schultz (admitted *pro hac vice*)
Joshua Hafenbrack (admitted *pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
Tel.:  (202) 326-7900
Fax:  (202) 326-7999
Email:  mhansen@kellogghansen.com
        eleo@kellogghansen.com
        kmiller@kellogghansen.com
        jhall@kellogghansen.com
        tschultz@kellogghansen.com
        jhafenbrack@kellogghansen.com

*Counsel for Plaintiffs fuboTV Inc. and fuboTV Media Inc.*

Antony L. Ryan
J. Wesley Earnhardt
Yonatan Even
Michael P. Addis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Fax:  (212) 474-3000
aryan@cravath.com
wearnhardt@cravath.com
yeven@cravath.com
maddis@cravath

*Counsel for Defendants The Walt Disney Company, ESPN, Inc., ESPN Enterprises, Inc. and Hulu, LLC*

Andrew J. Levander
Steven E. Bizar
Steven A. Engel
Michael H. McGinley (admitted *pro hac vice*)
Erica Fruiterman (admitted *pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036
Telephone: (212) 698-3500
andrew.levander@dechert.com
steven.bizar@dechert.com
steven.engel@dechert.com
michael.mcGinley@dechert.com
erica.fruiterman@dechert.com

*Counsel for Defendant Fox Corporation*

David L. Yohai
Adam C. Hemlock

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Margaret M. Garnett
April 9, 2024
Page 5

        Theodore E. Tsekerides
        Robert W. Taylor
        Elaina K. Aquila
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007
        david.yohai@weil.com
        adam.hemlock@weil.com
        theodore.tsekerides@weil.com

        *Counsel for Warner Bros. Discovery, Inc.*

Cc:    All Counsel of Record (via CM/ECF)