# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FUBOTV INC. and FUBOTV MEDIA INC.,

                        *Plaintiffs*,

  -against-

THE WALT DISNEY COMPANY, ESPN, INC., ESPN ENTERPRISES, INC., HULU, LLC, FOX CORPORATION, and WARNER BROS. DISCOVERY, INC.,

                        *Defendants*.

Civil Action No.  24-cv-1363-MMG-JW

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. **Referral to Magistrate Judge**

    a. The parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. **Conference of the Parties**

    a. The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

3. **Settlement/Alternative Dispute Resolution**

    a. Settlement discussions have taken place, but the parties have not been able to reach a settlement at this time.

    b. Counsel for all parties believes the following alternative disputes resolution mechanisms may be helpful in resolving this case (*check all that apply*):

        ☐ Immediate referral to the District's Mediation Program

        ☐ Immediate referral to a Magistrate Judge for settlement conference

        ☐ Referral to the District's Mediation Program after the close of fact discovery

        X Referral to a Magistrate Judge for settlement conference after the close of fact discovery

        ☐ Retention of a private mediator

        ☐ Other mechanism or date (*e.g.*, "after plaintiff deposition"):

    c. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

4. **Amendment of Pleadings and Joint Additional Parties**

    a. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules & Practices ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

5.   **Discovery**

    a.   **Preliminary Injunction**

        i.   **Fubo's Position**

           a.   Fubo proposes the following protocol and schedule for discovery and a hearing in connection with Fubo's motion for preliminary injunction (Doc. 94):

           b.   All fact discovery related to Fubo's motion for preliminary injunction shall be completed no later than June 7, 2024.

           c.   Each party[1] will be permitted to serve up to 20 requests for production of documents on each other party under Federal Rule of Civil Procedure 34. Such requests for production shall be served by April 22, 2024. Objections and responses shall be served by April 29, 2024. The parties shall substantially complete productions of documents responsive to these requests for production by May 20, 2024.

           d.   Each party will be permitted to serve up to 5 interrogatories on each other party under Federal Rule of Civil Procedure 33. Such interrogatories shall be served by April 22, 2024. Objections and responses shall be served by April 29, 2024.

           e.   Each party will be permitted to serve up to 5 requests for admission on each other party under Federal Rule of Civil Procedure 36. Such requests shall be served by April 22, 2024. Objections and responses shall be served by April 29, 2024.

           f.   Each party will be permitted to take up to 5 depositions of each other party or that party's employees under Federal Rules of Civil Procedure 30 and 31. Such depositions shall be completed no later than June 7, 2024.

           g.   Each party will be permitted serve non-party subpoenas pursuant to Federal Rule of Civil Procedure 45. All discovery related to such subpoenas shall be completed no later than June 7, 2024.

           h.   Any party who wishes to present expert testimony at the preliminary injunction hearing shall serve expert disclosures

---

[1] For purposes of this protocol, Plaintiffs fuboTV Inc. and fuboTV Media Inc. will be treated as a single party, and Defendants The Walt Disney Company, ESPN Inc., ESPN Enterprises Inc., and Hulu, LLC will be treated as a single party.

                compliant with Rule 26(a)(2) by May 31, 2024.  Expert depositions shall be completed by June 7, 2024.

        i.        The Court may modify these deadlines or grant additional discovery on a motion by any party for good cause shown.

        j.        Unless the Court orders otherwise for good cause shown, the parties shall be ready for the preliminary injunction hearing during the week of June 10, 2024.

        k.        Fubo's best estimate of the length of trial is 3 days for the preliminary injunction hearing.

        l.        The schedule applicable to Fubo's preliminary injunction is set forth below:

| Event | Date |
|---|---|
| Discovery Commences | April 22, 2024 |
| Defendants' Response to Plaintiffs' Motion for Preliminary Injunction | April 22, 2024 |
| Deadline to Serve Written Discovery to Parties | April 22, 2024 |
| Deadline to Serve Responses and Objections to Written Discovery to Parties | April 29, 2024 |
| Plaintiffs' Reply in Support of Motion for Preliminary Injunction | April 29, 2024 |
| Parties Serve Preliminary Fact Witness Lists | May 15, 2024 |
| Deadline for Substantial Completion of Production of Documents | May 20, 2024 |
| Parties to Serve Expert Disclosures | May 31, 2024 |
| Close of Discovery | June 7, 2024 |
| File and Exchange of Final Fact Witness Lists | June 7, 2024 |
| File and Exchange of Exhibit Lists | June 7, 2024 |
| First Day of Preliminary Injunction Hearing | June 10, 2024 |
| Post-Hearing Proposed Findings of Fact and Conclusions of Law | To be determined by the Court |

