# CRAVATH

J. Wesley Earnhardt
wearnhardt@cravath.com
T+1-212-474-1138
New York

April 9, 2024

**Re:**    *FuboTV Inc. et al. v. The Walt Disney Company et al.*, No. 24-cv-01363

Your Honor:

Pursuant to Rule I.D.3 of Your Honor's Individual Rules and Practices, Defendants The Walt Disney Company, ESPN, Inc., ESPN Enterprises, Inc. and Hulu, LLC (the "Disney Defendants" or "Disney") in the above-captioned matter respectfully request leave to file under seal (i) portions of the Memorandum of Law in Support of the Disney's Motion to Dismiss (the "Motion to Dismiss"); (ii) portions of the Declaration of J. Wesley Earnhardt in Support of the Disney Defendants' Motion to Dismiss (the "Earnhardt Declaration"); (iii) a true and complete copy of a July 30, 2023 agreement between fuboTV Media Inc. ("Fubo") and certain Disney affiliates appended to the Earnhardt Declaration as Exhibit 2 ("Exhibit 2"); (iv) portions of the Request for Judicial Notice in Support of the Disney Defendants' Motion to Dismiss the Complaint (the "Request for Judicial Notice"); and (v) portions of Defendants' Letter Motion to Stay Discovery ("Motion to Stay").  Consistent with Your Honor's Individual Rule I.D.3.iii, the above mentioned documents have been contemporaneously filed under seal on ECF as "Attorneys' Eyes Only" and electronically related to this letter-motion.

*First*, the parties have met and conferred in good faith about the Exhibit 2 to be filed under seal and the bases for such designation.  Counsel for Disney, Defendant Fox Corporation and Defendant Warner Bros. Discovery, Inc., met and conferred with counsel for Fubo on April 9, 2024, during which Fubo's counsel consented to Disney filing Exhibit 2 under seal.

Sealing of Exhibit 2 is appropriate in light of the presumption of public access to judicial documents.  The Second Circuit has held that "notwithstanding the presumption of [public] access under both the common law and the First Amendment", filed documents may be kept under seal if "sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim".  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  Exhibit 2 is a confidential business agreement that concerns Fubo and Disney's agreement to license video content.  When the disclosure of "confidential business terms", such as those detailed in Exhibit 2, would result in "competitive harm" to a party, such as a "disadvantage . . . in future . . . negotiations with third parties", this Court has agreed to seal such documents.  *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y Aug. 4, 2021).  Exhibit 2 contains sensitive terms that affect the Parties' ongoing relationship and should therefore remain confidential between the Parties.  *See PDV Sweeny, Inc. v. ConocoPhillips Co.*, 2014 WL 4979316 at *2 (S.D.N.Y. Oct. 6, 2014) (applying *Lugosh* standard

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

to conclude that sealing of documents concerning the parties' "ongoing commercial relationship" to supply materials was appropriate "on the basis of their containing sensitive commercial information affecting the parties' ongoing relationship"). An order from this Court to seal Exhibit 2 would be narrowly tailored to prevent potential competitive harms from the disclosure of the Disney Defendants' and Fubo's confidential business terms and to protect the ongoing commercial relationship between those parties. For the same reasons, the Disney Defendants respectfully request the Court order the portions of the Motion to Dismiss, Earnhardt Declaration and Request for Judicial Notice sealed that quote or reference Exhibit 2 and its confidential terms.

*Second*, the Disney Defendants request this Court order sealed portions of the Motion to Dismiss and Motion to Stay that quote or otherwise include information in Fubo's complaint that was previously ordered sealed. *See fuboTV, et al v. The Walt Disney Company, et al.*, No. 1:24-mc-00070 (S.D.N.Y. filed Feb. 20, 2024). It is necessary that such information, which includes pricing information and other terms in the Parties' carriage agreements, continued to be sealed to "protect proprietary and commercially sensitive information". *See Optima Media Grp. Ltd. v. Bloomberg L.P.*, 2018 WL 158074, at *8 (S.D.N.Y. Mar. 28, 2018).

For all the reasons discussed above, the Disney Defendants respectfully request that their letter-motion be granted to seal (i) portions of the Motion to Dismiss, (iii) portions of the Earnhardt Declaration, (iii) Exhibit 2 in its entirety, (iv) portions of the Request for Judicial Notice, and (v) portions of the Motion to Stay.

Respectfully yours,

*/s/ J. Wesley Earnhardt*
J. Wesley Earnhardt

Honorable Margaret M. Garnett
    United Stated District Court for the Southern District of New York
        Thurgood Marshall United States Courthouse
            40 Foley Square
                New York, NY 1007

cc: All counsel of record

(VIA ECF)