April 19, 2024

*Via CM/ECF*

The Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    *fuboTV Inc., et al. v. The Walt Disney Company, et al.*, No. 24-cv-1363

Dear Judge Garnett:

      The parties respectfully submit this joint letter regarding the discovery and prehearing schedule for Fubo's pending Motion for Preliminary Injunction (Doc. 94), with their respective positions set forth in Exhibit A (attached hereto).

## I. Fubo's Position

      **Hearing Date.** Defendants now admit that they will seek to offer their combination to subscribers as early as "late August"—not "fall" as previously disclosed—before the NFL season begins on September 7 (and perhaps before the college football season that begins on August 24). Fubo respectfully requests that the Court schedule the hearing for July 22, which will provide time for the Court to consider the evidence and issue a decision that will allow the parties to adjust their business plans to account for that ruling.

      While Fubo is already taking steps to mitigate the impact of the combination's potential launch, Fubo will not be able to finalize its business plans until the Court renders a decision. Fubo spends millions of dollars in August marketing to consumers, which may need to be repurposed or redirected depending on the Court's decision. If the Court grants the injunction, the parties will need time to make alternative plans, including with respect to marketing and licensing, in advance of football season. If the Court denies the injunction, Fubo will likewise need to adjust its marketing and licensing plans to reposition itself in a market that will be fundamentally changed by the introduction of an exclusive skinny sports bundle. And if the Court allows Defendants to proceed with the JV launch with conditions, such as granting Fubo access to unbundled sports, Fubo will need time to create and market that bundle. Defendants have agreed to interim deadlines that would precede a July 22 hearing date (Exhibit A).

      Defendants have no good reason for insisting on delay until August 7-9. Defendants originally maintained that a hearing *could* take place in "late July" (Doc. 123-1 at 7). They now claim "availability issues" with a hearing that is three months away. But they have been unwilling to say who is unavailable and why, only vaguely referencing for the first time in this letter vacation plans and one attorney's asserted need to prepare for a 10-day trial that begins July 29 (and would therefore make that same attorney unavailable for Defendants' proposed

The Honorable Margaret M. Garnett
April 19, 2024
Page 2

August 7 hearing).  Defendants and their counsel have vast resources and presumably the ability to arrange or rearrange schedules of counsel and witnesses to permit attendance at any hearing ordered by the Court.  Their opaque claims of inconvenience are not a sufficient reason to put the Court in the position of having to rule only a few days after the hearing, and no good reason to deny the parties a fair opportunity to incorporate any decision into their plans.

   **Party Depositions.**  Fubo proposes that each party be permitted to take up to five depositions of each other party.  Defendants cannot credibly contend that such depositions cannot be conducted within the time provided in either side's proposed schedule.  Such depositions will be necessary for resolution of disputed facts.  Fubo will determine which party witnesses to depose after it has received and reviewed relevant documents from Defendants.  There is also a need for third-party depositions, which Defendants have not opposed.

   Defendants will not agree to depositions of party witnesses identified based on relevant documents.  They seek instead to limit party depositions to the witnesses they will call at trial.  That is, only chosen employees who will sing from their songbook will give testimony, and not the employees who wrote revealing documents or otherwise have important information.  Defendants should not be permitted to deny Fubo the opportunity to depose important witnesses.  If there is a dispute over a particular deponent, the Court can resolve it as needed.

   **Interrogatories.**  Fubo proposes that each party be permitted to serve five interrogatories on each other party.  Interrogatories can be of great assistance in identifying relevant witnesses and information, narrowing issues, or otherwise assisting in the preparation for the hearing.  Defendants have articulated no reasoned basis for preventing this potentially useful discovery.

**II.  Defendants' Position**

   Defendants respectfully request that the Court schedule the hearing on Fubo's Motion for a Preliminary Injunction for August 7.  Defendant witnesses and counsel have insurmountable conflicts during the week of July 22.  Fubo, which delayed filing the Motion for two months, insists on July 22, but identifies no conflicts with or real prejudice from starting just two weeks later.

   ***First***, August 7 works for all parties but July 22 does not.  Both Fox and WBD have key witnesses who are not available the week of July 22.  Fox's witness has a long-scheduled family vacation from July 22 through August 2.  WBD's witness will be out of the country on July 22 and will be returning during that week.  In addition, both of Fox's lead counsel, Mr. Levander and Mr. Bizar, are unavailable the week of July 22:  Mr. Levander has a long-scheduled family vacation for that week and Mr. Bizar will be in California preparing for an anticipated 10-day jury trial that commences on July 29.  *See Pac. Steel Grp. v. Comm. Metals Co.*, 20-cv-07683 (N.D. Cal.).

   ***Second***, August 7 will not prejudice Fubo.  During the April 16 conference, the Court offered August 7 as a possible hearing date after Defendants explained that the Joint Venture

The Honorable Margaret M. Garnett
April 19, 2024
Page 3

("JV") could launch in late August. (*See* Apr. 16 Hearing Tr. 13:8-10, 17:7-10.) Given that commencing on August 7 would afford sufficient time for the Court to render a thoughtful decision prior to launch of the JV (*id.* 16:11-21), Fubo cannot complain that the hearing will be too close to the potential launch. In addition, the two extra weeks will substantially reduce the prejudice to Defendants of the already-compressed timeline, which will require document productions, fact depositions, expert reports and depositions, and significant briefing, all in advance of the hearing. *See* Dkt. 137.

