```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FUBOTV INC. and FUBOTV MEDIA INC.,

                Plaintiffs,

-against-

THE WALT DISNEY COMPANY, et al.,

                Defendants.

24-CV-01363 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    Before the Court are five letter-motions by the parties for leave to file various documents under seal or in redacted form, in support of Plaintiffs' pending Motion for Preliminary Injunction, Defendants' pending Motions to Dismiss the Complaint, and Plaintiffs' Amended Complaint. *See* Dkt. Nos. 73 (the "Fubo PI Motion to Seal"), 117 (the "WBD Motion to Seal"), 118 (the "Fox Motion to Seal"), 124 (the "Disney Defendants Motion to Seal"), and 143 (the "Fubo Amended Complaint Motion to Seal," together with the Fubo PI Motion to Seal, the "Fubo Motions to Seal") (collectively, the "Motions to Seal"). For the reasons set forth below, the Motions to Seal are HEREBY GRANTED.

    **I.**    **The Fubo Motions to Seal**

    **A. The Fubo PI Motion to Seal**

    By letter-motion on April 8, 2024, *see* Dkt. No. 73, Plaintiffs FuboTV, Inc. and FuboTV Media Inc. (together, "Fubo"), with Defendants' consent, requested leave to file the following documents under seal or in redacted form:

1. Fubo's Memorandum of Law in support of its Motion for Preliminary Injunction, *see* Dkt. Nos. 95 (redacted), 96 (sealed); and

2. Various Declarations filed in Support of Fubo's Motion for Preliminary injunction, including the Declarations of:
   a. Jonathan Orszag, *see* Dkt. Nos. 98 (redacted), 99 (sealed);
   b. James Trautman, *see* Dkt. Nos. 100 (redacted), 101 (sealed);
   c. David Gandler, *see* Dkt. Nos. 102 (redacted), 103 (sealed);
   d. John Janedis, *see* Dkt. Nos. 104 (redacted), 105 (sealed);
   e. Alberto Horihuela, *see* Dkt. Nos. 106 (redacted), 107 (sealed);
   f. Todd Mathers, *see* Dkt. Nos. 108 (redacted), 109 (sealed); and
   g. Gary Schanman, *see* Dkt. No 111, which Fubo requested to file entirely under seal with no corresponding publicly filed redacted version.

    The documents Fubo requests to be filed under seal and in redacted form contain commercially sensitive and confidential business information, specifically documents that concern Fubo's carriage agreements with Defendants and proprietary financial analyses,

2

marketing data, and business strategies. And as Fubo identified in its motion, much of the information is similar or identical to information reflected in Fubo's Complaint that Judge Engelmayer previously ordered sealed. *See fuboTV, et al v. The Walt Disney Company, et al.*, 1:24-mc-00070 (S.D.N.Y. filed Feb. 20, 2024).

For these reasons, Plaintiff's request to seal is necessary to protect the confidential business information of Fubo and the Defendants. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). The Court having examined the documents in question and considered the parties' representations, it is hereby ORDERED that the Fubo PI Motion to Seal is GRANTED.

### B. The Fubo Amended Complaint Motion to Seal

By letter-motion on April 29, 2024, *see* Dkt. No. 143, Fubo, with Defendants' consent, requested leave to seal certain limited portions of its Amended Complaint and to file a redacted version on the public docket. *See* Dkt. Nos. 144 (redacted), 145 (sealed). The portions of the Amended Complaint that Fubo sought to be sealed and redacted concern information that is similar or identical to information reflected in Fubo's original Complaint that Judge Engelmayer previously ordered sealed. Therefore, for the reasons stated above, namely that the documents reviewed by the Court contain commercially sensitive business information concerning Fubo and Defendants, the Fubo Amended Complaint Motion to Seal is GRANTED.

## II. The WBD Motion to Seal

By letter-motion on April 9, 2024, *see* Dkt. No. 117, Defendant Warner Bros. Discovery, Inc. ("WBD"), with Fubo's consent, requested leave to seal certain limited portions of its Memorandum of Law in Support of its Motion to Dismiss and to file a redacted version on the public docket. *See* Dkt. Nos. 116 (redacted), 119 (sealed).

