# CRAVATH

J. Wes Earnhardt
wearnhardt@cravath.com
T+1-212-474-1138
New York

May 16, 2024

Re:   FuboTV Inc. et al. v. The Walt Disney Company et al., No. 24-cv-01363

Your Honor:

Fubo's motion, styled as a request to modify the preliminary injunction schedule, is really a request to file a series of new and untimely expert disclosures that would prejudice Defendants. (Dkt. 160.)  Fubo's motion should be denied.

Although Defendants announced their intended joint venture on February 6, 2024, Fubo delayed in filing its preliminary injunction ("PI") motion until April 8, 2024.  Fubo used those two months to draft and then submit two expert reports totaling hundreds of pages of expert disclosures and materials, along with seven other declarations.  At the April 16 Initial Pretrial Conference, Fubo then proposed an expedited schedule to the Court.  Yet, in the meet and confers leading up to the conference and at the conference itself, Fubo **never** mentioned an amended complaint or supplemental expert reports, let alone that it intended to define an entirely new market that was absent from its PI motion and expert declarations.

On April 19, the Court ordered that a PI hearing would commence on August 7, and denied Fubo an expert reply deadline, noting that reply expert reports would not be permitted absent leave of Court.  (Dkt. No. 140 at 1 ("PI Scheduling Order").)  Just five days later—on April 24—Fubo informed Defendants that it planned to file an amended complaint, which it ultimately filed on April 29.  (Dkt. 144.)  The Court then stayed motion to dismiss briefing on the amended complaint until after the Court resolves Fubo's previously-filed PI motion.  (Dkt. 146.)

Nonetheless, Fubo now requests leave to (1) file new market definition opinions from its economist, Jon Orszag, at this time and (2) file other, new, undefined "expert analyses" on June 24, 2024.  Both requests should be denied.

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Whether 'good cause' exists turns primarily on the 'diligence' of the moving party in seeking to meet the deadline in the scheduling order."  *Int'l Media Films, Inc. v. Lucas Ent., Inc.*, No. 07 Civ. 1178, 2008 WL 781823, at *2 (S.D.N.Y. Mar. 20, 2008) (citations omitted).  Courts also may deny modifications that would prejudice the nonmoving party.  *Id.*

**I.   Fubo Should Not Be Permitted To Change Its Market Definition.**

Fubo fails to demonstrate good cause for supplementing Mr. Orszag's declaration with a new market definition.  Fubo's motion is an improper attempt to amend its PI motion, which makes

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

no mention of this supposed market.  And Fubo has not identified new facts since the filing of the initial Orszag declaration to justify a supplement introducing another purported market.  Fubo's lack of diligence and failure to raise this new market definition at an earlier time—and the concomitant prejudice that Defendants would suffer from allowing this untimely supplemental expert declaration now—foreclose a finding of good cause.

***First***, adding an entirely new market would transform the substance of Fubo's PI motion.  Market definition is the fundamental lens through which all allegedly anticompetitive conduct must be assessed.  As the Supreme Court has explained, "[w]ithout a definition of [the] market there is no way to measure [the defendant's] ability to lessen or destroy competition."  *Ohio v. American Express Co.*, 138 S. Ct. 2274, 2285 (2018).  Fubo engaged in one-sided litigation ***for two months*** to define the markets that underlie its PI motion.  Fubo then urged the court to set an expedited discovery schedule and PI hearing.  Fubo has not pointed to any changed circumstances to justify its supplemental report.  Having created that compressed schedule, Fubo should not be permitted to fundamentally alter the core premise of its PI motion one month after filing it, after the Defendants' deadline for serving fact discovery has passed, and less than two months before Defendants' responsive expert reports are due.

***Second***, Fubo has no excuse for failing to disclose this purported new market definition in its earlier declarations.  By Fubo's own allegations, it has supposedly "long recognized consumer demand for a skinny sports bundle; indeed, the company's founding mission"—in 2015—"was to offer such a streamlined package tailored to sports fans".  (Am. Compl. ¶¶ 5, 191.)  Despite that purported longstanding mission, Fubo's current expert declarations recognize no market for skinny sports bundles.  Fubo cannot credibly argue that it just learned about the possibility of a "Skinny Sports Bundle" market.  Lack of diligence or gamesmanship are not good reasons to allow new expert opinions.

***Third***, and relatedly, Fubo has not identified new facts that have developed since Fubo filed its PI motion to justify a new market definition.  In his proposed supplemental declaration, Mr. Orszag claims for the first time that a "Skinny Sports Bundle" market exists.  Fubo asserts that he bases his new opinion on statements made by Defendants after Fubo filed its complaint.  But apart from its lone citation to one motion to dismiss brief, every statement Fubo cites in its amended complaint purporting to show a new "Skinny Sports Bundle" market was made nearly a month ***before*** Fubo filed its PI motion and served Mr. Orszag's expert declaration.

***Fourth***, the timing of Fubo's request is suspect.  Every statement on which Fubo now relies was made weeks, if not months, ***before*** this Court's April 16 conference.  Yet Fubo never flagged this issue for Defendants or for the Court.  Instead, it waited ***until May 14—nearly a month after the conference and after an expedited schedule was put in place***.  By delaying this request, Fubo further exacerbated the prejudice Defendants would suffer if Fubo were permitted to inject this new market into the case.  Defendants have been hard at work marshaling their responses to Fubo's current PI motion and current expert declarations.  Time is short.  Fubo should not be permitted to move the goal posts to secure an unwarranted tactical advantage.  *See Kamal v. G E R Indus.*, 20 CV 5671 (VB), 2023 U.S. Dist. LEXIS 195756, at *5 (S.D.N.Y. Oct. 31, 2023) ("'[A] finding of 'good cause' depends on the diligence of the moving party'") (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).

## II.  Fubo Should Not Be Allowed New Expert Analyses At An Even Later Date.

Fubo also seeks leave to serve entirely new expert analyses on June 24, 2024, only 17 days before Defendants' responsive expert reports are due.  But that would allow Fubo to use its own

delay to secure a severely asymmetrical scheduling advantage.  The requested change to the schedule would grant Fubo **more than four months** to craft its expert opinions (from the announcement of the JV on February 6, 2024, to its proposed June 24, 2024 disclosure deadline), while affording Defendants **less than three weeks** to respond.

To be clear, Defendants have agreed that, by June 24, 2024, Fubo may—indeed, must—disclose all discovery materials its experts intend to rely upon to support their *previously disclosed* opinions and analyses.  But it would be highly prejudicial to Defendants to allow Fubo to change its experts' analyses—or to add entirely new expert analyses—at that late date.  And, again, that prejudice would flow directly from Fubo's decision to delay in filing its PI motion and then seek an expedited schedule.

Since Fubo filed its PI motion and expert declarations on April 8, Defendants have found and retained rebuttal experts, who are hard at work responding to the hundreds of pages of expert opinions and analyses Fubo already has submitted.  All that work would be for naught if Fubo is allowed to add to or change its expert opinions on June 24.  Fubo should not be permitted to make its expert opinions and analyses a moving target.[1]

Fubo's claim that "Defendants' position would create an uneven playing field", (Dkt. 160 at 1), gets things completely backward.  Any prejudice to Fubo is of its own making.  Had Fubo done what is typical and appropriate in these circumstances—*i.e.*, file its PI motion promptly after learning of the transaction—the Court could have crafted an expedited discovery schedule sequenced in a more traditional manner:  substantial completion of fact discovery, followed by plaintiff's expert disclosures (which could have taken account of that fact discovery), followed by defendant's expert disclosures, followed by trial.  *See The Procter Gamble Co. v. Ultreo, Inc.*, No. 07 Civ. 8379, Dkt. 33 (Sullivan, J.).  But, instead, Fubo took two months—out of the six months available between the announcement of the JV and the PI hearing—to draft its expert reports unsupervised by the Court and unburdened by other discovery or case deadlines.  Fubo then insisted on expedited proceedings.  Having made those tactical choices, Fubo hardly can be heard to complain that its experts now are unable to take account of the discovery record in forming their opinions and conducting their analyses.  And Fubo certainly should not be able to rely on those choices to force Defendants into a severely disadvantaged position.

For those reasons, Defendants respectfully submit that Fubo's experts should be permitted—in fact, required—on June 24, 2024, to add citations to materials and testimony produced in discovery that they contend support those experts' current opinions and analyses.  But Fubo's experts should not be permitted to change or add new opinions or analyses, including with respect to markets or theories of harm.

                   Respectfully,

                   */s/ J. Wes Earnhardt*
                   J. Wes Earnhardt

---

[1] Nor does *Strougo v. BEA Associates*, 188 F. Supp. 2d 373, 380 (S.D.N.Y. 2002) support Fubo's argument that Defendants would have "ample time to respond" to Fubo's supplemental reports.  (Dkt. 160 at 3.)  There, the court concluded that plaintiff was not prejudiced by defendant's untimely disclosure of an expert affidavit when plaintiff had nearly **three months** to prepare responsive expert affidavits (but failed to do so).

Honorable Margaret M. Garnett
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

cc:  All counsel of record

VIA ECF