USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/22/2024

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

May 14, 2024

The Honorable Margaret M. Garnett
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

  Re: *fuboTV Inc., et al. v. The Walt Disney Company, et al.*, No. 24-cv-1363

Dear Judge Garnett:

  Fubo respectfully requests two modest changes to the expert disclosure protocol that will ensure a full presentation of the facts at the Aug. 7-9 preliminary injunction hearing and work no prejudice to Defendants at this early stage of discovery:

  *First*, Fubo requests leave to supplement the expert declarations attached to its PI motion with a four-page supplemental declaration from economist Jon Orszag (which Fubo already provided to the Defendants on April 30) addressing the "Skinny Sports Bundle" market Fubo identified in its recently filed amended complaint (Doc. 145). Mr. Orszag's four-page supplement is attached as Exhibit 1. Including this supplement in the PI record will not prejudice Defendants, as fact discovery is just getting underway and expert discovery is still months away.

  *Second*, the Court should amend the PI schedule (Doc. 140) to allow Fubo to submit supplemental expert disclosures on June 24 for the limited purpose of disclosing analysis of documents and data produced during fact discovery. Under the current discovery schedule, Defendants' experts—but not Fubo's—are scheduled to file post-fact-discovery reports, meaning that Fubo's experts do not have an opportunity to disclose the evidence from discovery on which they intend to rely at the PI hearing. Recognizing this disparity, Defendants already have consented to Fubo's experts filing supplemental disclosures on June 24 containing citations to documents and deposition testimony from discovery. However, Defendants have refused to consent to Fubo's experts disclosing their analysis of the *data* produced in discovery in that June 24 disclosure. Defendants' position would create an uneven playing field: their experts would be free to incorporate data analysis into their reports (which are due July 10) and then testify about that analysis at the August evidentiary hearing—but Fubo's experts would be precluded from performing their own analysis or testifying similarly at the hearing. That one-sided approach would prejudice Fubo and deprive the Court of a full presentation of the evidence at the hearing.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Margaret M. Garnett
May 14, 2024
Page 2

Correcting this consequence of the existing schedule would not prejudice Defendants because Fubo's June 24 supplemental disclosures would be limited in scope and occur well in advance of the July 10 due date for Defendants' rebuttal expert reports. In fact, Fubo's supplemental disclosures would *benefit* Defendants by providing additional advanced disclosure of any data analysis or comparable testimony that Fubo's experts could offer at the hearing.[1]

**1.** The Court should permit Fubo to include in the PI record Mr. Orszag's four-page supplemental expert declaration addressing the Skinny Sports Bundle market identified in Fubo's April 29 amended complaint.

On February 20, Fubo filed its original complaint alleging that Defendants' Joint Venture (JV) will harm competition in several markets, including the Streaming Live Pay TV Market (in which consumers buy subscriptions for live television packages from streamers such as Fubo and the JV). On April 8, Fubo filed a motion for preliminary injunction supported by a declaration from Mr. Orszag, which addressed this market.

On April 29, Fubo filed an amended complaint as of right under Federal Rule of Civil Procedure 15(a). The amended complaint did not allege any new causes of action and included limited revisions to the factual allegations. As relevant here, the amended complaint identified a market for a skinny sports bundle, meaning a "television package consisting solely of channels with sports content." Doc. 145 ¶ 187. These allegations were based in significant part on statements that Defendants made after Fubo filed its original complaint (including in their motions to dismiss), reflecting their view that the JV service would target a discrete segment of sports fans who do not want the large bundle of channels that Defendants require other television distributors (such as Fubo) to carry. *See, e.g., id.* ¶ 196.

One day after filing its amended complaint, Fubo provided Defendants with Mr. Orszag's supplemental declaration addressing the Skinny Sports Bundle market and asked whether Defendants would consent to include this declaration in the PI record. Defendants refused.

There is good cause to supplement the record with Mr. Orszag's four-page declaration. Courts "look[] favorably upon efforts to supplement the record absent prejudice or bad faith." *Katz v. Metro. Transp. Auth.*, 2017 WL 6734185, at *12 (E.D.N.Y. Dec. 29, 2017) (collecting cases).

---

[1] The parties met and conferred regarding Fubo's requests on April 24, 2024, from 4:00-4:38 PM. Fubo was represented by Tom Schultz and Joshua Hafenbrack; Disney by Michael Addis; Warner Bros. by Adam C. Hemlock; and Fox by Steven Bizar, Steven Engel, Andrew Levander, and Michael McGinley. On May 1, Defendants confirmed that they oppose Mr. Orszag's supplement. Following an additional meet and confer on May 2 and additional email correspondence, Fubo offered to limit expert supplements to (1) adding citations to documents and testimony from discovery to Fubo's experts' existing reports, and (2) an appendix disclosing expert analysis of data produced during discovery. Defendants confirmed on May 9 that they would oppose any effort by Fubo's experts to offer analysis of data produced during discovery.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Margaret M. Garnett
May 14, 2024
Page 3

Neither bad faith nor prejudice is present here. Mr. Orszag's supplemental declaration addresses new factual allegations from Fubo's amended complaint, which in turn is based in significant part on statements made by Defendants after Fubo filed its original complaint. Fubo disclosed Mr. Orszag's supplemental declaration one day after filing its amended complaint. And allowing this supplemental declaration in the PI record will not prejudice Defendants: fact discovery has barely begun and rebuttal reports are not due until July 10. *See* Doc. 140 at 1. Defendants can therefore respond to Mr. Orszag's supplement in the ordinary course of expert discovery.

  **2.** The Court also should amend the PI discovery schedule to allow Fubo's experts to file supplemental expert disclosures on June 24, 2024, for the limited purpose of updating their declarations to reflect evidence produced during discovery. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists here.

  In support of its PI motion, Fubo submitted declarations from two experts, Mr. Orszag and James Trautman. *See* Docs. 99, 101. Because discovery had not yet begun, these experts necessarily relied only on the limited publicly available data about the JV; for example, Mr. Orszag calculated that the JV would have a market share of more than 54% using public data on Defendants' sports rights. The parties then submitted a proposed PI discovery schedule that included post-fact-discovery deadlines for Defendants to serve rebuttal reports and Fubo to serve reply reports. *See* Doc. 139-1. The Court largely adopted the parties' proposed schedule, but struck reply reports "absent further leave of the Court." Doc. 140 at 1. As a result, the current schedule allows Defendants' experts—but not Fubo's—to serve reports that incorporate facts and data from discovery.

  As noted, Defendants already have consented to Fubo's experts serving supplemental disclosures on June 24 to add citations to documents and testimony from discovery. Fubo's experts likewise should be permitted to disclose analysis of the data produced during discovery, because that will put the parties' experts on equal footing at the PI hearing—with both sides free to offer expert testimony on the data relevant to competition in the alleged markets. By contrast, Defendants' proposal would result in a one-sided trial presentation in which their experts could present that data analysis while Fubo's experts would be prevented from offering analogous testimony or analysis. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco P.L.C.*, 2003 WL 1618534, at *1 (S.D.N.Y. Mar. 27, 2003) (supplemental affidavit allowed so the court could "decid[e] the . . . issue presented to it on the most complete factual basis possible").

  On the other hand, permitting Fubo's experts to submit narrowly tailored supplemental analyses of data produced in discovery—such as recalculating the JV's market share using Defendants' internal data on sports viewership—would not prejudice Defendants, who can hardly complain about both sides being given the same opportunity to present expert data analysis. And Defendants' rebuttal reports are not due until July 10, providing them ample time to respond. *See Strougo v. BEA Assocs.*, 188 F. Supp. 2d 373, 380 (S.D.N.Y. 2002) (no prejudice where opposing party had time with which to depose the expert and submit its own rebuttal reports).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Margaret M. Garnett
May 14, 2024
Page 4

Respectfully submitted,

/s/ *Thomas G. Schultz*
Mark C. Hansen (admitted *pro hac vice*)
Evan T. Leo (admitted *pro hac vice*)
Kevin J. Miller (admitted *pro hac vice*)
Joseph S. Hall (SDNY Bar No. JH2612)
Thomas G. Schultz (admitted *pro hac vice*)
Joshua Hafenbrack (admitted *pro hac vice*)
Hannah D.C. DePalo (admitted *pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: mhansen@kellogghansen.com
eleo@kellogghansen.com
kmiller@kellogghansen.com
jhall@kellogghansen.com
tschultz@kellogghansen.com
jhafenbrack@kellogghansen.com
hdepalo@kellogghansen.com

---

The Court having considered the parties' positions as set forth in Dkt. Nos. 160 and 163, Plaintiffs' motion is hereby GRANTED, as follows:

*First*, the Supplemental Expert Declaration of Jonathan Orszag is hereby deemed filed and included in the record for Plaintiffs' Preliminary Injunction Motion.

*Second*, the Preliminary Injunction schedule is hereby amended to allow Plaintiffs' experts to file supplemental expert disclosures on June 24, 2024, for the limited purpose described above. Any such disclosures shall be narrowly tailored as described in Plaintiffs' submission to the Court, namely, any such supplemental disclosures must be strictly limited to analysis of documents and data produced during fact discovery and shall clearly indicate what is new or changed from the initial disclosures (either by submitting the supplement as a separate, limited stand-alone document, or by red-lining against the initial disclosures, as illustrative examples).

*Finally*, the Court, having granted in this Order Plaintiffs' request to file the Supplemental Orszag Declaration, hereby also GRANTS Plaintiffs' letter motion on consent to seal that document. *See* Dkt. No. 159. The Court, having reviewed the document, finds that good cause exists for sealing and redacting it as proposed by Plaintiffs. The Clerk of Court is respectfully directed to terminate Dkt. No. 159.

SO ORDERED. Dated May 22, 2024.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE