KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/05/2024
```

May 31, 2024

*Via CM/ECF*

The Honorable Margaret M. Garnett
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

    Re:    *fuboTV Inc., et al. v. The Walt Disney Company, et al.*, No. 24-cv-1363

Dear Judge Garnett:

    Fubo respectfully requests that the Court compel Defendants to produce text messages between or among document custodians concerning topics relevant to Fubo's preliminary injunction (PI) motion. Text messages between these top executives are likely to reveal candid (and therefore highly probative) communications about Defendants' Joint Venture (JV). Defendants do not dispute their custodians communicated over text, instead arguing that producing those texts would pose an undue burden. But litigants routinely produce text messages in civil litigation (and courts routinely compel the production of such communications). Defendants have offered no basis to shield them from discovery here—particularly since Defendants do not deny that the key executives who designed and negotiated the JV communicated over text. Defendants' burden arguments ring hollow given that they are billion-dollar corporations and Fubo has already agreed to limit the parties' productions to text messages involving at least two custodians.

    **Background**: Fubo's RFPs seek "communications regarding the Joint Venture" and similar topics. Fubo's RFPs incorporate the uniform definition of "communication" set forth in Local Civil Rule 26.3(c)(1), which defines that term to mean "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)." Ex. 1 at 2. New York federal courts applying this uniform definition have routinely held that text messages are discoverable "communications" under Rule 26. *See infra* at p. 2. Defendants' own RFPs to Fubo expressly made clear that Defendants considered "communications" to include "telephone or message logs." And when Defendants served their responses and objections to Fubo's RFPs, they did not object to producing text messages or chats (despite asserting many other objections). *See* Ex. 2 (Disney); Ex. 3 (Fox); Ex. 4 (WBD).

    Over the next two weeks, the parties negotiated a set of custodians from whom they would produce responsive documents and communications. At no time did Defendants express that they

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Margaret M. Garnett
May 31, 2024
Page 2

would limit this custodial production to certain categories of electronic communications. On May 23, Fubo asked Defendants to confirm that they (like Fubo) were planning to produce chat and text messages as well as emails. Six days later, Defendants informed Fubo for the first time that, while they would produce chat messages, they refused to produce text messages. In the interest of reaching a compromise, Fubo offered to limit its request to text messages between custodians in this case. Defendants did not respond to Fubo's offer.[1]

**Argument**: This Court should require Defendants to produce relevant text messages between custodians in this case, limited to: (a) one-on-one texts between custodians; and (b) group texts where at least two custodians are included.

This Court's Local Rules broadly define the term "communication" to mean "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)." Local Civil Rule 26.3. Text messages fall squarely within this straightforward definition. Accordingly, courts in this Circuit treat text messages in the same way they treat other forms of electronic communication (such as emails and chats) and routinely compel litigants to produce their text messages. *See*, *e.g.*, *Al Thani v. Hanke*, 2022 WL 1684271, at *1 (S.D.N.Y. May 26, 2022) (granting motion to compel production of text messages); *Thomas v. City of New York*, 336 F.R.D. 1, at *5 (E.D.N.Y. 2020) (same); *Gunning v. New York State Just. Ctr. for Prot. of People With Special Needs*, 2022 WL 783226, at *9 (N.D.N.Y. Mar. 15, 2022) (same); *Alexander v. Priv. Prot. Servs., Inc.*, 2023 WL 1779544, at *4 (S.D.N.Y. Feb. 6, 2023); *cf. Walker v. Carter*, 2015 WL 9450843, at *1 (S.D.N.Y. Dec. 23, 2015) (granting sanctions for failure to produce text messages).

Text messages between the custodians in this case are particularly likely to offer key insights into Defendants' negotiation of and strategy for the JV. Defendants' custodians are all high-level executives and include the primary negotiators and decision-makers with regard to the JV. There can be no dispute that—for example—texts between Disney CEO Bob Iger and Fox CEO Lachlan Murdoch about the JV could be centrally relevant to the PI trial in August. Indeed, texts are a particularly rich source of evidence because corporate executives are often more candid over informal modes of communication than they are over email.

Here, moreover, Defendants kept their plans for the JV tightly under wraps until its announcement, keeping even its largest industry partners, such as the NFL and the NBA, in the

---

[1] The parties discussed this issue via email correspondence on May 23, 24, 29, 30, and 31. Fubo has offered multiple times to meet and confer on this issue and Defendants have ignored that offer, even after being informed that Fubo intended to seek relief from the Court. Given the compressed schedule, Fubo filed this motion.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Margaret M. Garnett
May 31, 2024
Page 3

dark.[2]  A tight-knit group of executives thus negotiated this deal quickly and under a cloak of secrecy, making it even more likely they relied on texts to facilitate fast-paced negotiations.

Defendants have not denied that their custodians' text messages include responsive information relevant to the PI hearing.  On the contrary, Defendants have *agreed* to produce other message-based forms of communication, such as Microsoft Teams messages.  Yet Defendants refuse to produce text messages on the grounds that:  (a) Fubo waited too long to raise the issue; and (b) producing texts would pose an undue burden.  Neither point is persuasive.  As noted, Fubo's discovery requests applied this Court's uniform definition of "communication," which encompasses text messages (as Defendants' own discovery requests to Fubo recognize).  Absent an objection from any of the Defendants, Fubo had no reason to know they were refusing to collect and produce the same text messages Defendants demanded from Fubo.  And when Fubo sought confirmation that Defendants would produce texts, Defendants waited six days to respond; any time crunch is one of Defendants' making.[3]  *See Sage Prods., LLC v. Chemrite Copac, Inc.*, 2021 WL 5299789, at *1, 3 (N.D. Ill. Nov. 12, 2021) (granting motion to compel text message production "in the final weeks of nearly two years of discovery" because there was likely to be relevant evidence and the seeking party's "document requests defined 'communicate' and 'document' in very broad terms").

Defendants' burden arguments ring hollow compared against the clear relevance of texts between the key witnesses for the PI trial.  And again, Fubo is only seeking relevant texts *between custodians* in this case—a limited universe, given the small number of custodians for each party.  Defendants can hardly claim producing this narrow subset of texts presents an undue when they are among the richest corporations in the United States, with large law firms at their disposal.  Order Granting Compl. Counsel's Mot. to Compel, *In re Kroger Co./Albertsons Cos., Inc.*, Dkt. No. 9428 (F.T.C. May 22, 2024) at 3 (compelling parties in the Kroger-Albertson merger to produce texts, where the Defendants have billions in revenues and "multiple law firms litigating this matter").  Indeed, Fubo—a much smaller company—will produce responsive texts from its 10 custodians on the same basis as Defendants, should the Court grant Fubo's motion.

---

[2] Joe Flint & Isabella Simonetti, *Streaming Venture From ESPN, Fox and Warner Blindsides Sports Leagues*, Wall Street J. (Feb. 7, 2024), https://www.wsj.com/business/media/streaming-venture-from-espn-fox-and-warner-blindsides-sports-leagues-e6c1fbcc; *see also* Alex Weprin, *Hollywood Moguls Try a Quarterback Sneak*, Hollywood Reporter (Feb. 26, 2024), https://perma.cc/EQ6M-BXSL (noting "[t]he surprise by [Defendants'] league and distribution partners underscored how quickly the deal came together.").

[3] The Court has set a June 7 date for the "substantial completion" of document productions, *see* Dkt. 140, but text messages typically represent a small fraction of overall records compared to emails.  Fubo would thus have no objection if the parties produced text messages within a reasonable timeframe after June 7, should the Court grant Fubo's motion.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Margaret M. Garnett
May 31, 2024
Page 4

        Respectfully submitted,

        /s/ *Thomas G. Schultz*
        Mark C. Hansen (admitted *pro hac vice*)
        Joseph S. Hall (SDNY Bar No. JH2612)
        Thomas G. Schultz (admitted *pro hac vice*)
        Joshua Hafenbrack (admitted *pro hac vice*)
        Gavan W. Duffy Gideon (admitted *pro hac vice*)
        Rachel T. Anderson (admitted *pro hac vice*)
        KELLOGG, HANSEN, TODD, FIGEL
         & FREDERICK, P.L.L.C.
        1615 M Street NW
        Suite 400
        Washington, DC 20036
        Tel.: (202) 326-7900
        Fax: (202) 326-7999
        Email: mhansen@kellogghansen.com
                 jhall@kellogghansen.com
                 tschultz@kellogghansen.com
                 jhafenbrack@kellogghansen.com
                 ggideon@kellogghansen.com
                 randerson@kellogghansen.com

        *Counsel for Plaintiffs fuboTV Inc. and fuboTV Media Inc.*

---

Given the narrowly tailored nature of discovery relevant to the Preliminary Injunction Hearing, the fast-approaching deadline for substantial completion of document productions, Fubo's delay in confirming with Defendants (despite numerous meet-and-confers regarding electronic discovery methods) that text messages were understood to be included in the definition of "communication" in their Requests for Production, and the significant burden that a collection and review of text messages on such an expedited timeline would present for Defendants, **Fubo's Motion to Compel at Dkt. No. 179 is HEREBY DENIED**. This Order is without prejudice to Fubo's ability to seek text messages in the course of normal, broader discovery post-PI Hearing, should such discovery go forward.

SO ORDERED. Dated June 5, 2024.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE