KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

June 14, 2024

The Honorable Margaret M. Garnett
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

     Re:    *fuboTV Inc., et al. v. The Walt Disney Company, et al.*, No. 24-cv-1363

Dear Judge Garnett:

     Fubo respectfully requests that the Court quash six deposition notices that Defendants served on Fubo. The notices contravene the Court's order on PI discovery (which did not authorize depositions without consent or Court approval), and the requested depositions are duplicative of depositions Fubo has already offered and disproportionate to the limited scope of PI discovery.

     At the April 16 conference, this Court authorized "limited discovery solely for purposes of litigating and resolving [Fubo's] Preliminary Injunction motion" and "stayed" all other discovery. Doc. 137. The Court ordered the parties to "meet and confer" with respect to "the number of party depositions" and encouraged the parties "to avoid duplicative or nonessential depositions" and to "work cooperatively with an eye towards efficiently preparing for the PI Hearing" scheduled for August 7-9, Doc. 140 at 2. In accordance with that Order, Fubo offered depositions of four senior Fubo executives and was able to reach compromises with Defendants on comparable numbers of depositions of their employees (four for Warner Brothers, five for Disney, and five for Fox).

     Defendants, by contrast, have demanded depositions of *10* Fubo employees in connection with a three-day PI hearing. To make matters worse, Defendants have refused to entertain any compromise offer from Fubo. Instead, Defendants assert that Federal Rule of Civil Procedure 30(a) "entitles" them to take all 10 depositions without leave of Court. After Fubo objected to six of the requested depositions, Defendants simply served deposition notices for those six witnesses with dates and locations chosen by Defendants. And when Fubo offered half-day depositions for two of those six disputed witnesses as a compromise, Defendants flatly rejected that offer, refused to make any counteroffer, and asserted that they intended to take all six depositions as noticed.

     Fubo respectfully requests that the Court quash all six deposition notices and make clear that Defendants must obtain either Fubo's consent or an order from this Court before taking these depositions (rather than relying on Rule 30(a)). In the alternative, Fubo requests that the Court adopt Fubo's compromise proposal, which would give Defendants six depositions of Fubo employees (more than any Defendant). The additional deponents Defendants have demanded are duplicative of other deponents and disproportionate to the needs of PI discovery.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Margaret M. Garnett
June 14, 2024
Page 2

**Background.** Fubo brought this antitrust case to challenge an anticompetitive sports-streaming joint venture (JV) that Defendants plan to launch this August. On April 8, Fubo moved to preliminarily enjoin the formation of the JV pending the resolution of Fubo's claims and sought discovery and a hearing on that motion. Doc. 96. Defendants meanwhile moved to stay all discovery. Doc. 128. In advance of the April 16 initial conference, the parties submitted a case management plan in which both parties made proposals for PI discovery; Defendants proposed a "small number of fact depositions" in the event discovery was not stayed. Doc. 123-1 at 5.

At the April 16 conference, the Court authorized "limited discovery solely for the purposes of litigating and resolving the [PI] motion" and "stayed" all other discovery. Doc. 137. The Court further ordered the parties to "meet and confer" regarding party depositions and encouraged the parties to "avoid duplicative or nonessential depositions." Doc. 140 at 2.

The parties subsequently negotiated document productions and disclosed preliminary lists of fact witnesses for the hearing. Fubo voluntarily produced documents from 10 document custodians and disclosed four fact witnesses for the PI hearing. *See* Ex. 1. Defendants ultimately agreed (or were ordered) to produce documents from 20 custodians and disclosed 10 witnesses for the three-day hearing (not counting experts and third parties).

Defendants initially offered depositions of only their 10 hand-picked trial witnesses and no one else. *See* Ex. 2. at 17-18. Based on Fubo's review of documents produced by Defendants, which showed that other witnesses were more involved in the JV than the witnesses Defendants had hand-picked for trial, Fubo requested depositions of eight other witnesses and explained the relevance of each requested witness in written correspondence and meet and confers. *E.g.*, *id.* at 9-10, 14. After lengthy discussions, Fubo and Defendants compromised on four additional depositions of Defendant employees (one for Disney, one for Warner Brothers, and two for Fox). As part of this compromise, Fubo dropped its requests for four depositions (including two of Defendants' CEOs) and agreed to limit three of its depositions to half days.

Defendants, by contrast, reflexively demanded full-day depositions of all 10 Fubo custodians before they had even received or reviewed a single document from any of these custodians. Defendants took the position that they were "entitled" to all ten depositions under Rule 30(a), *id.* at 3, 15, which allows parties engaged in full-merits fact discovery to take depositions "without leave of court" as long as they have not exceeded 10 total depositions. In response, Fubo agreed to provide full-day depositions of its CEO, CFO, COO, and SVP of Content Acquisition, but objected to the other six requested depositions as duplicative and disproportionate to the needs of PI discovery. Arguing that they had no obligation "to justify [their] need" for the depositions, Defendants served deposition notices for the six disputed depositions with dates and locations of Defendants' choosing. *See id.* at 6-7. Fubo reiterated its objections, explaining that five of the six disputed deponents reported directly to more senior Fubo employees whom Fubo had already offered for deposition, and that the sixth deponent retired more than a year ago and did not have relevant, unique information. In an effort to compromise, Fubo offered half-day depositions for two of the six disputed deponents. *See id.* at 5. Defendants flatly rejected Fubo's compromise offer, refused to make any counteroffer, and asserted that they intended to proceed with all six disputed depositions as noticed. *See id.* at 2. This motion followed.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Margaret M. Garnett
June 14, 2024
Page 3

**Argument.** The Court should quash all six deposition notices served by Defendants as procedurally improper and order Defendants to meet and confer with Fubo over appropriate depositions and seek leave from Court if the parties are unable to agree. Alternatively, the Court should resolve the merits of the parties' dispute over depositions by adopting Fubo's compromise proposal: full-day depositions of Fubo's CEO, CFO, COO, and SVP of Content Acquisition, and half-day depositions of Fubo's SVP of Strategic Partnerships and Operations and VP of Finance. The six deponents Fubo has offered are more than any Defendant has agreed to, even though the upcoming PI hearing concerns *Defendants'* JV. The additional four deponents Defendants have requested are duplicative of existing deponents and not proportional to the needs of PI discovery:

**Sal Marchesano and Marisa Elizondo** are members of Fubo's content team. They are supervised by Todd Mathers (Fubo's SVP of Content Acquisition) and were previously supervised by Ben Grad (SVP of Strategic Partnerships and Operations), both of whom Fubo has already offered for deposition. In meet-and-confer correspondence, Defendants have identified a total of three documents that they assert justify these two depositions: (1) an email from Mr. Marchesano to Mr. Mathers, (2) a slide deck that was also produced from Mr. Mathers's custodial files, and (3) a Google spreadsheet concerning Fubo's decision to renew its carriage agreement with Discovery, which Mr. Mathers can testify about as Fubo's SVP of Content Acquisition.

**Yale Wang** is a member of Fubo's marketing team. He reports to Fubo COO Alberto Horihuela, who leads Fubo's marketing team and whom Fubo has already offered for deposition. Three of the five documents that Defendants have identified for Mr. Wang are email chains with other Fubo deponents. The other two are slack messages concerning topics (Fubo's budgets and marketing strategy) that Mr. Horihuela can testify about as Fubo's head of marketing.

**Henry Ahn** is Fubo's former Chief Business Officer. He retired from that position more than a year ago (and more than eight months before Defendants announced their JV in May 2023). Since then, Mr. Ahn has served a limited role as a consultant to Fubo, but has not had an active role in Fubo's business. Because of Mr. Ahn's 35 years of experience in the media industry (at Fubo and elsewhere), Fubo submitted a declaration from Mr. Ahn in support of its PI motion describing general aspects of the pay-TV industry (such as the importance of live sports). Because Fubo anticipates that other witnesses will cover those concepts at the hearing, Fubo did not disclose Mr. Ahn as a trial witness. Fubo also offered to withdraw Mr. Ahn's declaration if Defendants agreed to withdraw their request for his deposition. *See id.* at 5. Defendants refused Fubo's offer and have insisted on proceeding with Mr. Ahn's deposition without explanation.

Finally, Fubo's offer of half-day depositions for **Ben Grad and Ameet Padte** is more than sufficient for the needs of PI discovery, as both employees report directly to more senior executives whom Fubo has already offered for full-day depositions. Mr. Grad reports to Mr. Mathers on Fubo's content team, while Mr. Padte reports to Fubo CFO John Janedis on Fubo's finance team.

The Court should quash Defendants' six deposition notices and either order Defendants to meet and confer with Fubo or adopt Fubo's compromise proposal set forth above.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Margaret M. Garnett
June 14, 2024
Page 4

                                                Respectfully submitted,

                                                */s/ Thomas G. Schultz*
                                                Mark C. Hansen (admitted *pro hac vice*)
                                                Joseph S. Hall (SDNY Bar No. JH2612)
                                                Thomas G. Schultz (admitted *pro hac vice*)
                                                Joshua Hafenbrack (admitted *pro hac vice*)
                                                Gavan W. Duffy Gideon (admitted *pro hac vice*)
                                                Rachel T. Anderson (admitted *pro hac vice*)
                                                KELLOGG, HANSEN, TODD, FIGEL
                                                  & FREDERICK, P.L.L.C.
                                                1615 M Street NW
                                                Suite 400
                                                Washington, DC 20036
                                                Tel.:  (202) 326-7900
                                                Fax:  (202) 326-7999
                                                Email:   mhansen@kellogghansen.com
                                                          jhall@kellogghansen.com
                                                          tschultz@kellogghansen.com
                                                          jhafenbrack@kellogghansen.com
                                                          ggideon@kellogghansen.com
                                                          randerson@kellogghansen.com

                                                *Counsel for Plaintiffs fuboTV Inc. and fuboTV Media Inc.*

Cc:     All Counsel of Record (via CM/ECF)