```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FUBOTV INC. and FUBOTV MEDIA INC.,

                              *Plaintiffs*,

   -against-

THE WALT DISNEY COMPANY, ESPN, INC., ESPN ENTERPRISES, INC., HULU, LLC, FOX CORPORATION, and WARNER BROS. DISCOVERY, INC.,

                              *Defendants*.

Civil Action No. 24-cv-1363-MMG-JW

[~~PROPOSED~~] AMENDED STIPULATED PROTECTIVE ORDER

## [~~PROPOSED~~] AMENDED STIPULATED PROTECTIVE ORDER

The parties to the above-captioned matter (the "Action"), through their undersigned counsel of record, stipulate and agree under Rule 26(c) of the Federal Rules of Civil Procedure, and the Court hereby ORDERS upon a finding of good cause, that this Amended Stipulated Protective Order (hereinafter "Stipulated Protective Order") shall govern the disclosure and use of confidential and privileged information in this Action. This Stipulated Protective Order shall supersede the protective order that the Court entered on June 7, 2024.

In general, this Stipulated Protective Order provides for the following categories of information: non-confidential material; Confidential material; Highly Confidential Attorney's Eyes Only material; and Highly Confidential Outside Attorney's Eyes Only material. Each of these categories shall be treated differently in accordance with the provisions of this Stipulated Protective Order. In the event of disagreement between the parties regarding the designation of particular information, the parties shall meet and confer prior to seeking judicial relief.

## DEFINITIONS GENERALLY

1. <u>Parties</u>. The term "Party" means a plaintiff or defendant in this Action, including the officers, directors, principals, and other employees acting on behalf of a corporate party. "Parties" means any combination of plaintiffs or defendants in this Action, including the officers, directors and principals acting on behalf of corporate Parties.

2. <u>Non-Parties</u>. The term "Non-Party" means any individual, corporation, association, or other natural person or entity that is not a party to the Action.

3. <u>Discovery Material</u>. The term "Discovery Material" means all documents, items, or information (regardless of the medium or manner generated, stored, or maintained) including testimony transcripts, and tangible things that are produced or generated in disclosures or responses to discovery in this Action. This includes any material produced, filed, or served by any Party or Non-Party in this Action, or any information included in such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, responses to requests for admission, documents, and tangible things. The term "document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure and Federal Rule of Evidence 1001.

4. <u>Privilege</u>. The term "Privilege" means the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity against disclosure recognized by law.

5. <u>Confidential Material</u>. The term "Confidential Material" means confidential or proprietary business, commercial, research, personnel, product, or financial information (regardless of how it is generated, stored, or maintained) including but not limited to:

      a. previously non-public financial information (including without limitation profitability reports or estimates, percentage fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

      b. previously non-public material relating to ownership or control of any non-public company;

      c. previously non-public and proprietary information that reveals, contains, or reflects Confidential Information;

      d. previously non-public and proprietary research, technical, or commercial information;

      e. any information of a personal or intimate nature regarding any individual, including medical information, personal identifying information, personnel information, tax returns or filings;

      f. any other category of information hereinafter given confidential status by the Court; or

      g. any other material that qualifies for protection under Federal Rule of Civil Procedure 26(c).

      6. <u>Highly Confidential Attorney's Eyes Only Material</u>. The term "Highly Confidential Attorney's Eyes Only" means Discovery Material that the Producing Party reasonably and in good faith believes constitutes or reveals:

      a. trade secrets or other Confidential Information the unauthorized disclosure of which would result in competitive, commercial or financial harm to the Producing Party or their personnel, clients, or customers; and

  b. material that the Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for materials designated "Confidential."

  7. <u>Highly Confidential Outside Attorney's Eyes Only Material</u>.  The term "Highly Confidential Outside Attorney's Eyes Only" means Discovery Material produced by a Producing Party that the Producing Party reasonably and in good faith believes constitutes or reveals:

  a. trade secrets or other Confidential Information the unauthorized disclosure of which would result in competitive, commercial or financial harm to the Producing Party or their personnel, clients, or customers; and

  b. material that the Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for materials designated "Confidential" or "Highly Confidential Attorney's Eyes Only."

  8. <u>Designating Party</u>.  A Party or Non-Party that designates Discovery Material as "Confidential," "Highly Confidential Attorney's Eyes Only," or "Highly Confidential Outside Attorney's Eyes Only."

  9. <u>Producing Party</u>.  A Party or Non-Party that produces Discovery Material in this Action.

  10. <u>Receiving Party</u>.  A Party that receives Discovery Material from a Producing Party.

  11. <u>Protected Material</u>.  Confidential Material, Highly Confidential Attorney's Eyes Only Material, and Highly Confidential Outside Attorney's Eyes Only Material are collectively referred to as "Protected Material."

  12. <u>Designated Internal Litigation Counsel</u>.  For each Party, up to four (4) in-house counsel who may be provided access to "Highly Confidential Attorney's Eyes Only" material in

this matter (1) who do not currently have and are not reasonably foreseeably expected to have involvement in commercial negotiations or competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who have executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A.  For purposes of this paragraph, Defendants The Walt Disney Company, ESPN, Inc., ESPN Enterprises, Inc., and Hulu, LLC will be considered a single Party.  As soon as practicable after the entry of this Order, and at least seven (7) days before any Receiving Party begins to disclose "Highly Confidential Attorney's Eyes Only" material to a Designated Internal Litigation Counsel, that Receiving Party shall provide the following information to the Producing Party:

      a. the full name of the Designated Internal Litigation Counsel;

      b. the city and state of the Designated Internal Litigation Counsel's primary place of work; and

      c. the Designated Internal Litigation Counsel's state bar license number(s).

## GENERAL PROVISIONS

13.    <u>Scope</u>.  This Stipulated Protective Order governs all Discovery Material produced by any Party or Non-Party in this Action.

14.    <u>Limited Purpose.</u>  Unless otherwise agreed-to by the Parties or further ordered by the Court, Protected Material may be used only in this Action, and may not be used in any other action, proceeding, arbitration, or for any other purpose.

15.    The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal

Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

16.     <u>Designation of Protected Material</u>.  A Party or Non-Party designating Discovery Material as Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only, shall mark each page of the document containing such material as "Confidential," "Highly Confidential Attorney's Eyes Only," or "Highly Confidential Outside Attorney's Eyes Only."  If all or a portion of written discovery responses are entitled to protection under this Stipulated Protective Order, then the entire response may be designated as "Confidential," "Highly Confidential Attorney's Eyes Only," or "Highly Confidential Outside Attorney's Eyes Only," provided, however, following service of such responses and upon request of the Receiving Party, the Parties (and Non-Parties, to the extent applicable) will meet and confer regarding whether certain portions of those responses are not Protected Material and memorialize any agreement in writing.

17.     Any person subject to this Stipulated Protective Order who receives from any other person any Protected Material shall not disclose such Protected Material to anyone else except as expressly permitted hereunder.

18. Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this Action serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection or request, including the Bates (document control) number of the Discovery Material challenged for that document. The Parties (and Non-Parties, to the extent applicable) shall meet and confer to discuss the objection within seven (7) business days. If the Parties cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether such Discovery Material has been properly designated in accordance with this Stipulated Protective Order. The Designating Party shall bear the burden of persuading the Court that the designated material is properly designated. Pending a decision from the Court, the challenged documents shall be treated as having been properly designated by the Producing Party.

## DISCLOSURE OF PROTECTED MATERIAL

18. Confidential Material. No person subject to this Stipulated Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person, except to:

   a. the Parties to this Action;

   b. the Parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, acting on behalf of a corporate Party to the Action;

   c. the Parties' outside counsel, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

   d. persons whom the Confidential Material itself indicates, or the Receiving Party otherwise has a good faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the Discovery Material; and any person whose statements, communications or

actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face;

    e. any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Action and to whom disclosure is reasonably necessary, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    f. any person retained by or on behalf of a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    g. stenographic reporters, videographers and their respective staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

    h. the Court and its support personnel;

    i. any current employee of the Designating Party; and

    j. any mediator or other presiding officer during any alternative dispute resolution proceeding in which the Parties have agreed to participate.

    19. <u>Highly Confidential Attorney's Eyes Only or Outside Attorney's Eyes Only</u>. Notwithstanding the foregoing paragraph, no person subject to this Stipulated Protective Order, other than the Producing Party, shall disclose any Discovery Material designated as "Highly Confidential Attorney's Eyes Only" or "Highly Confidential Outside Attorney's Eyes Only" to any other person, except to:

      a. Designated Internal Litigation Counsel for each Party, unless a Producing Party designates the Discovery Material as "Highly Confidential Outside Attorney's Eyes Only," in which case the Material shall not be disclosed to Designated Internal Litigation Counsel;

      b. the Parties' outside counsel retained in connection with this matter, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

      c. persons whom the Highly Confidential Attorney's Eyes Only Material or Highly Confidential Outside Attorney's Eyes Only itself indicates were the author, creator, producer, addressee, source, or recipient of the document; and any person whose statements, communications or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face;

      d. a witness testifying at a deposition, hearing, or trial, provided that one of the following conditions are met:

          i. the witness is an officer or designee testifying on behalf of a Designating Party pursuant to Fed. R. Civ. P. 30(b)(6) and the examining Party has a good-faith basis to believe that person has knowledge of information in the document or the document's subject matter;

          ii. the witness is a current employee of the Designating Party or entity;

          iii. the witness is a former employee of the Designating Party or entity and the examining Party has a good-faith basis to believe the witness has or had lawful access to the specific material to be disclosed (but only to the extent the document was created during the time of such former employee's employment by the Designating Party and if the Designating Party has a reasonable basis to believe that the former employee knew or had access to the information in the document during the term of his employment with the Designating Party); or

          iv. the person is otherwise permitted access under this Paragraph.

v. Absent any of these circumstances or order of the Court, the Party wishing to use Highly Confidential Attorney's Eyes Only Material or Highly Confidential Outside Attorney's Eyes Only Material in an examination of a witness must obtain prior consent from the Producing Party.

e. any person retained by a Party in good faith to serve as an expert witness or consultant or otherwise provide specialized advice to outside counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

f. stenographic reporters, videographers and their respective staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

g. any other person whom the Producing Party agrees in writing may have access to such Discovery Material;

h. the Court and its support personnel; and

i. any mediator or other presiding officer during alternative dispute resolution proceedings for which the Parties have agreed to participate.

## **USE OF PROTECTED MATERIAL BY A PARTY IN THIS ACTION**

20. <u>Depositions</u>. From the date of a deposition until thirty (30) business days after receipt of a final deposition transcript, such transcript shall be deemed Highly Confidential Attorney's Eyes Only in accordance with this Stipulated Protective Order unless the Parties otherwise agree. Absent a timely designation of some or all of the final transcript as Confidential Material or Highly Confidential Attorney's Eyes Only Material, this presumptive designation shall

lapse.  The designation shall be made either on the record during the deposition or in writing and served upon all counsel of record and the relevant court reporter.  Any designation of a transcript (or portion thereof) shall be treated as a designation of the deposition's video, or portion thereof, and vice-versa.

21. <u>Filings</u>.  All Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Material, shall be filed under seal and kept under seal until further order of the Court.  The Parties will use their best efforts to minimize such sealing.  In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Material itself, and not text that in no material way reveals the Protected Material.

22. <u>Use of Non-Party Highly Confidential Material</u>.  Any Party that seeks to use at a public hearing Protected Material that a Non-Party has designated Highly Confidential Attorney's Eyes Only or Highly Confidential Outside Attorney's Eyes Only shall meet and confer with the Non-Party prior to the hearing.  For the preliminary injunction hearing, any Party that seeks to use Highly Confidential Attorney's Eyes Only or Highly Confidential Outside Attorney's Eyes Only material shall provide notice to the Non-Party no later than July 26, 2024.  The relevant Party and Non-Party shall meet and confer to consider whether protection such as redactions, limiting public-facing screens, or not quoting the Highly Confidential material into the public record can resolve any confidentiality concerns.  To the extent that the Party and Non-Party cannot reach agreement, they shall submit joint letter briefs to the Court no later than July 31, 2024, detailing the Highly Confidential Attorney's Eyes Only or Highly Confidential Outside Attorney's Eyes Only material sought to be shown publicly, the necessity of such protections, and the Party and Non-Party's

meet-and-confer efforts. Unless and until the Court rules that the Party may use material that the Non-Party has designated Highly Confidential Attorney's Eyes Only or Highly Confidential Outside Attorney's Eyes Only at a public hearing, such disclosure will not be allowed.

23. <u>Trial</u>. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Protected Material introduced in evidence at trial or the preliminary injunction hearing, even if such material has previously been sealed or designated as Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only. The Court also retains unfettered discretion whether to afford confidential treatment to any Protected Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

## **REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES**

24. Each person who has access to Protected Material that has been designated as Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

25. Any Party or Non-Party (or counsel to any Party or Non-Party) that becomes aware of any unauthorized disclosure of Protected Material or any breach of this Stipulated Protective Order shall promptly give notice to the Party or Non-Party that produced or supplied the Protected Material of such circumstances, including a reasonable description of the circumstances that led to the unauthorized disclosure. Upon receipt of such notice, the Party or Non-Party that produced or supplied the Protected Material may seek such other relief as is appropriate. In any event, the Party or Non-Party that made the unauthorized disclosure shall immediately use its best efforts to retrieve such information and to prevent further disclosure.

**PRODUCTION OF PROTECTED MATERIAL WITHOUT DESIGNATION**

26. The production of Protected Material without a designation as Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only Material shall not be deemed a waiver or impairment of any subsequent claim of protection of the confidential nature of any such material.

27. Upon a Party or Non-Party's discovery that its information was not correctly designated, that Party or Non-Party shall provide notice to the other Parties that the information was inappropriately designated. The Producing Party or Non-Party shall then have twenty (20) business days in which to re-designate the information and produce a replacement copy of the re-designated document with appropriate confidentiality mark. The document shall be produced with an overlay load file referencing the original Bates number and including a metadata field indicating the confidential status of the document. If the reproduced document is stamped with a new Bates number, the load file shall include a cross-reference field to the original Bates number. If an inadvertently-omitted Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only designation is first claimed by the Producing Party during the course of a deposition, hearing or proceeding in which such Protected Material is disclosed as though no designation had been made, it must be treated immediately going forward as though that Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only designation had been previously made. The Producing Party of such Protected Material shall then have twenty (20) business days in which to re-designate the information and produce a replacement copy of the re-designated document with appropriate confidentiality mark.

28. Additionally, upon notice that any Protected Material has not been appropriately designated and upon receipt of the re-produced document with the appropriate confidentiality stamp, the Party receiving such notice shall return or destroy all incorrectly marked Protected Materials.  Upon notice, the Receiving Party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in conformity with any such re-designation.  The Receiving Party shall thereafter treat the documents consistent with the designated level of confidentiality.  No Party is deemed to violate this Stipulated Protective Order if, prior to notification of any designation, Protected Material has been disclosed or used in a manner inconsistent with the later designation.  If such Protected Material became a part of the public record prior to notice of a request to change its designation, it is the responsibility of the Party or Non-Party who changed the designation to move the Court for appropriate relief.

## PRODUCTION OF PRIVILEGED OR OTHER MATERIAL IMMUNE FROM DISCOVERY

29. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding pursuant to Federal Rule of Evidence 502(d).

30. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

31. If the Producing Party becomes aware that it has produced privileged or work-product protected documents, ESI or information, the Producing Party will promptly notify the

Receiving Party in writing of the production and the basis of the privilege being asserted. The obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

32. The Producing Party retains the burden of establishing the privileged or protected nature of any information.

## **CONCLUSION OF LITIGATION**

33. This Stipulated Protective Order shall survive the termination of this Action. Within forty-five (45) calendar days of the final disposition of this Action, all Discovery Material designated as "Confidential," "Highly Confidential Attorney's Eyes Only," or "Highly Confidential Outside Attorney's Eyes Only," and all copies thereof, shall be promptly returned to the producing person or destroyed. This obligation does not extend to data stored on enterprise data back-up systems which store and delete data for emergency back-up purposes only, so long as such data is subject to a periodic and automatic destruction policy.

34. Notwithstanding the above requirements to return or destroy documents, Counsel of Record may retain (1) attorney work product, and (2) a complete set of all documents filed with the Court, including those filed under seal.

35. This Court shall retain jurisdiction over all persons subject to this Stipulated Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

36. This Stipulated Protective Order may be signed in counterparts.

**SO STIPULATED AND AGREED.**

Dated:  July 5, 2024

| | |
|---|---|
| */s/ Thomas G. Schultz* | */s/ Antony L. Ryan* |
| Mark C. Hansen (admitted *pro hac vice*) | Antony L. Ryan |
| Evan T. Leo (admitted *pro hac vice*) | Joe Wesley Earnhardt |
| Kevin J. Miller (admitted *pro hac vice*) | Yonatan Even |
| Joseph S. Hall (SDNY Bar No. JH2612) | Damaris Hernández |
| Thomas G. Schultz (admitted *pro hac vice*) | Michael P. Addis |
| Joshua Hafenbrack (admitted *pro hac vice*) | CRAVATH, SWAINE & MOORE LLP |
| KELLOGG, HANSEN, TODD, FIGEL   & FREDERICK, P.L.L.C. | 825 Eighth Avenue<br>New York, NY 10019 |
| 1615 M Street, NW | Tel.:  (212) 474-1000 |
| Suite 400 | Fax:  (212) 474-3700 |
| Washington, DC 20036 | Email:  aryan@cravath.com |
| Tel.:  (202) 326-7900 |            wearnhardt@cravath.com |
| Fax:  (202) 326-7999 |            yeven@cravath.com |
| Email:  mhansen@kellogghansen.com |            dhernandez@cravath.com |
|            eleo@kellogghansen.com |            maddis@cravath.com |
|            kmiller@kellogghansen.com | |
|            jhall@kellogghansen.com | *Counsel for Defendants The Walt Disney Company, ESPN, Inc., ESPN Enterprises, Inc., and Hulu, LLC* |
|            tschultz@kellogghansen.com | |
|            jhafenbrack@kellogghansen.com | |
| *Counsel for Plaintiffs fuboTV Inc. and fuboTV Media Inc.* | |
| | |
| */s/ Andrew J. Levander* | */s/ David L. Yohai* |
| Andrew J. Levander | David L. Yohai |
| Steven E. Bizar | Adam C. Hemlock |
| Steven A. Engel | Elaina K. Aquila |
| Michael H. McGinley (admitted *pro hac vice*) | Robert W. Taylor |
| Erica Fruiterman (admitted *pro hac vice*) | Theodore E. Tseskerides |
| DECHERT, LLP | WEIL, GOTSHAL & MANGES LLP |
| 1095 Avenue of the Americas | 767 Fifth Avenue |
| New York, NY 10036 | New York, NY 10153 |
| Tel.:  (212) 698-3500 | Tel.:  (212) 310-8000 |
| Fax:  (212) 698-3500 | Fax:  (212) 310-8007 |
| Email:  andrew.levander@dechert.com | Email:  david.yohai@weil.com |
|            steven.bizar@dechert.com |            adam.hemlock@weil.com |
|            steven.engel@dechert.com |            elaina.aquila@weil.com |
|            michael.mcginley@dechert.com |            robert.taylor@weil.com |

16

| | |
|---|---|
| erica.fruiterman@dechert.com | theodore.tsekerides@weil.com |
| *Counsel for Defendant Fox Corporation* | *Counsel for Warner Bros. Discovery, Inc.* |

**SO ORDERED.**

**Date:** 07/08/2024
**New York, New York**

**MARGARET M. GARNETT**
**United States District Judge**

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FUBOTV INC. and FUBOTV MEDIA INC., <br><br> *Plaintiffs*, <br><br> -against- <br><br> THE WALT DISNEY COMPANY, ESPN, INC., ESPN ENTERPRISES, INC., HULU, LLC, FOX CORPORATION, and WARNER BROS. DISCOVERY, INC., <br> *Defendants*. | Civil Action No.  24-cv-1363-MMG-JW <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this Action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential Attorney's Eyes Only. I agree that I will not disclose such Protected Material to anyone other than for purposes of this Action, and that at the conclusion of the Action, I will return all discovery information to the party or attorney from whom I received it.  By acknowledging these obligations under the Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Stipulated Protective Order could subject me to punishment for contempt of Court.

Dated: _____