

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**ANDREW LEVANDER**

Andrew.Levander@dechert.com
+1 212 698 3683  Direct
+1 212 698 0483  Fax

July 24, 2024

The Honorable Margaret M. Garnett
United States District Court for the
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:  *fuboTV Inc. v. The Walt Disney Company*, No. 24-cv-1363

Dear Judge Garnett:

      We write on behalf of all Defendants in opposition to Fubo's July 22 motion to compel Defendants to produce privileged communications discussing Defendants' common legal interests. The Court should deny Fubo's belated and meritless motion.

      Defendants have produced ███████████████████████████████████████ ███████████████████████████, Fubo objects to Defendants' withholding or redacting ████ of documents reflecting their common interests ██████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ███████.  As is not uncommon in major transactions, Defendants agreed that any documents they shared regarding their common legal interests should remain privileged, and ████████████ ████████████████████████████████████████████████████████████████.  That common interest informed ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████ Fubo has no cause to challenge those assertions now.

      ***First***, Fubo's position lacks merit.  Parties may assert a common-interest privilege where they share a "common legal, rather than commercial, interest" and they understood that the exchange of privileged information would further that interest.  *Giuffre v. Dershowitz*, 2022 WL 1471032, at *2 (S.D.N.Y. May 10, 2022) (quotation omitted).  Contrary to Fubo's claim, parties "adversely positioned in negotiating" a transaction are not categorically barred from asserting a common-interest privilege regarding topics on which their interests are aligned.  Fubo's Motion at 2; *see La. Mun. Police Employees Retirement Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 310 (D.N.J. 2008)

---

[1] Fubo cites *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 203 (S.D.N.Y. 2013) for the proposition that Defendants must make a showing as to why the documents are privileged.  Yet a defendant may satisfy that requirement with a "privilege log setting forth basic information to permit the existence of protection to be contested in a meaningful way."  *Id.* at 202.  Defendants provided Fubo with privilege logs, ███████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████.  Notably, Fubo restricts its challenge to a legal argument and ████████████████████████████████████████.



Hon. Margaret M. Garnett
July 24, 2024
Page 2

(dismissing similar assertion as "simply too broad").  Instead, parties "with common interests may also have conflicting interests without losing the benefit of the common interest doctrine where the communications they seek to protect relate to their common interests."  *In re Velo Holdings Inc.*, 473 B.R. 509, 514 (Bankr. S.D.N.Y. 2012); *see also, e.g.*, *Rodriguez v. Seabreeze Jetlev LLC*, 620 F. Supp. 3d 1009, 1019 (N.D. Cal. 2022) (same).

That logical rule applies to transactions like the JV.  Parties "on adverse sides of a business deal" can still "share a common legal interest" in protecting their deal against common legal threats.  *Sealed Air Corp.*, 253 F.R.D. at 310 (ruling that a common interest existed in defending against asbestos claims); *see also, e.g.*, *Chabot v. Walgreens Boot Alliance*, Inc., No. 1:18-cv-2118, 2020 WL 3410638, at *10 (M.D. Pa. June 11, 2020) (noting parties had "a common legal interest . . . in FTC approval of the merger"); *In re Leslie Controls, Inc.*, 437 B.R. 493, 500–01 (Bankr. D. Del. 2010) (negotiating adversaries share common interest against claims by insurers).  Thus, when two sides of a transaction "coordinat[e] and conform[] the structure of their transaction in response to . . . legal conclusions" relevant to shared legal issues, the parties' shared documents related to those legal conclusions are privileged.  *SEC v. Alderson*, 390 F. Supp. 3d 470, 481 (S.D.N.Y. 2019); *see , e.g., Morvil Tech., LLC v. Ablation Frontiers, Inc.*, 2012 WL 760603, at *3 (S.D. Cal. Mar. 8, 2012) ("The legal interests of [potential merging parties] in evaluating these legal interests were aligned as both parties were committed to the transaction and working towards its successful completion.").  As one court colorfully described it, the existence and "size of the pie" that the parties are trying to negotiate "and the size of the pieces are two separate questions."  *Leslie Controls*, 437 B.R. at 502.  Parties can be "in accord as to the former and adversaries as to the latter."  *Id*.

That is the case here.  Defendants negotiated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  But Defendants unquestionably shared a common interest in protecting the JV against external legal threats.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Those communications are privileged.[3]

The Second Circuit's decision in *Schaeffler v. United States*, 806 F.3d 34 (2d Cir. 2015), is instructive—but not for the reason that Fubo asserts.  In *Schaeffler*, a company and a consortium of

---

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but parties may show a common legal interest even without any formal agreement.  *See, e.g., Intex Recreation Corp. v. Team Worldwide Corp.*, 471 F. Supp. 2d 11, 16 (D.D.C. 2007); *Brunckhorst v. Bischoff*, 2022 WL 276402, at *4 (S.D.N.Y. July 15, 2022).

[3] Contrary to Fubo's claim, the fact that privilege log entries identify attorney-client privilege and not work product as a privilege being asserted does not function as a waiver of any and all work product claims, particularly when, as here, privilege logs must be prepared on an expedited basis.

Case 1:24-cv-01363-MMG   Document 229   Filed 07/24/24   Page 3 of 4



Hon. Margaret M. Garnett
July 24, 2024
Page 3

banks were necessarily adverse to each other when negotiating the restructuring of debt arrangements. *See id.* at 37–38. But they shared a common legal interest when it came to tax issues. *See id.* 41–42. The IRS eventually sought a privileged document that the company shared with the banks. *See id.* at 37–38. And the Second Circuit held that the communications fell under the common-interest privilege. *See id.* at 41–43. As this Court later explained, the banks and the company in *Schaeffler* shared a "common enterprise" because "they were not only jointly investigating the legal and tax consequences of the restructuring and refinancing but were also coordinating and conforming the structure of their transaction in response to those legal conclusions." *SEC v. Alderson*, 390 F. Supp. 3d 470, 481 (S.D.N.Y. 2019). Here, [REDACTED]

*Schaeffler* thus requires Fubo's motion be denied.[5]

***Second***, [REDACTED]

***Finally***, Fubo's last-minute challenge comes too late. Despite having access to the disputed documents for many weeks, *see* Fubo's Motion at 2, Fubo brought their motion to compel just three days before Defendants must file their opposition to Fubo's preliminary-injunction ("PI") motion and two weeks before the scheduled hearing. Fubo's delay in bringing this motion to compel is reason alone to deny Fubo's motion.

---

[4] Fubo's position is particularly baseless, [REDACTED].

[5] Fubo's other citations are off-point. *See, e.g.*, *Bank of America, NA v. Terra Nova Ins. Co. Ltd.*, 211 F. Supp. 2d 493 (S.D.N.Y. 2002) (noting that defendants provided "no evidence that the . . . agreements constituted anything more than a business transaction—that is, a commercial endeavor"); *Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*, 2023 WL 315072, at *12 (S.D.N.Y. Jan. 19, 2023) (no evidence of a common legal interest); *In re JP Morgan Chase & Co. Secs. Litig.*, 2007 WL 2363311, at *5 (N.D. Ill. Aug. 13, 2007) (recognizing only "a common business interest"); *10x Genomics, Inc. v. Celsee, Inc.*, 505 F. Supp. 3d 334, 340 (D. Del. 2020) (recognizing that correspondence and documents exchanged "during the negotiations that resulted in the acquisition agreement" were not protected because the parties "were not engaged in legal strategy sessions but instead were negotiating a commercial transaction from the opposite sides of a bargaining table").


Hon. Margaret M. Garnett
July 24, 2024
Page 4

Respectfully yours

DECHERT LLP

*/s/ Andrew J. Levander*
Andrew J. Levander
Steven E. Bizar
Steven A. Engel
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036
Telephone: (212) 698-3500
andrew.levander@dechert.com
steven.bizar@dechert.com
steven.engel@dechert.com

Michael H. McGinley (*pro hac vice*)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
michael.mcginley@dechert.com

John (Jay) Jurata, Jr. (*pro hac vice*)
Erica Fruiterman (*pro hac vice*)
DECHERT LLP
1900 K Street N.W.
Washington, D.C. 20006
jay.jurata@dechert.com
erica.fruiterman@dechert.com

*Attorneys for Defendant Fox Corporation*