# CRAVATH

J. Wesley Earnhardt
wearnhardt@cravath.com
+1-212-474-1138
New York

July 25, 2024

Re:    *FuboTV Inc. et al. v. The Walt Disney Company et al., No. 24-cv-01363*

Dear Judge Garnett:

I write on behalf of all Defendants in the above-captioned matter.  Pursuant to Rule I.D.3 of Your Honor's Individual Rules and Practices, Defendants The Walt Disney Company, ESPN, Inc., ESPN Enterprises, Inc. and Hulu, LLC (the "Disney Defendants" or "Disney"), Fox Corporation ("Fox") and Warner Bros. Discovery, Inc. ("WBD") (together, "Defendants") in the above-captioned matter respectfully request leave to file under seal (i) portions of the Opposition to Plaintiffs' Motion for Preliminary Injunction (the "Opposition"); (ii) portions of the Declaration of J. Wesley Earnhardt in Support of Defendants' Opposition (the "Earnhardt Declaration"); (iii) and certain of the exhibits thereto.  Fubo and each of the third parties has consented to the Protected Material being filed under seal.

Consistent with Your Honor's Individual Rule I.D.3.iii, the above mentioned documents have been contemporaneously filed under seal on ECF as "Attorneys' Eyes Only" and electronically related to this letter-motion.

*First*, each of the documents requested to be filed under seal or redacted has been designated "Highly-Confidential Attorney Eyes Only" or "Highly Confidential Outside Attorney's Eyes Only" by FuboTV Inc. and FuboTV Media Inc. (together, Plaintiff or Fubo), Defendants or third parties Echostar Corporation, DirectTV, LLC, and NBCUniversal Media, LLC.  As set forth in the Amended Stipulated Protective Order entered by the Court on July 8, 2024, "[a]ll Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Material, shall be filed under seal and kept under seal until further order of the Court."  (Dkt. 218 ¶ 21.)

*Second*, sealing the below exhibits is appropriate in light of the presumption of public access to judicial documents.  The Second Circuit has held that "notwithstanding the presumption of [public] access under both the common law and the First Amendment", filed documents may be kept under seal if "sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim".  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  "Business secrecy" is a well-established factor "outweigh[ing] the presumption of public access."  *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-cv-6239 (PKC) 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021)

NEW YORK
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

LONDON
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

WASHINGTON, D.C.
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

Cravath, Swaine & Moore llp

(citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed . . . ."). Courts have frequently found that a person's interest in protecting sensitive business information outweighs the public's interest in accessing such materials, and, as such routinely permit parties to file such materials under seal. *See, e.g.*, *Lexington Furniture Industries*, 2021 WL 1143694, at *2 (finding that the proposed sealing was appropriate because "protecting the parties' sensitive business information, outweighs the public's right to access this information" and the sealing was "narrowly tailored to protect only this sensitive business information"). As set forth below, each of the exhibits sought to be sealed meet that standard.

The exhibits fall into five broad categories: (i) highly confidential agreements; (ii) highly confidential internal and proprietary financial analyses, marketing data and business strategy; (iii) correspondence concerning highly confidential material; (iv) excerpts of highly confidential deposition testimony; and (v) expert reports containing each category of highly confidential information identified above, each of which reflects sensitive business information that should be sealed.

## Agreements

The exhibits below are highly confidential business agreements that concern agreements among the parties and with third parties related to licensing video content. When the disclosure of "confidential business terms", such as those detailed in these exhibits, would result in "competitive harm" to a party, such as a "disadvantage . . . in future . . . negotiations with third parties", this Court has agreed to seal such documents, including in this proceeding. *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y Aug. 4, 2021); Dkt. 147 at 2 (granting motion to seal for "documents that concern Fubo's carriage agreements with Defendants"). The Court has granted a motion to file under seal a number of these agreements (*see e.g.*, Dkt. 90-1 (Exhibit 89), Dkt. 90-2 (Exhibit 41), Dkts. 90-3 to 90-5 (Exhibit 100) and Dkt. 90-7 (Exhibit 42) which were attached to the declaration of Todd Mathers filed in support of Fubo's Motion for Preliminary Injunction.) (Dkt. 147 at 2 (granting the Fubo PI Motion to Seal)).

These exhibits contain sensitive terms that affect the Parties' ongoing relationship with one another and with third-parties and should therefore remain confidential. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y Mar. 22, 2021) (granting motion to seal documents containing the terms of confidential trademark licensing agreements). An order from this Court to seal these exhibits would be narrowly tailored to prevent potential competitive harms from the disclosure of Parties' confidential business terms and to protect the ongoing commercial relationship between those parties.

| Exhibit # | Bates number |
|---|---|
| 19 | TWDC_FUBO_00077161 |
| 23 | TWDC_FUBO_00079295 |
| 39 | TWDC_FUBO_00080289 |
| 40 | FOX-020490 |
| 41 | TWDC_FUBO_00082294 |
| 42 | FOX-022688 |
| 43 | TWDC_FUBO_00082094 |
| 44 | FOX-021782 |
| 54 | TWDC_FUBO_00123253 |

| Exhibit # | Bates number |
|---|---|
| 56 | WBD-00029182 |
| 65 | FUBO_0100573 |
| 73 | FUBO_0168464 |
| 74 | FUBO_0101226 |
| 75 | FUBO_0101244 |
| 76 | FUBO_0168358 |
| 77 | FUBO_0165222 |
| 78 | FUBO_0100831 |
| 79 | FUBO_0101090 |
| 80 | FUBO_0100567 |
| 82 | FUBO_0100712 |
| 83 | FUBO_0101468 |
| 84 | FUBO_0101105 |
| 85 | FUBO_0101209 |
| 86 | FUBO_0168490 |
| 87 | FUBO_0168496 |
| 88 | FUBO_0168510 |
| 89 | FUBO_0001782 |
| 92 | WBD-00025897 |
| 93 | WBD-00025943 |
| 94 | WBD-00025946 |
| 95 | FUBO_0139052 |
| 96 | WBD-00025886 |
| 97 | WBD-00025951 |
| 98 | WBD-00025966 |
| 99 | WBD-00025968 |
| 100 | FOX-022764 |
| 101 | FOX-022876 |
| 132 | FOX-065060 |
| 136 | DTV-Fubo-000003882 |
| 137 | DTV-Fubo-000003428 |
| 138 | DTV-Fubo000003618 |

**Internal and Proprietary Financial Analyses, Marketing Data and Business Strategy**

        The exhibits below include decks, internal emails and models that reflect confidential and proprietary financial analyses marketing data and business strategies of the sort that courts routinely seal.  *See Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.*, 1994 WL 177795, at *2 (S.D.N.Y. May 5, 1994)  ("[K]nowledge of [a party's] pricing and marketing plans would give its competitors an unwarranted advantage in the market."); *see also Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information" as well as information "revealing confidential negotiations" with a customer); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (sealing confidential research and development information, marketing plans, revenue information, pricing information); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50  (S.D.N.Y. 2011) (granting motion to seal internal financial information and budgets).

The Court has granted motions to seal "to protect the commercially sensitive business information of Fubo and the Defendants". (Dkt. 147 at 3.) Likewise, the documents below merit sealing.

| Exhibit # | Bates number |
|-----------|--------------|
| 2 | FUBO_0134076 |
| 3 | FUBO_0097919 |
| 8 | DTV-Fubo-000002932 |
| 14 | FOX-065015 |
| 15 | TWDC_FUBO_00077313 |
| 16 | TWDC_FUBO_00043763 |
| 17 | TWDC_FUBO_00016675 |
| 18 | TWDC_FUBO_00016601 |
| 20 | TWDC_FUBO_00037426 |
| 24 | FOX-057328 |
| 25 | WBD-00023204 |
| 26 | TWDC_FUBO_00106479 |
| 27 | TWDC_FUBO_00046715 |
| 28 | TWDC_FUBO_00079431 |
| 29 | NBC-00000167 |
| 30 | ECHO0002954 |
| 31 | FUBO_0150388 |
| 32 | FUBO_0003021 |
| 33 | WBD-00023279 |
| 34 | TWDC_FUBO_00105863 |
| 45 | TWDC_FUBO_00090836 |
| 46 | TWDC_FUBO_00004083 |
| 55 | TWDC_FUBO_00037555 |
| 58 | DTV-Fubo-000003283 |
| 59 | ECHO0003272 |
| 61 | FOX-043036 |
| 63 | FUBO_0063681 |
| 66 | FUBO_0033731 |
| 71 | FUBO_0022021 |
| 72 | FUBO_0146913 |
| 109 | FUBO_0011001 |
| 110 | FUBO_0006885 |
| 68 | FUBO_0123831 |
| 67 | FUBO_0079043 |
| 81 | FUBO_0078442 |
| 107 | FUBO_0073002 |
| 114 | FUBO_0132713 |
| 117 | DTV-Fubo-000002345 |
| 118 | April 9, 2024 Declaration of Alberto Horihuela in Support of Plaintiffs' Motion for Preliminary Injunction[1] |

---

[1] The Court granted Fubo's motion to seal the declaration of Alberto Horihuela. (Dkt. 147 at 2 (granting the Fubo PI Motion to Seal)).

| Exhibit # | Bates number |
|---|---|
| 119 | TWDC_FUBO_00055577 |
| 121 | FUBO_0147699 |
| 123 | FUBO_0141629 |
| 124 | April 9, 2024 Declaration of John Janedis in Support of Plaintiffs' Motion for Preliminary Injunction[2] |
| 125 | FUBO_0022960 |
| 126 | TWDC_FUBO_00123202 |
| 127 | April 9, 2024 Exhibit 1 to the Declaration of John Janedis in Support of Plaintiffs' Motion for Preliminary Injunction[3] |
| 128 | FUBO_0147659 |
| 129 | FUBO_0032897 |

## External Correspondence

The exhibits below consist of email correspondence both between Fubo and the Defendants and email correspondence with third parties. These emails have been designated highly confidential and contain commercially sensitive and confidential business information. For example, a number of these emails record the negotiations between the parties and therefore concern the terms of a sensitive business agreement and the parties' ongoing commercial relationship. Documents that reveal those terms, and the process by which the parties reached those terms, also merit sealing. *See PDV Sweeny, Inc. v. ConocoPhillips Co.*, 2014 WL 4979316 at \*2 (S.D.N.Y. Oct. 6, 2014) (applying *Lugosh* standard to conclude that sealing of documents concerning the parties' "ongoing commercial relationship" to supply materials was appropriate "on the basis of their containing sensitive commercial information affecting the parties' ongoing relationship"). The Court in this matter has previously granted motions to seal on this basis. (*See* Dkt 147 at 3; Dkt 195.)

| Exhibit # | Bates number |
|---|---|
| 48 | TWDC_FUBO_00088564 |
| 49 | TWDC_FUB0_00086036 |
| 51 | TWDC_FUBO_00087310 |
| 52 | TWDC_FUBO_00084779 |
| 53 | TWDC_FUBO_00090523 |
| 62 | FUBO_0041794 |
| 108 | FUBO_0017520 |
| 90 | FUBO_0106558 |
| 91 | FUBO_0104611 |
| 111 | FUBO_0003795 |
| 122 | FUBO_0003702 |

---

[2] The Court granted Fubo's motion to seal the declaration of John Janedis. (Dkt. 147 at 2 (granting the Fubo PI Motion to Seal)).

[3] *Id.*

**Excerpts of Deposition Testimony**

Defendants respectfully request leave to file under seal the below exhibits, which are excerpts of deposition testimony that have been designated by the parties as highly confidential. Defendants seek to narrowly tailor their sealing order by requesting leave to file under seal only limited excerpts that contain the deposition testimony cited in the Opposition. The deposition testimony concerns sensitive commercial business information, including specific terms of carriage agreements, negotiations between the parties, proprietary financial analyses and internal business strategy, such as the material for which sealing is sought above. The exhibits contain substantively similar information as to that reflected in the portions of Fubo's complaint which, as noted above, this Court has sealed. To protect the sensitive business information of the parties, Defendants respectfully request to file the exhibits below under seal. *See In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prod. Liab. Litig.*, 2021 WL 4706199, at *3 (S.D.N.Y. Oct. 8, 2021) (sealing excerpt from deposition transcript discussing confidential business information).

| Exhibit # | Deponent |
|---|---|
| 1 | Justin Warbrooke |
| 5 | James Trautman |
| 6 | Eric Shanks |
| 7 | David Gandler |
| 10 | James Pitaro |
| 11 | John Janedis |
| 12 | Peter Distad |
| 13 | John Nallen |
| 21 | Bruce Campbell |
| 22 | Dan Fox |
| 36 | Jonathan Orszag |
| 37 | David Espinosa |
| 38 | Robert Iger |
| 47 | Justin Connolly |
| 57 | Scott Miller |
| 60 | Gary Schanman |
| 64 | Todd Mathers |
| 69 | Benjamin Grad |
| 70 | Alberto Horihuela |
| 103 | Salvatore Marchesano |
| 104 | Ameet Padte |

**Expert Reports**

Furthermore, Defendants respectfully request leave to file under seal the declarations of the Parties' respective experts. These exhibits reference and discuss Defendants' and Fubo's commercially sensitive proprietary information, including internal projections and strategy, as well as terms of confidential carriage agreements. *See Skyline Steel* 101 F. Supp. 3d at 412–13; *Kewazinga Corp.*at *9. As the declarations of Defendants' experts discuss many of the exhibits above, Defendants request leave to file Exhibits 134 and 135 under seal in order to protect the highly confidential business information contained therein. Defendants request leave to file

under seal the excerpts of Plaintiffs' updated expert declarations which Defendants cite in the Opposition.  The Court granted Plaintiffs' request to file their expert declarations under seal. (Dkt. 147 at 2.)  Defendants request to file under seal excerpts of Plaintiffs' experts' updated declarations because they are not presently on the Court's docket.

| Exhibit # | Document |
|---|---|
| 133 | July 10, 2024 Expert Declaration of Edwin S. Desser |
| 134 | July 19, 2024 Rebuttal Expert Declaration of Michael D. Whinston, Ph.D |
| 139 | Excerpt of the June 24, 2024 Updated Expert Declaration of James Trautman |
| 140 | Excerpt of the June 24, 2024 Updated Expert Declaration of Jonathan Orszag |

**Motion and Declaration**

Finally, for the same reasons as above, the Defendants respectfully request the Court order the portions of the Opposition and Earnhardt Declaration that quote or reference the exhibits sought to be sealed as well.  *See fuboTV, et al v. The Walt Disney Company, et al.*, No. 1:24-mc-00070 (S.D.N.Y. filed Feb. 20, 2024)  It is necessary that such information, which includes pricing information and other terms in the Parties' carriage agreements, continued to be sealed to "protect proprietary and commercially sensitive information". *See Optima Media Grp. Ltd. v. Bloomberg L.P.*, 2018 WL 1587074, at *8 (S.D.N.Y. Mar. 28, 2018).

Sincerely,

*/s/ J. Wesley Earnhardt*
J. Wesley Earnhardt

The Honorable Margaret M. Garnett
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

cc:  All counsel of record

VIA ECF