```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/5/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FUBOTV INC., et al.,

                Plaintiffs,

-against-

THE WALT DISNEY COMPANY, et al.,

                Defendants.

24-CV-01363 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    Before the Court is a motion for leave to file a brief as *amici curiae*, brought collectively by five consumer advocacy organizations of various kinds: Sports Fans Coalition, American Economic Liberties Project, the Electronic Frontier Foundation, Open Markets Institute, and Public Knowledge (together, the "*Amici*"). Dkt. No. 253. The motion is opposed by the Defendants, who argue that the motion is untimely and prejudicial, and the proposed brief is unlikely to be helpful to the Court. *See* Dkt. No. 259. The Court disagrees and the *Amici*'s motion is GRANTED.

    Although no rule governs the filing of *amicus* briefs in the district court, it is well-settled in this District that "resolution of a motion for leave to file an *amicus* brief . . .lies in the firm discretion of the district court." *Lehman XS Trust, Series 2006–GP2* v. *Greenpoint Mortg. Funding*, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (internal reference omitted). "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *Women for Am. First v. De Blasio*, 2020 WL 4904057, at *2 (S.D.N.Y. Aug. 18, 2020) (internal reference omitted).

    In this complex antitrust action, both Plaintiffs and Defendants are represented by able and highly skilled counsel. However, the parties are economic actors who have both a buyer-seller relationship as well as being business competitors. They are sophisticated companies each with direct financial and business stakes in the outcome of this case. But, as Defendants themselves acknowledge in their Opposition to Plaintiff's Motion for Preliminary Injunction, *see* Dkt. Nos. 233 & 235 at 31, the interests of consumers, as well as the interests of competitors themselves, are an important focus of antitrust law. Neither Plaintiffs nor Defendants, naturally pursuing their own economic interests, are necessarily adequately representing the perspectives or interests of consumers in the relevant market. Accordingly, the Court finds that the proposed *amicus* brief, filed by well-respected non-profit organizations with a history of advocating for consumers in areas relevant to this litigation, has the potential to aid the Court and "offer insights not available from the parties." *Women for Am. First v. De Blasio*, 2020 WL 4904057, at *2.

    The Court likewise rejects the Defendants' concerns regarding the timeliness of the *Amici*'s motion. The motion was filed just over a week after the Defendants' voluminous

Opposition was filed, and only one day after Plaintiffs' nearly-equally voluminous Reply. The hearing has not yet occurred. Given all the circumstances of this litigation, the Court finds that timeliness does not weigh in favor of denying the motion. The Court is sensitive to the arguments raised by Defendants regarding any prejudice from the lack of a fair opportunity to respond to the *amicus* brief. However, given the availability of other avenues to address any such prejudice, the Court also finds that this does not weigh in favor of denying the motion.

Accordingly, the motion for leave to file a brief as *amici curiae* in support of Plaintiffs' Motion for Preliminary Injunction is GRANTED, and the proposed brief appended to the motion at Dkt. No. 253-1 shall be made part of the record in this case. The Clerk of Court is respectfully directed to terminate Dkt. No. 253.

Dated: August 5, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge