```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/5/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FUBOTV INC. and FUBOTV MEDIA INC.,

                         *Plaintiffs*,

  -against-

THE WALT DISNEY COMPANY, ESPN, INC., ESPN ENTERPRISES, INC., HULU, LLC, FOX CORPORATION, and WARNER BROS. DISCOVERY, INC.,

                         *Defendants*.

Civil Action No. 24-cv-1363-MMG-JW

**JOINT PRE-HEARING STIPULATION RE: CONFIDENTIALITY PROCEDURES**

WHEREAS, to enable the efficient presentation of highly sensitive business information during the Preliminary Injunction Hearing (PI Hearing) in this matter, the Parties hereby stipulate and agree, through their undersigned counsel, to the following procedures for the submission and protection of such information:

    1.    The Parties have met and conferred pursuant to this Court's Individual Rule I.D(3)(i) to develop procedures for the use and protection of highly sensitive business information at the PI Hearing. Consistent with this Court's Individual Rule I.D(2) and Second Circuit precedent, the Parties have narrowly tailored these procedures to balance the public's right to access judicial documents with the Parties' interest in preventing harmful disclosure of highly sensitive business information. *See Newsday LLC v. County of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013).

    2.    Subject to approval of the Court, the Parties agree to the following procedures to govern the use of information that a Party believes merits confidential treatment at the hearing:

        a.    Any Party that seeks Confidential Treatment (as defined below) of any hearing exhibit, deposition, proposed testimony, or other evidence shall

      identify to the other Parties the specific materials (or portions of materials) that it believes merit Confidential Treatment.

   b. The Parties shall meet and confer about these materials to determine whether the Parties agree that the materials merit Confidential Treatment.

   c. If the Parties do not agree that the identified materials merit Confidential Treatment, the Party seeking such Confidential Treatment shall identify such materials to the Court prior to their use at the hearing and shall seek the Court's approval to treat these materials as confidential.

3. If the Parties agree or the Court orders that the identified materials merit Confidential Treatment, then the Parties and the Court shall afford Confidential Treatment to those materials as follows:

   a. Confidential materials shall be displayed only on the monitors for the Court, witness, counsel and hot seat operator so long as the monitors are not visible to members of the public (the "Nonpublic Screens"). Confidential materials shall not be displayed on any public monitors.

   b. Counsel shall avoid reading into the record Confidential material or questioning the witness in such a way as to elicit Confidential material.

   c. Nothing in this stipulation prevents a Party from using other non-Confidential portions of material even if another portion of the same material is Confidential.

   d. Nothing in this stipulation prevents a Party from using its own Confidential material by sharing it only on the Nonpublic Screens.

4. Nothing in this Stipulation will affect any Party's ability to request that the Court close the courtroom or request any other form of confidential treatment of materials used at the hearing.

5. Without prejudice to the Parties requesting additional documents or portions thereof receive Confidential Treatment, at this time, Defendants and Fubo have agreed pursuant to Paragraph 2 above that (1) the pricing terms of the parties' carriage agreements with each

other and third parties, (2) Defendants' financial analysis and strategic plans unrelated to the joint venture and (3) Plaintiffs' financial and subscriber projections unrelated to the joint venture. merit Confidential Treatment.  Separately, at this time, Disney and Fubo have agreed pursuant to Paragraph 2 above that sensitive portions of certain Disney emails regarding negotiations with sports leagues merit Confidential Treatment.  To the extent that Defendants and Fubo reach agreement that certain additional information and documents merit Confidential Treatment pursuant to Paragraph 2 above, they will inform the Court prior to the use of such materials.  In addition, with respect to any materials on which the Parties reach agreement, they agree to make a good faith effort to avoid publicly disclosing the same materials as they appear in other documents.

6. For the avoidance of doubt, the provisions in this Stipulation govern the use of Party material at the PI Hearing only.  The use of Non-Party material at the PI Hearing will be governed by the procedure set forth in Paragraph 22 of the Amended Protective Order.

**SO STIPULATED AND AGREED.**

Dated: August 3, 2024

<div style="display: flex;">

*/s/ Thomas G. Schultz*
Mark C. Hansen (admitted *pro hac vice*)
Evan T. Leo (admitted *pro hac vice*)
Kevin J. Miller (admitted *pro hac vice*)
Joseph S. Hall (SDNY Bar No. JH2612)
Thomas G. Schultz (admitted *pro hac vice*)
Joshua Hafenbrack (admitted *pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL
 & FREDERICK, P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
Tel.:  (202) 326-7900
Fax:  (202) 326-7999
Email:  mhansen@kellogghansen.com
    eleo@kellogghansen.com
    kmiller@kellogghansen.com
    jhall@kellogghansen.com
    tschultz@kellogghansen.com
    jhafenbrack@kellogghansen.com

*Counsel for Plaintiffs fuboTV Inc. and fuboTV Media Inc.*

*/s/ Damaris Hernández*
Antony L. Ryan
Joe Wesley Earnhardt
Yonatan Even
Damaris Hernández
Michael P. Addis
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, NY 10001
Tel.:  (212) 474-1000
Fax:  (212) 474-3700
Email:  aryan@cravath.com
    wearnhardt@cravath.com
    yeven@cravath.com
    dhernandez@cravath.com
    maddis@cravath.com

*Counsel for Defendants The Walt Disney Company, ESPN, Inc., ESPN Enterprises, Inc., and Hulu, LLC*

</div>

| | |
|---|---|
| */s/ Michael H. McGinley* | */s/ David L. Yohai* |

Andrew J. Levander
Steven E. Bizar
Steven A. Engel
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Tel.: (212) 698-3500
Fax: (212) 698-3500
Email: andrew.levander@dechert.com
steven.bizar@dechert.com
steven.engel@dechert.com

Michael H. McGinley (admitted *pro hac vice*)
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104
Email: michael.mcginley@dechert.com

John (Jay) Jurata, Jr. (admitted *pro hac vice*)
Erica Fruiterman (admitted *pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Email: jay.jurata@dechert.com
erica.fruiterman@dechert.com

*Counsel for Defendant Fox Corporation*

David L. Yohai
Adam C. Hemlock
Elaina K. Aquila
Robert W. Taylor
Theodore E. Tseskerides
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
Email: david.yohai@weil.com
adam.hemlock@weil.com
elaina.aquila@weil.com
robert.taylor@weil.com
theodore.tsekerides@weil.com

*Counsel for Defendant Warner Bros. Discovery, Inc.*

**SO ORDERED.**

**Date:** 08/05/2024
**New York, New York**

_____
**MARGARET M. GARNETT**
**United States District Judge**

5