**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FUBOTV INC., and FUBOTV MEDIA INC.,<br>Plaintiffs,<br><br>- against -<br><br>THE WALT DISNEY COMPANY, ESPN, INC., ESPN ENTERPRISES, INC., HULU, LLC, FOX CORPORATION, and WARNER BROS. DISCOVERY, INC.,<br>Defendants. | Case No. 1:24-cv-01363 (MMG) |

**DEFENDANT FOX CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEVER CLAIMS AND TRANSFER VENUE**

`

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..... 1

BACKGROUND ..... 2

ARGUMENT ..... 3

I. THE FORUM SELECTION CLAUSE IS VALID AND GOVERNS THE CARRIAGE AGREEMENT CLAIMS IN THIS ACTION ..... 4

II. THE FORUM SELECTION CLAUSE REQUIRES SEVERANCE AND TRANSFER OF THE CARRIAGE AGREEMENT CLAIMS ..... 7

III. THE PRELIMINARY INJUNCTION LITIGATION OVER THE VENU CLAIMS CANNOT JUSTIFY DISREGARDING THE PARTIES' AGREED-UPON CHOICE OF FORUM FOR THE CARRIAGE AGREEMENT CLAIMS ..... 11

CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allianz Global Corp. & Specialty v. Chiswick Bridge*,
2014 WL 6469027 (S.D.N.Y. Nov. 17, 2014) ............ 12

*Anheuser-Busch, Inc. v. Abrams*,
520 N.E.2d 535 (N.Y. 1988) ............ 10

*Artoptic Int'l Corp. v. Rio Optical Corp.*,
1992 WL 170674 (S.D.N.Y. July 8, 1992) ............ 10

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
571 U.S. 49 (2013) ............ *passim*

*Bense v. Interstate Battery Sys. of Am., Inc.*,
683 F.2d 718 (2d Cir. 1982) ............ 7

*Biocad JSC v. F. Hoffman-La Rouche*,
942 F.3d 88 (2d Cir. 2019) ............ 11

*Castronuova v. Meta Platforms, Inc.*,
2024 WL 1623274 (E.D.N.Y. Apr. 15, 2024) ............ 5

*Certain Underwriters at Lloyd's v. New Dominion, LLC*,
2016 WL 4688866 (S.D.N.Y. Sept. 7, 2016) ............ 5

*Crede CG III, Ltd. v. 22nd Century Grp., Inc.*,
2017 WL 280818 (S.D.N.Y. Jan. 20, 2017) ............ 12, 13

*Credit Suisse Sec. (USA) LLC v. Hilliard*,
469 F. Supp. 2d 103 (S.D.N.Y. 2007) ............ 7

*D.H. Blair & Co. v. Gottdiener*,
462 F.3d 95 (2d Cir. 2006) ............ 4, 5

*DiRienzo v. Philip Servs. Corp.*,
294 F.3d 21 (2d Cir. 2002) ............ 9, 10

*Donnay USA, Ltd. v. Donnay Int'l S.A.*,
705 F. App'x 21 (2d Cir. 2017) ............ 7

*Effron v. Sun Line Cruises, Inv.*,
67 F.3d 7 (2d Cir. 1995) ............ 5

*George V Eatertainment S.A. v. Elmwood Ventures LLC*,
2023 WL 2403618 (S.D.N.Y. Mar. 8, 2023) ....................5

*In re Howmedica Osteonics Corp.*,
867 F.3d 390 (3d Cir. 2017)....................8

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972)....................5, 7

*Martinez v. Bloomberg LP*,
740 F.3d 211 (2d Cir. 2014)....................7

*In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*,
214 F.R.D. 152 (S.D.N.Y. 2003) ....................13

*MPVF Lexington Partners, LLC v. W/P/V/C, LLC*,
148 F. Supp. 3d 1169 (D. Colo. 2015)....................6

*Paduano v. Express Scripts, Inc.*,
55 F. Supp. 3d 400 (E.D.N.Y. 2014) ....................8

*Phillips v. Audio Active Ltd.*,
494 F.3d 378 (2d Cir. 2007).................... *passim*

*Prod. Res. Grp., L.L.C. v. Martin Pro., A/S*,
907 F. Supp. 2d 401 (S.D.N.Y. 2012)....................6

*Rabinowitz v. Kelman*,
75 F.4th 73 (2d Cir. 2023) ....................5, 7

*Schering Corp. v. First Databank, Inc.*,
479 F. Supp. 2d 468 (D.N.J. 2007) ....................6

*SSAB Ala., Inc. v. Kem-bonds, Inc.*,
2017 WL 6345809 (S.D. Ala. Dec. 12, 2017) ....................13

*Starkey v. G Adventures, Inc.*,
796 F.3d 193 (2d Cir. 2015)....................5

*TradeComet.com LLC v. Google, Inc.*,
693 F. Supp. 2d 370 (S.D.N.Y. 2010)....................7

*Tulepan v. Roberts*,
2014 WL 6808313 (S.D.N.Y. Dec. 3, 2014) ....................12

*Universal Grading Serv. v. eBay, Inc.*,
2009 WL 2029796 (E.D.N.Y. June 10, 2009) ....................7

*Wyndham Assocs. v. Bintliff*,
398 F.2d 614 (2d Cir. 1968)....................8

**Statutes**

28 U.S.C. § 1404(a) ....................4

**Other Authorities**

Fed. R. Civ. P. 21....................2, 7

*New Oxford American Dictionary* (3d ed. 2010)....................6

Defendant Fox Corporation ("Fox") respectfully submits this memorandum in support of its motion to sever claims subject to the parties' mandatory forum selection clause and transfer venue pursuant to Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1404(a). In their Amended Complaint, Plaintiffs fuboTV Inc. and fuboTV Media Inc. ("Fubo") assert claims against Fox concerning its carriage agreement with Fubo (the "Carriage Agreement"). That agreement contains a mandatory forum selection clause in which both Fubo and Fox agreed to litigate such claims [redacted]. This Court should therefore enforce the binding terms of the forum selection clause, sever those claims, and transfer them to the parties' agreed-upon forum.

**PRELIMINARY STATEMENT**

Fubo asserts two discrete categories of claims against Fox: (1) claims against Fox as a member of the Venu joint venture ("JV") (Counts I, II, and XI) (the "Venu Claims"); and (2) claims against Fox alone concerning its Carriage Agreement with Fubo (Counts IV, VI, VIII, XII, XIII, and XIV) (the "Carriage Agreement Claims"). Up to this point, the Court has stayed all litigation, including on the Carriage Agreement Claims, while deciding Fubo's Preliminary Injunction motion arising out of the Venu Claims. *See, e.g.*, Dkt. No. 137 (staying all briefing and discovery "unnecessary to the Preliminary Injunction motion"); Dkt. No. 146 (reiterating "for the avoidance of doubt" that all briefing and discovery unnecessary to the Preliminary Injunction motion were stayed); Dkt. No. 290 at 4 ("The Court need not, and does not, reach the question of the legality of bundling at this stage of the case."). Now, with the Court having addressed the Preliminary Injunction motion and the Carriage Agreement Claims entering active litigation, Fox seeks to have the Carriage Agreement Claims heard in the forum to which Fubo and Fox agreed.

Per that agreement, the Carriage Agreement Claims should be severed and transferred to the United States District Court for the Central District of California. "When parties have

contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 66 (2013). Here, the parties have negotiated and agreed that the Carriage Agreement Claims should proceed in California. As the Carriage Agreement states:

[redacted]

Dkt. No. 234-116 at 36 (emphasis added).

Simply put, the Carriage Agreement contains a valid and mandatory forum selection clause [redacted] *Id.* The Carriage Agreement Claims indisputably concern the Carriage Agreement. And Fubo has waived any objection to having those claims litigated in Los Angeles. As a result, the Court should "sever" those claims, Fed. R. Civ. P. 21, and transfer them to the Central District of California pursuant to § 1404(a).

## **BACKGROUND**

At the parties' initial status conference on April 16, 2024, the Court directed the parties to address Fubo's motion for a preliminary injunction to halt the JV and stayed all briefing and discovery in the matter unnecessary to that motion. *See* Dkt. No. 137. On April 29, 2024, Fubo filed an Amended Complaint, alleging Clayton, Sherman, and Donnelly Act claims against the JV (Counts I, II, and XI) and asserting claims against Fox alone related to the terms of the Carriage

Agreement between Fox and Fubo (Counts IV, VI, VIII, XII, XIII, and XIV). *See* Dkt. No. 145 (hereafter, "Am. Compl.").

In these Carriage Agreement Claims, Fubo takes issue with (1) Fox's alleged practice of bundling sports content with non-sports content "[i]n its carriage agreements with Fubo," Am. Compl. ¶ 280; (2) Fox's alleged practice of requiring Fubo to broadcast non-live sports content "[i]n its carriage agreements with Fubo," *id.* ¶ 294; and (3) Fox's alleged most-favored nation ("MFN") clauses in its carriage agreements with Fubo's competitors—YouTube TV and Hulu + Live TV—which supposedly inflate Fubo's contractually agreed-upon price for Fox's content in its Carriage Agreements with Fubo, *id.* ¶¶ 9, 308, 313.

The day after Fubo filed its Amended Complaint, the Court reiterated that all briefing unrelated to the Preliminary Injunction motion was stayed and "Defendants should not answer, move to dismiss, or otherwise respond to the Amended Complaint in any way absent leave of Court." Dkt. No. 146. On August 16, 2024, after a five-day trial, the Court granted Fubo a preliminary injunction, temporarily enjoining the JV. *See* Dkt. No. 291. The Court expressly refrained from deciding any issue related to the Carriage Agreement Claims. *See id.* at 4, 45.

**<u>ARGUMENT</u>**

Fubo's Carriage Agreement with Fox contains a forum selection clause providing that [redacted] Dkt. No. 234-116 at 36. This Court should enforce that agreement.

"[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a), which provides that '[f]or the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.'" *Atl. Marine*, 571 U.S. at 52 (internal citation omitted; second alteration in original). Typically, when presented with a motion to transfer under § 1404(a), a district court "would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62–63 (quoting 28 U.S.C. § 1404(a)); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006) (listing factors). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine*, 571 U.S. at 63 (citation omitted). Where, as here, a valid forum selection clause applies to the claims at issue, "the plaintiff's choice of forum merits no weight," and the court "should not consider arguments about the parties' private interests." *Id.* at 63–64. Indeed, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62. And Fubo, "[a]s the party acting in violation of the forum-selection clause," must "bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67. Fubo cannot carry that burden.

## I. THE FORUM SELECTION CLAUSE IS VALID AND GOVERNS THE CARRIAGE AGREEMENT CLAIMS IN THIS ACTION

A forum selection clause is "presumptively enforceable" when: (1) "the clause was reasonably communicated to the party resisting enforcement"; (2) the clause is "mandatory"; and (3) "the claims and parties involved in the suit are subject to the forum selection clause." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007) (citations omitted). If these three conditions are met, then the forum selection clause must be enforced unless the resisting party "mak[es] a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause

was invalid for such reasons as fraud or overreaching.'" *Id.* at 383–84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Only in a "rare case" can the "resisting party satisf[y] th[is] heavy burden." *Rabinowitz v. Kelman*, 75 F.4th 73, 81 (2d Cir. 2023).

Here, Fubo cannot dispute that the Carriage Agreement reasonably communicated the forum selection clause to it. The clause was "plainly printed" in a separate and labeled paragraph in the Carriage Agreement. *D.H. Blair*, 462 F.3d at 103; *see* Dkt. No. 234-116 at 36. And the signatories to that agreement are sophisticated companies represented by sophisticated counsel. *See Certain Underwriters at Lloyd's v. New Dominion, LLC*, 2016 WL 4688866, at *3 (S.D.N.Y. Sept. 7, 2016). These facts readily establish that the forum selection clause was reasonably communicated to Fubo. *See, e.g., Effron v. Sun Line Cruises, Inv.*, 67 F.3d 7, 9 (2d Cir. 1995) (holding that forum selection clause appearing "in fine print" on a passenger ticket was "reasonably communicated"); *Starkey v. G Adventures, Inc.*, 796 F.3d 193, 197 (2d Cir. 2015) (same where email contained hyperlink to terms and conditions containing forum selection clause); *George V Eatertainment S.A. v. Elmwood Ventures LLC*, 2023 WL 2403618, at *4 (S.D.N.Y. Mar. 8, 2023) (same where "plaintiffs [were] signatories to the agreements").

Nor can Fubo dispute that the forum selection clause is mandatory. "A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Phillips*, 494 F.3d at 386. That is precisely the case here. The parties [redacted] Dkt. No. 234-116 at 36 (emphasis added); *see, e.g., Castronuova v. Meta Platforms, Inc.*, 2024 WL 1623274, at *5

(E.D.N.Y. Apr. 15, 2024) (holding that clause providing disputes "will be brought solely" in stated forum was "mandatory in nature").

There is also no doubt that the Carriage Agreement Claims are subject to the forum selection clause. "Courts have identified at least two categories of terms describing the scope of a forum selection clause." *Prod. Res. Grp., L.L.C. v. Martin Pro., A/S*, 907 F. Supp. 2d 401, 412 (S.D.N.Y. 2012). "The narrower category includes terms such as 'arise out of,' 'arise from,' or 'arising under,' whereas the broader category includes terms such as 'in connection with,' 'relating to,' or 'associated with.'" *Id.* (collecting cases). The forum selection clause here was drafted expansively and belongs to the latter camp. It covers "any action or proceeding *concerning* [the Carriage] Agreement." Dkt. No. 234-116 at 36 (emphasis added). And an action "concern[s]" an agreement where it "relate[s] to" that agreement. Concern, *New Oxford American Dictionary* 358 (3d ed. 2010); *see MPVF Lexington Partners, LLC v. W/P/V/C, LLC*, 148 F. Supp. 3d 1169, 1178 (D. Colo. 2015) (noting that the word "concerning" in a forum selection clause is "extremely broad" and synonymous with "relating to"); *Schering Corp. v. First Databank, Inc.*, 479 F. Supp. 2d 468, 470–71 (D.N.J. 2007) (similar).

The Carriage Agreement Claims all concern or relate to the Carriage Agreement. Counts IV and XII allege that Fox's bundling practices "[i]n its carriage agreements with Fubo" represent an unlawful tying arrangement. Am. Compl. ¶¶ 280, 335. Counts VI and XIII challenge Fox's allegedly anticompetitive block-booking practices "[i]n its carriage agreements with Fubo." *Id.* ¶¶ 294, 337. And Counts VIII and XIV challenge MFN clauses that Fox allegedly included in its carriage agreements with Fubo's competitors, contending that these clauses "raise prices for Fubo" in its Carriage Agreement with Fox. *Id.* ¶¶ 313, 339. Each claim thus "concern[s]" the Carriage Agreement. Dkt. No. 234-116 at 36. And given that these claims fall squarely within the ambit of

the forum selection clause, it makes no difference that they allege violations of antitrust laws. *See, e.g.*, *Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 720 (2d Cir. 1982) (enforcing forum selection clause with respect to federal antitrust claims); *TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 380 (S.D.N.Y. 2010) (same); *Universal Grading Serv. v. eBay, Inc.*, 2009 WL 2029796, at *15–16 (E.D.N.Y. June 10, 2009) (same). Indeed, "[w]hen 'arising out of,' 'relating to,' or similar words appear in a forum selection clause, such language is regularly construed to encompass . . . antitrust . . . claims associated with the underlying contract." *Credit Suisse Sec. (USA) LLC v. Hilliard*, 469 F. Supp. 2d 103, 107 (S.D.N.Y. 2007) (collecting cases). The third inquiry is satisfied.

In sum, the forum selection clause is "presumptively enforceable." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (citation omitted). It "was communicated to [Fubo], has mandatory force[,] and covers the claims and parties involved in the dispute." *Id.* (citation omitted). As a result, Fubo must "satisf[y] the heavy burden of showing that 'it would be unfair, unjust, or unreasonable to hold [it] to [its] bargain.'" *Rabinowitz*, 75 F.4th at 81 (quoting *M/S Bremen*, 407 U.S. at 18). That heavy burden requires Fubo to demonstrate that trial in the contractual forum would be "impossible." *Phillips*, 494 F.3d at 393; *see Donnay USA, Ltd. v. Donnay Int'l S.A.*, 705 F. App'x 21, 25 (2d Cir. 2017). This Fubo cannot do. Accordingly, the forum selection clause is enforceable and governs the Carriage Agreement Claims in this action.

## II. THE FORUM SELECTION CLAUSE REQUIRES SEVERANCE AND TRANSFER OF THE CARRIAGE AGREEMENT CLAIMS

Because the forum selection clause is valid and enforceable, this Court should sever those distinct claims and transfer them to the Central District of California. The Federal Rules authorize a court to "sever any claim against a party." Fed. R. Civ. P. 21. "Where certain claims are properly severed, the result is that there are then two or more separate 'actions,' and the district court may,

pursuant to § 1404(a), transfer certain of such separate actions while retaining jurisdiction of others." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). Courts in this Circuit have long used this procedure "for the purpose of permitting the transfer" of less than all claims alleged in an action. *Id.* And here, "the administration of justice would be materially advanced by severance and transfer" of the Carriage Agreement Claims. *Id.* Indeed, "'the interest of justice' is served by holding parties to their bargain" in "all but the most unusual cases." *Atl. Marine*, 571 U.S. at 66.

On this point, *Paduano v. Express Scripts, Inc.*, 55 F. Supp. 3d 400 (E.D.N.Y. 2014), is instructive. As *Paduano* explained, a court faced with a severance-and-transfer motion based on a forum selection clause should "consider the same general factors elucidating the § 1404(a) analysis." *Id.* at 431 (citation omitted). "In other words, 'if the Court were to conclude that the pertinent factors render transfer appropriate under § 1404(a), then severance, too, would be proper.'" *Id.* at 431–32 (alterations adopted; citation omitted). Applying those principles, the court held that "the efficiency and economy achieved by trying interrelated claims in one forum should not trump the forum-selection clauses agreed to by [the parties]." *Id.* at 434–35 (citation omitted). Or, as the Third Circuit put it more recently: "Only if [a court] determines that the strong public interest in upholding the contracting parties' settled expectations is 'overwhelmingly' outweighed by the countervailing interests can the court . . . decline to enforce a valid forum-selection clause" by severing and transferring the claims subject to it. *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 405 (3d Cir. 2017) (quoting *Atl. Marine*, 571 U.S. at 67).

These principles follow from *Atlantic Marine*. There, the Supreme Court unanimously held that when the parties have agreed to a valid forum selection clause, "a district court should transfer the case" to their contractually specified forum "unless extraordinary circumstances

unrelated to the convenience of the parties clearly disfavor a transfer." 571 U.S. at 52. After all, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. This Court "accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* Whatever "inconvenience" Fubo may claim to suffer from having to litigate the Carriage Agreement Claims in the contractually agreed-upon forum was "clearly foreseeable at the time of contracting" and when Fubo brought this suit. *Id.* (citation omitted).

In turn, the Court may consider "only" whether any "public-interest factors" weigh heavily against severance and transfer of the Carriage Agreement Claims. *Id.* "[T]hose factors will rarely defeat a transfer motion," and thus "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* The Supreme Court has warned: "such cases will not be common." *Id.*

This case is no exception. The public interest factors include: (1) "administrative difficulties associated with court congestion"; (2) "the unfairness of imposing jury duty on a community with no relation to the litigation"; (3) the "local interest in having localized controversies decided at home"; and (4) "avoiding difficult problems in conflict of laws and the application of foreign law." *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 31 (2d Cir. 2002) (citations omitted). None of these factors outweigh the strong public interest in enforcing a valid forum selection clause—and certainly not to the extraordinary level required by *Atlantic Marine*.

*First*, there is no indication that the District Court for the Central District of California is any more or less congested than this Court. And court congestion is "never a factor to which great

weight is assigned" in all events. *Artoptic Int'l Corp. v. Rio Optical Corp.*, 1992 WL 170674, at *2 (S.D.N.Y. July 8, 1992) (citation omitted).

*Second*, New York juries and California juries are equally interested in the outcome of the Carriage Agreement Claims. Fox's Distribution Team (which negotiated the Carriage Agreement) is based in Los Angeles, California. *See* PI Hearing Tr. Day 3 at 748–49. And both Fox and Fubo provide their services to customers across the country. Am. Compl. ¶¶ 50, 72–75, 225. For that reason, Fubo has broadly defined the "relevant geographic market" for its antitrust claims as "the United States." *Id.* ¶ 222.

*Third*, and relatedly, the Carriage Agreement Claims are not local disputes. As Fubo notes, "agreements between programmers and distributors generally define the United States as the relevant 'Territory' and license the rights to distribute linear television channels within the United States." *Id.* ¶ 224. [redacted] *See* Dkt. No. 234-116 at 2. The Carriage Agreement Claims therefore affect Californians just as they affect New Yorkers.

*Fourth*, transfer would not create any "difficult problems in conflict of laws" or "foreign law." *DiRienzo*, 294 F.3d at 31. Counts IV, VI, and VIII all arise under federal law. And even to the extent Fubo's claims under New York's Donnelly Act (Counts XII, XIII, and XIV) are cognizable notwithstanding the Carriage Agreement's California choice-of-law clause, *see* Dkt. No. 234-116 at 36, "federal judges routinely apply the law of a State other than the State in which they sit," *Atl. Marine*, 571 U.S. at 67. At the same time, there are no "exceptionally arcane features" of the Donnelly Act "that are likely to defy comprehension by a federal judge sitting in [California]." *Id.* at 68. To the contrary, the Donnelly Act is a "Little Sherman Act" that is generally "construed in light of Federal precedent." *Anheuser-Busch, Inc. v. Abrams*, 520 N.E.2d

535, 539 (N.Y. 1988); *accord Biocad JSC v. F. Hoffman-La Rouche*, 942 F.3d 88, 101 (2d Cir. 2019) (collecting cases).

Under these circumstances, Fubo cannot come close to meeting its heavy "burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 67. Every one of those factors is at best neutral. Accordingly, the Court should enforce the parties' mandatory forum selection clause [redacted]

## III. THE PRELIMINARY INJUNCTION LITIGATION OVER THE VENU CLAIMS CANNOT JUSTIFY DISREGARDING THE PARTIES' AGREED-UPON CHOICE OF FORUM FOR THE CARRIAGE AGREEMENT CLAIMS

The fact that Fubo elected to challenge the JV in this Court, or that Fubo's carriage agreements with other Defendants may not contain similar forum selection clauses, cannot justify disregarding Fox and Fubo's agreement to litigate the Carriage Agreement Claims in California. Fubo's Venu Claims challenge Defendants' participation in the JV. They therefore do not implicate the forum selection clause between Fubo and Fox. But the same cannot be said for the Carriage Agreement Claims. These claims are separate from the Venu Claims and have not been litigated in this Court. Indeed, this Court has to this point stayed all discovery and briefing "unnecessary to the Preliminary Injunction motion," including on those claims. Dkt. No. 137; *see also* Dkt. No. 146; Dkt. No. 290 at 4, 45.

As the Second Circuit has recognized, when a forum selection clause applies to some claims, but not others, then the Court must honor the parties' intent, even though it results in parallel litigation. In *Phillips*, the forum selection clause conferred exclusive jurisdiction on the courts of England for one claim in plaintiffs' multi-count complaint. *See* 494 F.3d at 393. On a motion to dismiss for forum non conveniens, the Court of Appeals considered "whether it [was] proper in [those] circumstances to dismiss one claim and retain jurisdiction over others," where

the "commencement of separate proceedings in two countries [would] likely inconvenience" the parties. *Id.* at 393. Despite the inefficiency of "fractured litigation," the Second Circuit concluded that it must honor the parties' intent. *Id.* The Court thus dismissed the one claim and retained the others based on its "twin commitments to upholding forum selection clauses where [they] are found to apply and deferring to a plaintiff's proper choice of forum." *Id.*

This Court has followed this basic principle in other cases as well. *See, e.g.*, *Crede CG III, Ltd. v. 22nd Century Grp., Inc.*, 2017 WL 280818, at *16 (S.D.N.Y. Jan. 20, 2017) (severing subset of claims and transferring those claims in order to "give force" to forum selection clause); *Tulepan v. Roberts*, 2014 WL 6808313, at *2 (S.D.N.Y. Dec. 3, 2014) (enforcing forum selection clause despite "factually related" suit pending in another district); *Allianz Global Corp. & Specialty v. Chiswick Bridge*, 2014 WL 6469027, at *3 (S.D.N.Y. Nov. 17, 2014) (enforcing forum selection clause despite inefficiency of litigating two "closely intertwined" matters in two fora).

Indeed, as compared with *Phillips* and its progeny, severance and transfer is even more appropriate here because it would hardly result in "fractured litigation." *Phillips*, 494 F.3d at 393. Each set of Fubo's carriage agreement claims effectively amounts to a separate case against each programmer. Fubo admitted as much by filing separate claims against Disney/Hulu, Warner Brothers Discovery, and Fox, each of which challenge different agreements and distinct unrelated conduct that arose at different times. *See* Am. Compl. ¶¶ 270–331, 334–39. And the evidence and arguments in those cases will differ substantially. For example, Fox's Carriage Agreement, which was negotiated years apart from Fubo's carriage agreements with other Defendants and without their involvement, provides Fubo with a relatively small number of channels, one of which, Fox News, is a non-sports channel that is the second most watched channel of any kind on Fubo. *See, e.g.*, PI Hearing Tr. Day 1 at 165–66.

By granting the motion to transfer, the Court will allow Fox to defend against Fubo's claims without the added complexity of navigating claims not involving Fox. As a matter of basic fairness and due process, Fox should have the chance to defend its distinct circumstances in a separate case held in the venue to which it and Fubo contractually agreed, without having to protect its trade secrets from co-defendant competitors or to face the real risk of jury confusion over the unrelated separate conduct of the other two Defendants. *See In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 214 F.R.D. 152, 155 (S.D.N.Y. 2003) (noting that "the court must consider principles of fundamental fairness" in resolving a motion to sever (citation omitted)). Transferring the claims would similarly narrow the trial, if any, that the Court may need to conduct for the claims against the other Defendants, which would likewise promote fairness and due process for them as well.

Accordingly, while Fox may remain in this Court to litigate the Venu Claims, that does not override Fubo's prelitigation agreement that the Carriage Agreement Claims against Fox would be litigated in California. To hold otherwise "would allow 'any clever party to a lawsuit' to plead around a valid forum selection clause." *Crede*, 2017 WL 280818, at *16 (citation omitted). And that would be "contrary to the *Atlantic Marine* mandate." *Id.* at *15. As a result, "courts in analogous circumstances have routinely found that *Atlantic Marine* calls for enforcement of the forum-selection clause, notwithstanding objections grounded in fears of duplicative litigation or judicial economy." *SSAB Ala., Inc. v. Kem-bonds, Inc.*, 2017 WL 6345809, at *6 (S.D. Ala. Dec. 12, 2017) (collecting cases). There is no reason for this Court to reach a different conclusion here. Indeed, denial of the motion would allow Fubo to evade its binding agreement.

## CONCLUSION

For the reasons stated above, Fox respectfully requests that Counts IV, VI, VIII, XII, XIII, and XIV against it be severed and transferred to the United States District Court for the Central District of California.

Respectfully submitted,

Dated: September 16, 2024
New York, New York

*<u>/s/ Andrew J. Levander</u>*
Andrew J. Levander
Steven E. Bizar
Steven A. Engel
Michael H. McGinley
Erica Fruiterman
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
andrew.levander@dechert.com
steven.bizar@dechert.com
steven.engel@dechert.com
michal.mcginley@dechert.com
erica.fruiterman@dechert.com

*Attorneys for Defendant*
*Fox Corporation*

**CERTIFICATE OF SERVICE**

I certify that on September 16, 2024, I had the foregoing document electronically filed using the CM/ECF system, and that the same was served on all counsel of record via CM/ECF.

*/s/ Andrew J. Levander*
Andrew J. Levander