**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FUBOTV INC., and FUBOTV MEDIA INC.,<br><br>        Plaintiffs,<br><br>   - against -<br><br>THE WALT DISNEY COMPANY, ESPN, INC., ESPN ENTERPRISES, INC., HULU, LLC, FOX CORPORATION, and WARNER BROS. DISCOVERY, INC.,<br><br>        Defendants. | Case No. 1:24-cv-01363 (MMG) |

**DEFENDANT FOX CORPORATION'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO SEVER CLAIMS AND TRANSFER VENUE**

`
# TABLE OF CONTENTS

**Page**

I. FOX HAS NOT WAIVED ITS RIGHT TO ENFORCE THE MANDATORY FORUM SELECTION CLAUSE ................................................................................................. 1

II. THE MANDATORY FORUM SELECTION CLAUSE APPLIES TO THE CARRIAGE AGREEMENT CLAIMS ................................................................................ 5

III. THE PUBLIC INTEREST FACTORS DO NOT "OVERWHELMINGLY DISFAVOR A TRANSFER" ........................................................................................... 7

CONCLUSION ................................................................................................................................ 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Int'l Grp. Eur. S.A. (Italy) v. Franco Vago Int'l, Inc.*,
    756 F. Supp. 2d 369 (S.D.N.Y. 2010) ................................................................................. 2

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
    571 U.S. 49 (2013) ........................................................................................................ *passim*

*Banh v. Am. Honda Motor Co.*,
    2020 WL 4390371 (C.D. Cal. July 28, 2020) ................................................................... 9

*Bartolucci v. 1-800 Contacts, Inc.*,
    245 F. Supp. 3d 38 (D.D.C. 2017) .................................................................................... 9

*Benjamin v. Carusona*,
    2010 WL 4448213 (S.D.N.Y. Nov. 5, 2010) ..................................................................... 1

*Bent v. Zounds Hearing Franchising, LLC*,
    2015 WL 7721838 (S.D.N.Y. Nov. 30, 2015) ................................................................... 9

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
    448 F.3d 573 (2d Cir. 2006) .............................................................................................. 2

*Blake Marine Grp., LLC v. Dat Ha*,
    2020 WL 5577842 (E.D. La. Sept. 17, 2020) ................................................................... 9

*Byerson v. Equifax Info. Servs., LLC*,
    467 F. Supp. 2d 627 (E.D. Va. 2006) ............................................................................... 9

*Carruthers v. Amtrak*,
    1995 WL 378544 (S.D.N.Y. June 26, 1995) ..................................................................... 9

*Chen v. Arts Nail Putnam Valley Inc.*,
    2017 WL 3017712 (S.D.N.Y. July 14, 2017) ................................................................... 1

*Crede CG III, Ltd. v. 22nd Century Grp., Inc.*,
    2017 WL 280818 (S.D.N.Y. Jan. 20, 2017) ...................................................................... 8

*Crown Cork & Seal Co., Inc. Master Ret. Tr. v. Credit Suisse First Bos. Corp.*,
    288 F.R.D. 331 (S.D.N.Y. 2013) ....................................................................................... 9

*CVS Pharm., Inc. v. AstraZeneca Pharms. L.P.*,
    2020 WL 4671659 (S.D.N.Y. Aug. 12, 2020) ................................................................... 9

*Dayton Monetary Assoc. v. Donaldson, Lufkin & Jenrett Sec. Corps.*,
  1999 WL 159889 (S.D.N.Y. Mar. 22, 1999) ................................................................... 9

*Deutsche Oel & Gas S.A. v. Energy Cap. Partners Mezzanine Opportunities Fund
  A, LP*,
  2020 WL 5814233 (S.D.N.Y. Sept. 30, 2020) ................................................................. 9

*Fed. Hous. Fin. Agency v. First Tenn. Bank Nat'l Ass'n*,
  856 F. Supp. 2d 186 (D.D.C. 2012) ................................................................................ 9

*Ferraro Foods, Inc. v. M/V IZZET INCEKARA*,
  2001 WL 940562 (S.D.N.Y. Aug. 20, 2001) ................................................................... 2

*Fifth & Fifty-Fifth Residence Club Ass'n, Inc. v. Vistana Signature Experiences,
  Inc.*,
  2018 WL 11466157 (S.D.N.Y. Sept. 28, 2018) ............................................................... 5

*Gaetano v. Gilead Scis., Inc.*,
  2021 WL 3185822 (D.N.J. July 27, 2021) ...................................................................... 9

*In re Howmedica Osteonics Corp.*,
  867 F.3d 390 (3d Cir. 2017) ............................................................................................ 2

*Jockey Int'l, Inc. v. M/V "LEVERKUSEN EXPRESS"*,
  217 F. Supp. 2d 447 (S.D.N.Y. 2002) ......................................................................... 3, 4

*Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*,
  596 F. Supp. 2d 821 (S.D.N.Y. 2008) ............................................................................. 9

*Krist v. McGraw-Hill Sch. Educ. Holdings LLC*,
  2019 WL 10960491 (S.D.N.Y. Jan. 4, 2019) .................................................................. 6

*Light v. Taylor*,
  2007 WL 274798 (S.D.N.Y. Jan. 29, 2007) .................................................................... 6

*LPR, SRL v. Challenger Overseas, LLC*,
  2000 WL 973748 (S.D.N.Y. July 13, 2000) ................................................................... 3

*Meyers v. Allstate Insurance Co.*,
  2009 WL 804672 (S.D.N.Y. Mar. 26, 2009) .................................................................. 3

*Mohsen v. Morgan Stanley & Co.*,
  2014 WL 4593919 (S.D.N.Y. Sept. 15, 2014) ................................................................ 8

*Morales v. Trans World Airlines, Inc.*,
  504 U.S. 374 (1992) ........................................................................................................ 5

*Paduano v. Express Scripts, Inc.*,
    55 F. Supp. 3d 400 (E.D.N.Y. 2014) ...................................................................................8

*RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*,
    2024 WL 1574026 (S.D.N.Y. Apr. 11, 2024)......................................................................1

*Redhawk Holdings Corp. v. Craig Invs., LLC*,
    2016 WL 3636247 (S.D.N.Y. June 24, 2016) ..................................................................5, 7

*Roby v. Corp. of Lloyd's*,
    996 F.2d 1353 (2d Cir. 1993)..............................................................................................6

*Rogen v. Memry Corp.*,
    886 F. Supp. 393 (S.D.N.Y. 1995) .....................................................................................3

*In re Rolls Royce Corp.*,
    775 F.3d 671 (5th Cir. 2014) .........................................................................................8, 10

*Smart v. Goord*,
    21 F. Supp. 2d 309 (S.D.N.Y. 1998)...................................................................................1

*Power Authority of N.Y. ex rel. Solar Liberty Energy Sys., Inc. v. Advanced
    Energy Indus., Inc.*,
    2021 WL 4244280 (W.D.N.Y. Aug. 23, 2021) ...................................................................3

*Unity Creations, Inc. v. Trafcon Indus., Inc.*,
    137 F. Supp. 2d 108 (E.D.N.Y. 2001) ................................................................................2

*Universal Grading Serv. v. eBay, Inc.*,
    2009 WL 2029796 (E.D.N.Y. June 10, 2009) ....................................................................6

*Wachovia Bank Nat'l Ass'n v. EnCap Golf Holdings, LLC*,
    690 F. Supp. 2d 311 (S.D.N.Y. 2010).................................................................................2

## Other Authorities

*The American Heritage College Dictionary* (4th ed. 2007) ...........................................................5

*Black's Law Dictionary* (5th ed. 1979)..........................................................................................5

*Merriam-Webster's Collegiate Dictionary* (11th ed. 2020) ...........................................................5

*New Oxford American Dictionary* (3d ed. 2010)...........................................................................5

Fubo fails to meet its heavy "burden of showing that public-interest factors *overwhelmingly* disfavor a transfer." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 51 (2013) (emphasis added). Tellingly, Fubo waits until page 24 of its Response to engage with *Atlantic Marine*'s clear mandate—that a transfer motion based on a forum selection clause should be granted in "all but the most exceptional cases." *Id.* at 63 (citation omitted). And its efforts to avoid that mandate founder at every turn. Contrary to Fubo's principal argument, a motion to transfer venue is not waivable. And the Carriage Agreement's broad, mandatory forum selection clause covers extracontractual claims like these. Try as it might, Fubo cannot muster compelling reasons to override the mandatory forum selection clause. Thus, the Court should sever and transfer the Carriage Agreement Claims to the Central District of California.

## I. FOX HAS NOT WAIVED ITS RIGHT TO ENFORCE THE MANDATORY FORUM SELECTION CLAUSE

Fubo cannot evade the mandatory forum selection clause by claiming that Fox waived the right to enforce it. As a matter of law, a motion to transfer venue under § 1404(a) is not waivable. *See, e.g.*, *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, 2024 WL 1574026, at *6 (S.D.N.Y. Apr. 11, 2024) ("While [defendant] may have waived its ability to invoke the forum-selection clause to seek *dismissal* of the New York Action under Rule 12(b)(3) (an issue the Court does not decide), its ability to seek *transfer* under 28 U.S.C. § 1404 'is not properly considered a "waivable" privilege.'" (citation omitted)); *Chen v. Arts Nail Putnam Valley Inc.*, 2017 WL 3017712, at *2 (S.D.N.Y. July 14, 2017) ("Even if Defendants did waive their objection to venue, they may still move for transfer under § 1404(a)[.]"); *Benjamin v. Carusona*, 2010 WL 4448213, at *8 (S.D.N.Y. Nov. 5, 2010) (similar); *Smart v. Goord*, 21 F. Supp. 2d 309, 318 n.6 (S.D.N.Y. 1998) ("Waiver of objection to improper venue only pertains to a motion to dismiss or transfer on the basis of improper venue pursuant to 28 U.S.C. § 1406(a), not to a motion to transfer for convenience and

1

the interest of justice pursuant to 28 U.S.C. § 1404(a)." (collecting cases)).  Because Fox seeks transfer under § 1404(a), and not a dismissal, Fubo cannot invoke a waiver defense.

Fubo simply ignores this rule and cites inapposite cases—most of which *support* transfer here.  For instance, Fubo relies on *In re Howmedica Osteonics Corp.*, 867 F.3d 390 (3d Cir. 2017).  But there the Third Circuit stressed that "federal courts must honor [a] forum-selection clause 'in all but the most unusual cases.'"  *Id.* at 397 (alteration adopted) (quoting *Atl. Marine*, 571 U.S. at 66).  It thus applied *Atlantic Marine* to retain jurisdiction over the defendants that were subject to a forum selection clause in the district, while severing and transferring the plaintiff's claims against the others who were not.  *See id.* at 411.  Likewise, in *Wachovia Bank National Association v. EnCap Golf Holdings, LLC*, 690 F. Supp. 2d 311, 314 (S.D.N.Y. 2010), this Court held that the plaintiff "ha[d] not waived enforcement of the forum selection clause."  And in *Ferraro Foods, Inc. v. M/V IZZET INCEKARA*, 2001 WL 940562, at *6 (S.D.N.Y. Aug. 20, 2001), this Court similarly enforced a mandatory forum selection clause and held that the argument was *not* waived.

Most of Fubo's other cases do not involve § 1404(a) motions.  In *Beth Israel Medical Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 584–85 (2d Cir. 2006), a contracting party potentially waived its right to seek payment at a preferred rate when it accepted, without objection, payment at a lower rate.  In *Unity Creations, Inc. v. Trafcon Industries, Inc.*, 137 F. Supp. 2d 108, 110–12 (E.D.N.Y. 2001), the district court denied a plaintiff's remand request based on a forum selection clause where the plaintiff itself sued in the "wrong county," such that remand would not send the action to the agreed-upon forum.  And in *American International Group Europe S.A. (Italy) v. Franco Vago International, Inc.*, 756 F. Supp. 2d 369, 380 (S.D.N.Y. 2010), the plaintiff filed a belated motion to *dismiss* for improper venue (a waivable defense), not a motion to *transfer* under § 1404(a).  This Court should reject Fubo's attempts to blur that distinction.

After an apparently exhaustive search, Fubo cites just one in-Circuit case purporting to find a waiver. In *Power Authority of New York. ex rel. Solar Liberty Energy Systems, Inc. v. Advanced Energy Industries, Inc.*, 2021 WL 4244280, at *1 (W.D.N.Y. Aug. 23, 2021), the district court reviewed a magistrate's denial of a transfer motion, which the defendant filed ***over two years*** after the case began. The court recognized that "moving to dismiss" alone will "not waive" a forum selection clause and viewed the waiver issue as "close," but it ultimately held that the magistrate's finding was not "clearly erroneous." *Id.* at *3. This is neither binding nor persuasive precedent.

Indeed, the case law weighs heavily against any finding of waiver. For example, in *Meyers v. Allstate Insurance Co.*, 2009 WL 804672, at *2 n.3 (S.D.N.Y. Mar. 26, 2009), this Court transferred the case based on a forum selection clause, even though "the parties [had] nearly completed discovery." In *Jockey International, Inc. v. M/V "LEVERKUSEN EXPRESS"*, 217 F. Supp. 2d 447, 455 (S.D.N.Y. 2002), this Court enforced a forum selection clause, even after the defendants had filed a cross-claim and impleaded a third party. Those actions did not conflict with the defendants' rights to litigate in the agreed-upon forum because, "[h]aving been sued in [the wrong] forum, they had a right to defend themselves in the event the forum clause was not upheld without subjecting themselves to waiver." *Id.* Likewise, in *Rogen v. Memry Corp.*, 886 F. Supp. 393, 396 (S.D.N.Y. 1995), this Court granted summary judgment based on a venue objection arising from a forum selection clause despite the defendant's filing of a counterclaim, participation in discovery, and "long delay" before raising the issue. And in *LPR, SRL v. Challenger Overseas, LLC*, 2000 WL 973748, at *6–7 (S.D.N.Y. July 13, 2000), this Court enforced a forum selection clause, despite the defendant's failure to assert the clause as a defense in its answer, its participation in discovery, and its filing of a third-party complaint. "That there has been discovery," the Court reasoned, "does not provide a basis for setting aside [a] forum selection clause." *Id.* at *7.

3

Here, Fubo predicates nearly its entire claimed "waiver" upon Fox's filing of a 12(b)(6) Motion before the initial scheduling conference. But this Court stayed further briefing on that motion the very next week (before any opposition was filed), and Fubo mooted it entirely by amending the complaint. Fubo offers no explanation about what Fox gained, or what Fubo lost, by Fox's moving to transfer at the earliest possible opportunity after this Court lifted the stay on all briefing and discovery "unnecessary to the Preliminary Injunction motion." Dkt. No. 137. Even if Fox had filed this § 1404(a) motion before the preliminary conference (though it had no legal obligation to do so), the parties would have still conducted the same discovery into the Venu Claims, because those claims are not subject to the forum selection clause, and thus Fox is not seeking to transfer them. The "seven months" Fubo claims were spent "litigating" this case were devoted to Fubo's motion for a preliminary injunction regarding those other claims. Resp. at 1.

That history does not even begin to suggest that Fox waived its right to have the Carriage Agreement Claims litigated in the contractually agreed-upon forum. To the contrary, Fox has not even answered Fubo's Amended Complaint. It expressly reserved its right to sever and transfer the Carriage Agreement Claims in its motion to dismiss that Complaint. *See* Dkt. 323 at 1 n.1. And it was entitled to file that motion without fear of waiver because, "[h]aving been sued in [the wrong] forum," Fox had a right to defend itself in the event Fubo is not held to its bargain under the forum selection clause. *Jockey Int'l, Inc.*, 217 F. Supp. 2d at 455. Under these circumstances, there is no basis for any finding that Fox "waived" its right to enforce the forum selection clause, even assuming such a right is waivable (which it is not).[1]

---

[1] Fubo argues that Fox is forum shopping based on a statement that **Disney** reportedly made to DIRECTV in confidential negotiations not involving Fox. Resp. at 8 n.1. Yet it is Fubo who has plainly engaged in forum shopping. Fox and Fubo contractually agreed to litigate in California. *See* Dkt. No. 234-116 at 36. Fubo nonetheless chose to sue in New York.

4

## II. THE MANDATORY FORUM SELECTION CLAUSE APPLIES TO THE CARRIAGE AGREEMENT CLAIMS

Fubo does not dispute that the forum selection clause is valid, mandatory, and enforceable. That clause—███████████████████████████████████████████████████████—plainly encompasses the Carriage Agreement Claims. The parties agree that a forum selection clause using words like "arising from" is narrow, but one using words like "relating to" is broad. *See* Resp. at 13–14. Fubo, however, disagrees that the word "concern" means "relate to," accusing Fox of "cherry-pick[ing]" this definition. Resp. at 15. But that is the word's ordinary meaning, which is why dictionaries often offer "relate to" as the first definition for "concern." *See, e.g.*, Concern, *New Oxford American Dictionary* 359 (3d ed. 2010) ("relate to"); Concern, *Merriam-Webster's Collegiate Dictionary* 257 (11th ed. 2020) ("To relate to"); Concern, *The American Heritage College Dictionary* 296 (4th ed. 2007) ("To have to do with or relate to"). The same goes for "relating to," which is synonymous with "concern[ing]." *See, e.g.*, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) ("The ordinary meaning of [relating to] is a broad one—'to stand in some relation; ***to have bearing or concern***; to pertain; refer; to bring into association with or connection with[.]'" (emphasis added) (quoting *Black's Law Dictionary* 1158 (5th ed. 1979))); *New Oxford American Dictionary*, *supra*, at 1473 (defining "relate to" as "have reference to; concern").

Accordingly, courts have repeatedly recognized that forum selection clauses including the word "concerning" are just as broad as those with the phrase "relating to." For example, in *Redhawk Holdings Corp. v. Craig Investments*, *LLC*, 2016 WL 3636247, at *5 (S.D.N.Y. June 24, 2016), this Court remarked that a forum selection clause with the word "concerning" is "best defined as broad." As a result, the Court held that an alleged violation of the Securities Exchange Act fell within the ambit of the forum selection clause. *Id.* at *7–8; see also Fifth & Fifty-Fifth*

5

*Residence Club Ass'n, Inc. v. Vistana Signature Experiences, Inc.*, 2018 WL 11466157, at *8 (S.D.N.Y. Sept. 28, 2018) (holding that a forum selection clause using the word "concerning" was "broad" and applied to plaintiff's extracontractual claims).

Fubo offers no good reason to depart from ordinary meaning or precedent. It cites just one in-Circuit case, *Light v. Taylor*, 2007 WL 274798 (S.D.N.Y. Jan. 29, 2007), to try and limit the forum selection clause here to "breach-of-contract claims arising out of [the] contract." Resp. at 14.[2] The clause in that case, however, did not include the word "concerning." *See* 2007 WL 274798, at *6. Further, the Court was not considering a motion to sever and transfer. Instead, the question was whether the plaintiff, who was not a party to the contract, could rely on the forum selection clause to claim personal jurisdiction over the defendant for "independent copyright claims." *Id.* at *1–2, *6. Fubo's reliance on that case is simply misplaced.

Moreover, Fubo's own authority shows that even narrow "arises out of" forum selection clauses can encompass antitrust claims like the Carriage Agreement Claims here. Fubo highlights *Universal Grading Service v. eBay, Inc.*, 2009 WL 2029796 (E.D.N.Y. June 10, 2009). But the "arises out of" clause there was held to encompass Sherman Act and Donnelly Act claims. *Id.* at *1, *14–15; *see also Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993) ("We find no substantive difference in the present context between the phrases 'relating to,' 'in connection with' or 'arising from.'"). Thus, Fubo's attempt to limit its forum selection clause to breach of contract claims lacks any support in the law. "Courts do not presume that parties intended to exclude statutory claims from a forum selection clause," particularly where it uses the broad word

---

[2] Fubo also cites *Krist v. McGraw-Hill School Education Holdings LLC*, 2019 WL 10960491 (S.D.N.Y. Jan. 4, 2019), but that case merely quoted and distinguished *Light v. Taylor*, holding that the forum selection clause applied to the plaintiff's claims.

"concerning." *Redhawk Holdings*, 2016 WL 3636247, at *8. And Fubo misses the mark in arguing that its clause is inapplicable because there is no "breach of contract in sight." Resp. at 16.

The Carriage Agreement Claims undoubtedly ***concern*** the terms of Fubo's Carriage Agreement with Fox. Fubo asserts that those claims are "statutory antitrust claims ' ███████ ' Fox's [allegedly] anticompetitive practices throughout the television industry." *Id.* at 14. But the supposedly anticompetitive practices about which Fubo complains, *i.e.*, Fox's pricing and licensing practices, are memorialized ***in*** Fubo's Carriage Agreement with Fox. Fubo admits as much in its Response, *see id.* at 15, and in the Amended Complaint, too, *see* Transfer Motion at 6.

Fubo also oddly suggests that Fox's affiliate—rather than Fox—is the party to the Carriage Agreement. But in its Amended Complaint, Fubo alleges that "Fubo licenses sports content from Fox through a carriage agreement between Fubo and ***Fox***." Dkt. No. 145 ¶ 78 (emphasis added). Fubo then asserts the Carriage Agreement Claims based on that Carriage Agreement. *See, e.g.*, *id.* ¶¶ 116, 280, 294, 313. Fubo cannot have it both ways. Unless Fubo has concluded that it sued the wrong party, the forum selection clause covers the Carriage Agreement Claims. And Fubo has no answer to the fact that ████████████████████████████████████████████████████ ████████████████████████████████████. Dkt. No. 234-116 at 36.

### III.  THE PUBLIC INTEREST FACTORS DO NOT "OVERWHELMINGLY DISFAVOR A TRANSFER"

Fubo has also failed to show that any public interest factors disfavor severance and transfer, much less that they "overwhelmingly" outweigh the strong presumption in favor of "holding parties to their bargain." *Atl. Marine*, 571 U.S. at 66–67. Fubo starts by arguing that the Carriage Agreement Claims should not be severed and transferred because, as an antitrust action, the "public" has a significant interest in this case. *See* Resp. at 16–18. But Fubo could equally vindicate such an interest by prosecuting its Fox-only claims in California as in New York. And

7

no court has held that antitrust claims are somehow immune from transfer under *Atlantic Marine*. To the contrary, in *Paduano v. Express Scripts, Inc.*, 55 F. Supp. 3d 400, 422–35 (E.D.N.Y. 2014), the court severed and transferred to separate forums (arbitration and another district court) several related antitrust claims against four defendants. The court recognized that this could "lead to inconsistent results" and, if any of the arbitrators deemed the respective claims not arbitrable, then the plaintiff would be forced to return to the court and "start at square one." *Id.* at 438. But "allowing efficiency and economy to rule the day would effectively swallow *Atlantic Marine*'s holding in every case with multiple defendants," since "[i]t is always more expeditious to try related claims in one forum rather than several." *Id.* (citation omitted).

Fubo attempts to dodge *Atlantic Marine* by relying upon *In re Rolls Royce Corp.*, 775 F.3d 671 (5th Cir. 2014). But an out-of-circuit decision cannot override Supreme Court precedent, and in any event, the Fifth Circuit followed the principles established in *Atlantic Marine*. It enforced the Supreme Court's command by severing and transferring the claims subject to a forum selection clause despite the risk of duplicative litigation. *See id.* at 682–83. And the court noted that the inefficiencies posed by severance could be easily remedied "by the hand of an experienced federal trial judge with such devices as common discovery among separated cases and sequencing of any dispositive motions or trials." *Id.* at 683. This Court has similarly refused to cabin the *Atlantic Marine* mandate, severing and transferring claims to "give force" to a forum selection clause. *Crede CG III, Ltd. v. 22nd Century Grp., Inc.*, 2017 WL 280818, at *16 (S.D.N.Y. Jan. 20, 2017).

Fubo's remaining arguments fail to move the needle. Its "delay" argument is meritless for the reasons already explained. It cites "no evidence that the Central District of California docket is more congested than that of the Southern District of New York." *Mohsen v. Morgan Stanley & Co.*, 2014 WL 4593919, at *7 (S.D.N.Y. Sept. 15, 2014). It offers nothing about the Donnelly Act

8

(which tracks federal law) that might "defy comprehension by a federal judge sitting in [California]." *Atl. Marine*, 571 U.S. at 68. And its emphasis on the parties' New York contacts reflects an attempt to smuggle in private-interest factors, which this Court "should not consider." *Id.* at 64. New York has no localized interest in this case, which Fubo concedes is of "national interest." Resp. at 17 (citation omitted); *see* Dkt. No. 145 ¶ 42. And, even if it did, "New York—like the Second Circuit Court of Appeals—has a 'strong public policy of *enforcing* forum-selection clauses so that parties are able to rely on the terms of the[ir] contracts.'" *Bent v. Zounds Hearing Franchising, LLC*, 2015 WL 7721838, at *7 (S.D.N.Y. Nov. 30, 2015) (citation omitted). Accepting Fubo's position would flout that public policy.

Fubo also argues that interests of efficiency and judicial economy disfavor severance and transfer. But it cites no case in this Circuit (or in California, the agreed-upon forum) where a court denied a motion to sever and transfer on that basis alone.[3] Further, Fubo ignores clear differences between the Carriage Agreement Claims and Fubo's claims against the other Defendants, which

---

[3] Fubo relies almost exclusively upon cases in which courts considered the issue of judicial efficiency but then *granted* a motion to transfer or otherwise enforced a forum selection clause. *See, e.g.*, *CVS Pharm., Inc. v. AstraZeneca Pharms. L.P.*, 2020 WL 4671659, at *8–9 (S.D.N.Y. Aug. 12, 2020); *Bartolucci v. 1-800 Contacts, Inc.*, 245 F. Supp. 3d 38, 51–52 (D.D.C. 2017); *Fed. Hous. Fin. Agency v. First Tenn. Bank Nat'l Ass'n*, 856 F. Supp. 2d 186, 195–96 (D.D.C. 2012); *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 637 (E.D. Va. 2006). It does not explain how the "public interest in centralizing bankruptcy proceedings" matters in this non-bankruptcy case. *Deutsche Oel & Gas S.A. v. Energy Cap. Partners Mezzanine Opportunities Fund A, LP*, 2020 WL 5814233, at *14 (S.D.N.Y. Sept. 30, 2020) (citation omitted). Its other citations do not concern forum selection clauses at all. *See, e.g.*, *Crown Cork & Seal Co., Inc. Master Ret. Tr. v. Credit Suisse First Bos. Corp.*, 288 F.R.D. 331, 333 (S.D.N.Y. 2013); *Gaetano v. Gilead Scis., Inc.*, 2021 WL 3185822, at *5 (D.N.J. July 27, 2021); *Blake Marine Grp., LLC v. Dat Ha*, 2020 WL 5577842, *2 (E.D. La. Sept. 17, 2020); *Banh v. Am. Honda Motor Co.*, 2020 WL 4390371, at *20 (C.D. Cal. July 28, 2020). And Fubo cites several cases that predate *Atlantic Marine*, with little precedential value. *See, e.g.*, *Carruthers v. Amtrak*, 1995 WL 378544, at *4 (S.D.N.Y. June 26, 1995); *Dayton Monetary Assoc. v. Donaldson, Lufkin & Jenrett Sec. Corps.*, 1999 WL 159889, at *2 (S.D.N.Y. Mar. 22, 1999); *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 825 (S.D.N.Y. 2008).

undermine any efficiency argument. The Carriage Agreement Claims do not arise from the same transaction or occurrence as the bundling and MFN claims against the other Defendants. After all, Fox's Carriage Agreement with Fubo was independently negotiated years apart from Fubo's deals with the other Defendants. And Fubo does not seriously dispute that "the evidence and arguments in th[e] cases [against the various defendants] will differ substantially." Transfer Motion at 12.

In addition, by staying all briefing and discovery concerning the Carriage Agreement Claims, the Court has already found that those claims are a separate and distinct part of this action. *See* Dkt. No. 137; Dkt. No. 146; *see also* Dkt. No. 290 at 4. Fubo insists that the Carriage Agreement Claims are "tightly intertwined" with the other claims, Resp. at 20 n.4, but this Court previously rejected that very same argument in staying discovery on the other claims.

Finally, severance and transfer will not prejudice or inconvenience other Defendants or third parties. Defendants have not opposed this motion. In fact, separating the cases may reduce the risk of harm from placing the three competitors' competitively sensitive information at issue in the same trial. Fubo's attempt to advocate for Defendants' interests is thus disingenuous, and if anything, reveals Fubo's interest in engaging in group pleading rather than separately litigating against each Defendant on the merits of each claim. Fubo's speculative concerns about third parties can also be easily mitigated by "such devices as common discovery" and, if necessary, the use of deposition testimony at trial. *Rolls Royce*, 775 F.3d at 683.

In sum, Fubo has failed to carry its burden of showing that any public-interest factors "overwhelmingly disfavor" severance and transfer. *Atl. Marine*, 571 U.S. at 67. Thus, the Court should not relieve Fubo, a sophisticated commercial entity, from its contractual obligation.

## CONCLUSION

Fox respectfully requests that Counts IV, VI, VIII, XII, XIII, and XIV against it be severed and transferred to the United States District Court for the Central District of California.

Dated: October 17, 2024  
       New York, New York

Respectfully submitted,

By: */s/ Andrew J. Levander*  
Andrew J. Levander  
Steven E. Bizar  
Steven A. Engel  
DECHERT LLP  
1095 Avenue of the Americas  
New York, NY 10036  
Telephone: (212) 698-3500  
andrew.levander@dechert.com  
steven.bizar@dechert.com  
steven.engel@dechert.com

Michael H. McGinley (*pro hac vice*)  
DECHERT LLP  
Cira Centre  
2929 Arch Street  
Philadelphia, PA 19104  
michael.mcginley@dechert.com

John (Jay) Jurata, Jr. (*pro hac vice*)  
Erica Fruiterman (*pro hac vice*)  
DECHERT LLP  
1900 K Street N.W.  
Washington, D.C. 20006  
jay.jurata@dechert.com  
erica.fruiterman@dechert.com

*Attorneys for Defendant Fox Corporation*

## **CERTIFICATE OF SERVICE**

I certify that on October 17, 2024, I had the foregoing document electronically filed using the CM/ECF system, and that the same was served on all counsel of record via CM/ECF.

*/s/ Andrew J. Levander*
Andrew J. Levander