      ii.        **Defendants' Position**

        a.        As explained in their Motion to Stay Discovery, Defendants believe that the resolution of their respective motions to dismiss should be the first order of business, since the dismissal of the Complaint would avoid the disruption and expense of antitrust discovery while conserving judicial resources.  *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (recognizing that courts should first review the allegations in antitrust cases before

|   |   |   |
|---|---|---|
|   |   | opening the door to the "potentially enormous expense of discovery"). |
|   | b. | Regardless, Fubo's proposal is grossly imbalanced and appears to be designed to give Fubo a tactical advantage. There is no justification for Fubo to take months to prepare its case and delay filing a preliminary injunction motion (with no explanation for the delay) and then demand that Defendants respond to Fubo's claims on the merits on a highly expedited basis. |
|   | c. | On February 6, 2024, Defendants announced their intent to launch their JV in six months. Fubo filed its complaint with the Court two weeks later, on February 20, 2024. That same day, Fubo announced its Complaint to the press and investors.[2] Fubo served Defendants with the unredacted Complaint on February 27. |
|   | d. | Fubo waited, however, to file its purported "emergency" motion for interim relief until the afternoon on April 8, more than two months after Defendants announced the proposed JV and almost two months after it filed its own complaint. |
|   | e. | Fubo apparently used that time to draft elaborate discovery requests, retain experts and prepare expert reports, and design a massively intrusive and burdensome fishing expedition, all before filing its preliminary injunction motion. And although Fubo has now filed nine declarations, including two lengthy expert declarations, in support of this motion, Fubo also asks this Court to order Defendants to respond to that motion within two weeks, and to grant it permission to serve Defendants with months' worth of offensive discovery and to order Defendants to respond to those requests within one week. Fubo's demands are patently excessive, and its effort at one-sided litigation-by-surprise should be rejected. |
|   | f. | Fubo's delay is one factor among several that justifies deferring the resolution of Fubo's motion for preliminary injunction until this Court resolves Defendants' motions to dismiss, since those motions may moot the entire exercise, saving both judicial resources and the cost and disruption of massive discovery on a |

---

[2] *See Fubo Sues The Walt Disney Company, FOX Corp., Warner Bros. Discovery and Affiliates for Antitrust Practices*, Fubo (Feb. 20, 2024), https://ir.fubo.tv/news/news-details/2024/Fubo-Sues-The-Walt-Disney-Company-FOX-Corp.-Warner-Bros.-Discovery-and-Affiliates-for-Antitrust-Practices/default.aspx; Isabella Simonetti, *FuboTV Sues To Block ESPN, Warner and Fox Sports-Streaming Service*, The Wall Street Journal (Feb. 20, 2024), https://www.wsj.com/business/media/fubotv-sues-to-block-espn-warner-and-fox-sports-streaming-service-b117e173 ("The suit wasn't immediately publicly available, but a copy of it was viewed by The Wall Street Journal.").

motion predicated on insufficient pleadings. Defendants further elaborate on this position in their Motion to Stay Discovery.

g. But even if the Court were to allow the preliminary injunction motion to move forward during the pendency of Defendants' motions to dismiss and permit some discovery therewith, it would be premature for the Court to set a discovery schedule before the Parties have had a chance to meet and confer regarding the timing and scope of any appropriate discovery that might be necessary solely in connection with that preliminary injunction motion.

h. What is already clear, however, is that Fubo's current proposed schedule is entirely unrealistic and over the top. Fubo chose to delay its motion for over two months, and Fubo should not be allowed to force Defendants to cram many months' worth of discovery into a few weeks, even assuming any discovery in connection with that motion is appropriate. Fubo seeks at least 15 depositions of Defendants, in addition to the at least seven depositions Defendants would need to take of Fubo's declarants for a total of 22 fact depositions, before experts and before YouTube or any other third parties, which would be extremely burdensome and unreasonable considering the timing of a 3-day hearing.

i. Defendants are willing to work with the Court and Fubo to craft a reasonable schedule. Specifically, any realistic plan for hearing the preliminary injunction should adhere to the following principles:

   i. Fact discovery should be limited to narrow document discovery, to allow for substantial completion of productions by early to mid-June, with a small number of fact depositions to follow.

   ii. The Parties should not engage in any additional written discovery (such as interrogatories or requests for admissions) given time constraints.

   iii. Defendants' expert(s) should be allowed no less than 30 days following the close of fact discovery or the filing of revised expert declarations by Fubo (whichever is later) to respond to Fubo's experts' declarations, which Fubo has been working on for months.

   iv. Any hearing for a preliminary injunction should not take place before late July or early August, which would still

5

        predate the anticipated launch of the JV and allow the Court to decide the motion before that launch.

    v.    While Defendants have not had the opportunity to closely review Fubo's motion and its supporting materials, Defendants do not expect any evidentiary hearing to last more than two days.

b. **Remaining Fact Discovery**

    i.    **Fubo's Position**

        a.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, as modified by the proposed schedule above.

        b.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order.

        c.    Fubo anticipates significant e-discovery.

        d.    All fact discovery related to Fubo's motion for preliminary injunction shall be completed no later than June 7, 2024; all other fact discovery shall be completed no later than August 19, 2024.

        e.    Requests for production of documents related to Fubo's motion for preliminary injunction shall be served by April 22, 2024; all other initial requests for production shall be served by May 16, 2024. For requests for production related to the preliminary injunction, the parties shall serve any objections to requests for production of documents no later than seven (7) calendar days after the date of service, and within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.

        f.    The parties shall substantially complete document productions in response to requests for production related to Fubo's motion for preliminary injunction by May 20, 2024; the parties shall substantially complete document productions in response to other initial requests for production by June 15, 2024.

        g.    Interrogatories under Fed. R. Civ. P. 33 related to Fubo's motion for preliminary injunction shall be served by April 22, 2024; other interrogatories shall be served by May 16, 2024. For interrogatories related to the preliminary injunction, the parties shall serve objections and responses to interrogatories no later than seven (7) calendar days after the date of service, and within three

        (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.

        i.     Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by April 22, 2024. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

        ii.    Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

h.    Depositions pursuant to Fed. R. Civ. P. 30 and 31 related to Fubo's motion for preliminary injunction shall be completed no later than June 7, 2024; all other depositions shall be completed no later than August 19, 2024. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

i.     Requests to admit related to Fubo's motion for preliminary injunction shall be served no later than April 22, 2024; all other requests to admit shall be served no later than May 16, 2024. For requests to admit related to the preliminary injunction, the parties shall serve objections and responses the requests to admit no later than seven (7) calendar days after the date of service, and within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.

j.     The interim deadlines in Paragraphs 5(f)-5(j) may be extended by the written consent of all parties without application to the Court, provided that fact discovery is completed by the date provided in Paragraph 5(e).

ii.   **Defendants' Position**

    a.    Defendants' position is that it is premature to set deadlines for fact discovery before the Court decides Defendants' motions to dismiss, since that resolution could negate the need for such discovery altogether or, at least, meaningfully alter the scope of any remaining claims.

    b.    Moreover, should Fubo's Complaint survive Defendants' motions to dismiss (which it should not), Defendants strongly object to the

7

|   |   |
|---|---|
|   | rushed discovery process reflected in Fubo's proposal.  Fubo has filed a 72-page (322-paragraph) complaint raising fourteen separate antitrust claims against six defendants and attacking core tenets of Defendants' respective business models, many of which Fubo alleges Defendants have been employing "[f]or decades" (Compl. ¶ 4).  On April 8, Fubo served a preliminary injunction supported by nine declarations, including lengthy expert declarations, to which Defendants must respond.  Fubo has filed over 220 pages of briefing and declarations, including almost 130 pages of expert declarations; given the scope of Fubo's preliminary injunction motion filing, Defendants need more than 60 days to complete discovery related to the multiple declarants Fubo has offered, including from third-party witnesses. |
| c. | Given the sheer breadth of Fubo's allegations, Fubo's proposal to conduct fact and expert discovery in advance of a three-day hearing in less than two months, and then subsequently to complete the remainder of all fact and expert discovery in 60 days thereafter (by August 19) is infeasible, unrealistic, and unnecessary.  If the preliminary injunction process were to move forward, it should be narrowed in scope and extended in time, with an eye towards a hearing of no more than two days scheduled in August. |
| d. | In addition, Defendants would expect full merits fact discovery to take 12 to 18 months from when discovery ultimately commences, commensurate with the discovery period in other complex antitrust cases.  *See, e.g.*, *Cablevision Sys. Corp. v. Viacom Int'l Inc.*, No. 13-CV-1278-LTS-JLC, ECF No. 57 (Swain, J.) (more than 17 months for fact discovery and an additional 5 months for expert discovery, totaling 22 months, in a case alleging unlawful tying); *Xinuous Inc. v. Int'l Bus. Machs. Corp.*, No. 22-CV-09777-CS-VR, ECF No. 150 (Reznik, J.) (13 months for fact discovery and 16 months for expert discovery in case bringing Section 1, Section 2 and Section 7 claims involving an alleged conspiracy to box out competition in server operating system software).[3]  As the scheduling orders in those other cases reveal, Fubo's proposed schedule is entirely unworkable—the discovery the parties could |

---

[3] Likewise, in a pending case involving substantially similar allegations and claims brought only against Disney, the plaintiffs submitted a proposed schedule earlier this year with a May 16, 2025 fact-discovery deadline and a September 26, 2025 expert discovery deadline, which, under the plaintiffs' proposal, would give the parties close to two years to complete discovery from the time the parties filed the joint case management statement.  *See Biddle et al. v. The Walt Disney Company*, No. 5:22-cv-7317-EJD, ECF No. 76 (N.D. Cal.).

8

    conduct in four months would be woefully inadequate to litigate this case on the merits.

  e. Pursuant to Rule 26(a)(1)(C), Defendants object to the provision of initial disclosures in this matter at this time given Defendants' forthcoming motions to dismiss the complaint and stay discovery.

  f. The parties are to conduct discovery, if and when appropriate, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

  g. Defendants anticipate significant e-discovery to the extent Fubo's claims survive Defendants' motions to dismiss.

iii. **Parties' Joint Position**

  a. The parties do not anticipate that this case will involve the production of any records protected by HIPAA, and so do not anticipate the need for the plaintiff to provide HIPAA-compliant medical records release authorizations to the defendants.

  b. The parties are to discuss, if and as appropriate, provisions for the disclosure, discovery, or preservation of electronically stored information ("ESI"). Any agreement reached between the parties concerning ESI is to be filed within 30 days from the date of this Order.

  c. The parties should not anticipate extensions of the deadlines for fact discovery. Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension. If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF. Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

  **d.** Any discovery disputes must be handled in accordance with the Court's Individual Rule II(A)(6). **Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.**

   e. Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person or by videoconference to agree upon a joint plan for meeting the discovery deadlines.

**6.** **Settlement Discussions**

 a. All counsel must meet in person or by videoconference for at least one hour to discuss settlement within 14 days following the close of fact discovery, **except** in cases brought as putative collective actions under the Fair Labor Standards Act, in which case counsel must meet to discuss settlement within 14 days following the close of the opt-in period.

**7.** **Motions and Post-Fact Discovery Conference**

 a. All motions and applications shall be governed by the Court's Individual Rules, including the requirement of a pre-motion conference before a motion for summary judgment is filed. (*See* Individual Rule II(B)(9).) Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing no later than 14 days after the date set by the Court for the close of fact discovery (in Paragraph 5 above), as set forth more fully in the Court's Individual Rules.

 b. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case. Notwithstanding this general prohibition, if a party wishes to move for summary judgment in a non-jury case, that party should so indicate in the letter referenced in Paragraph 7(a).

 c. If no party submits a letter requesting a pre-motion conference on summary judgment within the relevant deadline, the parties shall submit a joint status letter no later than seven days after the deadline for a summary judgment letter has passed. The joint status letter should contain:

  i. a brief description of any outstanding motions or requests for relief;

  ii. a brief description of the status of discovery and of any additional discovery that needs to be completed, including the parties' current assessment of the need for expert discovery and a description of the nature of such discovery;

  iii. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

  iv. a list of all prior settlement discussions, including the date, the parties involved, whether any third party (*e.g.*, Magistrate Judge, mediator, etc.) was involved, and the approximate duration of such discussions, if any;

        v.      a statement of whether or how the Court could facilitate settlement of the case (for example, through a(nother) settlement conference before the assigned Magistrate Judge or as part of the Court's Mediation Program);

        vi.      a statement of the anticipated length of trial and whether the case is to be tried to a jury;

        vii.      a statement of whether any party anticipates filing a motion to exclude expert testimony;

        viii.      any other issue that the parties would like to address at the conference; and

        ix.      any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

    d.    A conference regarding either submitted summary judgment letters or the joint status letter will be held on _____ in Courtroom 906 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

**8.**     **Expert Discovery**

    a.    **Fubo's Position**

        i.      All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than June 7, 2024 for the preliminary injunction; and by August 19, 2024 for the remainder of the case.

        ii.      Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make disclosures required by Fed. R. Civ. P. 26(a)(2) by May 31, 2024 for the preliminary injunction and July 9, 2024 for the remainder of the case. Every party-opponent of such claim that intends to offer expert testimony in opposition to expert testimony disclosed on the July 9, 2024 deadline must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by July 24, 2024. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but

11

        such depositions must occur within the time limit for expert discovery set forth above.

    iii.    The interim deadlines in Paragraph 8(a)(ii) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date provided in Paragraph 8(a()ii)).

    iv.    In the event that there is expert discovery, prior to the date in Paragraph 7(d) (*i.e.*, the post-fact discovery conference), the parties shall meet and confer on a detailed schedule for expert disclosures, including reports (including rebuttal reports, if applicable), production of underlying documents, and depositions, provided that (1) expert report(s) of the party with the burden of proof shall be due before those of the opposing part's expert(s); and (2) all expert discovery shall be completed by the date set forth in Paragraph 8(a).

b.    **Defendants' Position**

    i.    It is premature to set deadlines for expert discovery before the Court decides Defendants' pending motions to dismiss, since that resolution could negate the need for such discovery altogether or, at least, meaningfully alter the scope of any remaining claims. After this Court resolves Defendants' motions to dismiss, to the extent any claims survive, the parties should meet and confer in good faith to discuss deadlines for expert discovery relevant to any of Fubo's claims that remain pending at that time.

    ii.    Should Fubo's complaint survive the motions to dismiss (which it should not), Defendants would object to the expert discovery schedule proposed by Fubo because it is unworkable. Based on the number and length of the declarations Fubo filed in support of its preliminary injunction, Fubo has apparently been working with experts for months. Through that work, Fubo has devised a Complaint that alleges no fewer than seven different product markets and a slew of alleged vertical and horizontal agreements among the six Defendants, between the Defendants and Fubo, and between the Defendants and third parties. Yet Fubo now proposes that Fubo will have three *additional* months to produce expert reports, at which point Defendants would have *two weeks* to serve their rebuttal reports. This is not a balanced or fair proposal for an expert discovery schedule.

    iii.    Nor is Fubo's proposal to shoehorn expert discovery into a three-month period that begins and ends *before* the completion of fact discovery tenable or appropriate. Expert discovery should be set, as is typically done in complex antitrust cases, for after the completion of fact discovery.

    iv.    Defendants expect that any merits expert discovery in this case will commence 30 days or more after the end of fact discovery, will involve

12

    simultaneous exchanges of opening and rebuttal reports, and will take 4 to 6 months (or some other longer period the parties can agree on) to complete, commensurate with the typical expert discovery schedule in similarly sized antitrust cases as discussed above in Paragraph 5(b)(ii)(d).

   v. As noted above, Defendants have moved to dismiss the Complaint and to stay discovery pending resolution of the motion to dismiss. Defendants believe that it is premature to set deadlines for expert discovery or identify potentially relevant expert testimony, before the contours of surviving claims (if any) have been determined.

 c. Anticipated types of experts:

   i. Industrial Economics

   ii. Television programming industry

   iii. Television distribution industry

   iv. Damages

9. **Motions to Exclude Evidence**

 a. Any motion to exclude the testimony of experts pursuant to F.R.E. 702 to 705 and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases is to be filed within 30 days of the close of expert discovery. Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

 b. Motions *in limine* shall be filed within 30 days of the close of expert discovery. Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party.

10. **Final Pretrial Submission**

 a. The Final Pretrial Submission will be scheduled by the Court for a time following the close of fact and expert, if any, discovery. By this deadline, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3).

 b. If this action is to be tried before a jury, joint proposed *voir dire*, joint case-specific requests to charge, and a joint verdict sheet shall be filed at least two weeks prior to trial, unless otherwise ordered by the Court, following the instructions in the Court's Individual Rules. If the action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed by the Final

        Pretrial Submission deadline, unless otherwise ordered by the Court, and in accordance with the Court's Individual Rules.

    c.    Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 30 days after the Final Pretrial Submission deadline.

**11.**    **Trial**

    a.    The case is to be tried to a jury.

    b.    Fubo's best estimate of the length of trial is 3 days for the preliminary injunction hearing and 15 days for trial.

    c.    Defendants expect that any preliminary injunction hearing, if needed, should not take more than two days.

    d.    Defendants' position is that it would be premature to determine the date for or length of any trial on the merits in this case, and that any such determination, if necessary, should be made after the Court resolved Defendants' motions to dismiss and the scope of any surviving claims is made clear.

**12.**    **Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.**

    a.    **Production of Protected Material:** Pursuant to Federal Rule of Evidence 502(d), the production or disclosure in this litigation of any documents and accompanying metadata ("Protected Material") protected from discovery, including under the attorney-client privilege, work product doctrine, opinion work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, deliberative process privilege, or any other immunity from discovery (collectively "privilege or protection"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Material as to the receiving party or any third parties in this or in any other state or federal proceeding solely by virtue of such production or disclosure. This CMO provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Material. Nothing contained herein requires the production of Protected Material.

    b.    **Confidential Information:** The parties agree that a protective order is necessary to safeguard confidential and competitively sensitive information of each party and non-parties. The parties intend to jointly propose a protective order, based on the Model Protective Order from the Court's website, to be entered in this case.

    c.    **Electronically Stored Information:** The parties agree to meet and confer on a stipulated proposed order governing the preservation and production of electronically stored information.

Counsel for the Parties:

| | |
|---|---|
| Mark C. Hansen (admitted *pro hac vice*)<br>Evan T. Leo (admitted *pro hac vice*)<br>Kevin J. Miller (admitted *pro hac vice*)<br>Joseph S. Hall (SDNY Bar No. JH2612)<br>Thomas G. Schultz (admitted *pro hac vice*)<br>Joshua Hafenbrack (admitted *pro hac vice*)<br>KELLOGG, HANSEN, TODD, FIGEL<br>  & FREDERICK, P.L.L.C.<br>1615 M Street NW<br>Suite 400<br>Washington, DC 20036<br>Tel.:  (202) 326-7900<br>Fax:  (202) 326-7999<br>Email:   mhansen@kellogghansen.com<br>           eleo@kellogghansen.com<br>           kmiller@kellogghansen.com<br>           jhall@kellogghansen.com<br>           tschultz@kellogghansen.com<br>           jhafenbrack@kellogghansen.com<br><br>*Counsel for Plaintiffs fuboTV Inc. and fuboTV Media Inc.* | Antony L. Ryan<br>J. Wesley Earnhardt<br>Yonatan Even<br>Michael P. Addis<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone:  (212) 474-1000<br>Fax:  (212) 474-3000<br>aryan@cravath.com<br>wearnhardt@cravath.com<br>yeven@cravath.com<br>maddis@cravath<br><br>*Counsel for Defendants The Walt Disney Company, ESPN, Inc., ESPN Enterprises, Inc. and Hulu, LLC*<br><br>Andrew J. Levander<br>Steven E. Bizar<br>Steven A. Engel<br>Michael H. McGinley (admitted *pro hac vice*)<br>Erica Fruiterman (admitted *pro hac vice*)<br>DECHERT LLP<br>1095 Avenue of the Americas<br>New York, NY  10036<br>Telephone: (212) 698-3500<br>andrew.levander@dechert.com<br>steven.bizar@dechert.com<br>steven.engel@dechert.com<br>michael.mcGinley@dechert.com<br>erica.fruiterman@dechert.com<br><br>*Counsel for Defendant Fox Corporation*<br><br>David L. Yohai<br>Adam C. Hemlock<br>Theodore E. Tsekerides<br>Robert W. Taylor<br>Elaina K. Aquila<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153 |

Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
david.yohai@weil.com
adam.hemlock@weil.com
theodore.tsekerides@weil.com

*Counsel for Warner Bros. Discovery, Inc.*

**SO ORDERED.**

**Date:** _____
       **New York, New York**　　　　　**MARGARET M. GARNETT**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**