**Third**, Fubo bears significant responsibility for any time pressure and should not benefit from its own delay. Defendants announced the JV on February 6. *See* Dkt. 1 at ¶ 153. Yet Fubo did not file its "emergency" motion for another two months, until April 8. Fubo used that time to its advantage by retaining experts and amassing a mountain of expert and fact declarations. Fubo cannot now claim that it would be prejudiced if Defendants (and Fubo) have two additional weeks to prepare for the hearing. Nor can Fubo blame Defendants, their counsel, or their witnesses for conflicts that might have been averted had Fubo acted in February or March. Because a preliminary injunction hearing between August 7 and August 9 is the only period that will work for all parties, Defendants respectfully request that the Court adopt the August hearing schedule.

**Finally**, in its submission and over Defendants' objection, Fubo has raised issues regarding interrogatories, the number of depositions (demanding 15 depositions of Defendants, yet only 5 for Fubo), and the scope of who may be deposed. But the Court directed the Parties to file a joint letter today "regarding the ***hearing date*** for Plaintiff's Preliminary Injunction motion and ***a schedule for*** limited discovery," not the limits and types of discovery that should be permitted. Dkt. 137 (emphasis added). Fubo's letter exceeds the scope of the Court's order and raises issues that are not yet ripe. The parties should continue to meet and confer on interrogatories and the number and scope of depositions. Any disputes that remain should be raised pursuant to the Court's individual rules.

In particular, Fubo's request to take 15 depositions of Defendants requires leave of Court because it exceeds the 10 depositions permitted by each side for the entire case under the Federal Rules (let alone for just a preliminary injunction), and is grossly excessive given the compressed timeframe. A few paragraphs squeezed into a three-page letter about scheduling (which is due to the Court before the parties have completed the meet and confer process) is not an appropriate mechanism for raising these issues, particularly because Fubo has not even identified which witnesses it would like to depose from which Defendant (and vice versa); the parties have not identified their expected trial witnesses; the parties have not yet produced any documents; and fact depositions will not begin for more than a month under any proposed schedule. In short, these issues are not ripe.

The Honorable Margaret M. Garnett
April 19, 2024
Page 4

Counsel for the Parties:

| | |
|---|---|
| Mark C. Hansen (admitted *pro hac vice*) | Antony L. Ryan |
| Evan T. Leo (admitted *pro hac vice*) | J. Wesley Earnhardt |
| Kevin J. Miller (admitted *pro hac vice*) | Yonatan Even |
| Joseph S. Hall (SDNY Bar No. JH2612) | Michael P. Addis |
| Thomas G. Schultz (admitted *pro hac vice*) | CRAVATH, SWAINE & MOORE LLP |
| Joshua Hafenbrack (admitted *pro hac vice*) | Worldwide Plaza |
| Hannah D.C. DePalo (admitted *pro hac vice*) | 825 Eighth Avenue |
| KELLOGG, HANSEN, TODD, FIGEL   & FREDERICK, P.L.L.C. | New York, New York 10019 |
| 1615 M Street NW | Telephone:  (212) 474-1000 |
| Suite 400 | Fax:  (212) 474-3000 |
| Washington, DC 20036 | aryan@cravath.com |
| Tel.:  (202) 326-7900 | wearnhardt@cravath.com |
| Fax:  (202) 326-7999 | yeven@cravath.com |
| Email:   mhansen@kellogghansen.com | maddis@cravath |
|            eleo@kellogghansen.com | |
|            kmiller@kellogghansen.com | *Counsel for Defendants The Walt Disney Company, ESPN, Inc., ESPN Enterprises, Inc. and Hulu, LLC* |
|            jhall@kellogghansen.com | |
|            tschultz@kellogghansen.com | |
|            jhafenbrack@kellogghansen.com | Andrew J. Levander |
|            hdepalo@kellogghansen.com | Steven E. Bizar |
| | Steven A. Engel |
| *Counsel for Plaintiffs fuboTV Inc. and fuboTV Media Inc.* | Michael H. McGinley (admitted *pro hac vice*) |
| | Erica Fruiterman (admitted *pro hac vice*) |
| | DECHERT LLP |
| | 1095 Avenue of the Americas |
| | New York, NY  10036 |
| | Telephone: (212) 698-3500 |
| | andrew.levander@dechert.com |
| | steven.bizar@dechert.com |
| | steven.engel@dechert.com |
| | michael.mcginley@dechert.com |
| | erica.fruiterman@dechert.com |
| | |
| | *Counsel for Defendant Fox Corporation* |

The Honorable Margaret M. Garnett
April 19, 2024
Page 5

                                            David L. Yohai
                                            Adam C. Hemlock
                                            Theodore E. Tsekerides
                                            Robert W. Taylor
                                            Elaina K. Aquila
                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone:  (212) 310-8000
                                            Facsimile:  (212) 310-8007
                                            david.yohai@weil.com
                                            adam.hemlock@weil.com
                                            theodore.tsekerides@weil.com

                                            *Counsel for Warner Bros. Discovery, Inc.*

cc:   All Counsel of Record (via CM/ECF)