The portions of WBD's Memorandum of Law sought to be sealed and redacted refer to allegations, documents, and exhibits that Fubo filed under seal either (i) as part of its Complaint, which Judge Engelmayer previously ordered sealed, or (ii) as part of its Motion for Preliminary Injunction, which the Court now permits Fubo to file under seal and in redacted form as part of this Order, *see supra* § I(A). For the reasons stated above, namely that the documents reviewed by the Court contain commercially sensitive business information concerning Fubo and WBD, it is hereby ORDERED that the WBD Motion to Seal is GRANTED.

## III. The Fox Motion to Seal

By letter-motion on April 9, 2024, *see* Dkt. No. 118, Defendant Fox Corporation ("Fox"), with Fubo's consent, also requested leave to seal certain limited portions of its Memorandum of Law in Support of its Motion to Dismiss and to file a redacted version on the public docket. *See* Dkt. Nos. 114 (redacted), 120 (sealed).

3

In its letter-motion, Fox sought to redact portions of its Memorandum of Law that concern the same confidential and commercially sensitive documents referenced in the Fubo Motions to Seal and the WBD Motion to Seal, and as previously ordered sealed by Judge Engelmayer. Therefore, for the reasons stated above with respect to those motions, namely that the documents reviewed by the Court contain commercially sensitive business information concerning Fubo and Fox, it is hereby ORDERED that the Fox Motion to Seal is GRANTED.

### IV. The Disney Defendants Motion to Seal

By letter-motion on April 10, 2024, *see* Dkt. No. 124, Defendants The Walt Disney Company, ESPN, Inc., ESPN Enterprises, Inc. and Hulu, LLC (together, the "Disney Defendants"), with Fubo's consent, requested leave to file under seal and in redacted form on the public docket the following documents:

1. The Disney Defendants' Memorandum of Law in support of its Motion to Dismiss the Complaint, *see* Dkt. Nos. 124 (redacted), 129 (sealed);

2. The Declaration of J. Wesley Earnhardt in Support of the Disney Defendants' Motion to Dismiss the Complaint, *see* Dkt. Nos. 126 (redacted), 130 (sealed);

3. Exhibit 2 to the Declaration of J. Wesley Earnhardt, which the Disney Defendants requested to file entirely under seal with no corresponding publicly filed redacted version, *see* Dkt. Nos. 126-2 (slipsheet), 130-2 (sealed);

4. The Request for Judicial Notice in Support of the Disney Defendants' Motion to Dismiss the Complaint, *see* Dkt. Nos. 127 (redacted), 131 (sealed); and

5. The Disney Defendants' Motion to Stay Discovery, *see* Dkt. Nos. 128 (redacted), 132 (sealed).

*First*, the Disney Defendants request that the Court seal portions of its Motion to Dismiss and Motion to Stay Discovery that concern portions of Fubo's Complaint that were previously ordered sealed by Judge Engelmayer. For the reasons stated above with respect to the Fubo Motions to Seal, the WBD Motion to Seal, and the Fox Motion to Seal, it is necessary to seal these portions of these documents to protect the commercially sensitive business information of Fubo and the Defendants, including the Disney Defendants.

*Second*, the Disney Defendants request that the Court entirely seal Exhibit 2 to the Declaration of J. Wesley Earnhardt filed in support of their Motion to Dismiss the Complaint, and the portions of the Earnhardt Declaration and the Memorandum of Law in support of the Disney Defendants' Motion to Dismiss the Complaint concerning this exhibit. The Court, having examined Exhibit 2 and the portions of the documents that quote or refence Exhibit 2 and its terms, agrees with the Disney Defendants that Exhibit 2 is a sensitive business agreement concerning the parties' "ongoing commercial relationship," and that its terms should therefore remain confidential. *See PDV Sweeny, Inc. v. ConocoPhillips Co.*, 2014 WL 4979316 at *2 (S.D.N.Y. Oct. 6, 2014).

4

It is therefore ORDERED that the Disney Defendants' Motion to Seal is GRANTED.

\* \* \*

For the reasons set forth above, the Motions to Seal are GRANTED. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 73, 117, 118, 124, and 143.

Dated: April 30, 2024
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge