Pantelis Michalopoulos
202 429 6494
pmichalo@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

January 7, 2025

*BY CM/ECF*

The Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

**Re:** *Voluntary dismissal of fuboTV Inc., et al. v. The Walt Disney Company, et al.*, No. 24-cv-1363 (MMG)

Dear Judge Garnett:

      We write regarding the recent settlement between the Plaintiff and Defendants and the resulting dismissal of the above-captioned matter by stipulation.[1]  The Defendants have been found preliminarily to have violated the antitrust laws by their plan to launch a joint venture competing with distributors like DISH, for whom the Defendants are also the essential suppliers.  The Court also denied the Defendants' motion to dismiss the Plaintiff's other claims, including claims that the Defendants have "tied" their programming content in violation of the Sherman Act.  The Court's decisions stand despite the dismissal; they may not, and should not, be vacated or diminished in any manner.

      Through the settlement and acquisition, the Defendants have purchased their way out of their antitrust violation.  But the Court's decisions have correctly found harm that sweeps past the Plaintiff to the consuming public, independent programmers, and distributors, including DISH.  In the Court's words: "Fubo is not alone in navigating these imposed bundling requirements.  Mr. Schanman, Executive Vice President of Video Services for EchoStar [], testified extensively to his experience negotiating carriage agreements with the JV Defendants."[2]

---

[1] *See* ECF No. 375.

[2] *See* ECF No. 290 at 41; *see also id.* at 51 ("Because of the central importance of live sports to the MVPD customer, the JV Defendants dramatically increase their leverage in negotiations with MVPDs once the JV is launched. If MVPDs are unwilling to pay the price demanded for the JV Defendants' sports programming, in the but-for world where the JV exists, the JV Defendants know that they will not lose all of the MVPD's customers if they walk away from the negotiations: many of those otherwise 'lost' customers could be recaptured by the JV. Mr. Schanman provided the Court with a firsthand accounting of this dynamic in his testimony at the Hearing."); *id.* at 66 ("[I]t is worth noting that the Court's concerns about the anti-competitive

The Honorable Margaret M. Garnett
January 7, 2025
Page 2 of 3

Steptoe

      Dismissal of this proceeding is unavoidable under Federal Rule of Civil Procedure 41.[3] But, consistent with the law of this Circuit, the Court should do nothing to disturb its factual and legal findings by "allow[ing] a party with a deep pocket to eliminate . . . precedent it dislikes simply by agreeing to a sufficiently lucrative settlement to obtain its adversary's cooperation[.]"[4] Where, as here, the broader public has an interest not only in the development of case law through judicial precedent but also in protecting competition, the JV Defendants should not be able to pay their way into erasing the Court's carefully reasoned decision.

      The joint venture that the Court preliminarily enjoined from beginning operations and that will apparently be launched following the settlement will have broad anticompetitive effects harming consumers and distributors, including EchoStar's DISH and Sling TV businesses. Given Venu Sports' unprecedented combination of sports rights, the Court's preliminary injunction has served a vital function in protecting both consumers and distributors like EchoStar from potential anticompetitive harm. The preliminary injunction stopped the JV Defendants' scheme to monopolize the pay-TV market and, once accomplished, charge inflated prices to millions of Americans. The injunction also helped to preserve competitive pay-TV options for consumers, including for customers of services other than those of Plaintiff Fubo, as the Court noted in crediting the testimony of EchoStar executive Gary Schanman.

      The parties' settlement[5] appears designed to eliminate court jurisdiction over this multifarious harm by effectuating the preliminary injunction's expiration, rather than addressing the underlying competition issues. Defendants were able to do this through a $220 million payment (plus a $145 million loan) to Plaintiff Fubo.[6] Now, with the injunction undone by voluntary dismissal, DISH, Sling, and other distributors will suffer antitrust injury. Their services will be hampered by the massive incentive that the JV Defendants have to raise programming fees for distributors that compete against Venu, and they will be effectively foreclosed from competing. Thus, the JV Defendants will be starving EchoStar and other

---

effects of the JV appear to be widely shared both by Fubo's competitors in the private sector (such as DISH, DIRECTV, and others)[.]") (cleaned up).

[3] Fed. R. Civ. P. 41(a)(1)(A)(ii).

[4] *Manufacturers Hanover Tr. Co. v. Yanakas*, 11 F.3d 381, 384 (2d Cir. 1993); *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.").

[5] Press Release, Walt Disney Co., Fubo And Disney's Hulu + Live TV Virtual MVPD Businesses To Combine (Jan. 6, 2025), https://thewaltdisneycompany.com/fubo-and-disneys-hulu-live-tv-virtual-mvpd-businesses-to-combine/.

[6] *Id*.

The Honorable Margaret M. Garnett
January 7, 2025
Page 3 of 3

Steptoe

distributors with one hand of the skinny sports bundle that they will be supplying to consumers with the other.[7]

      EchoStar is currently evaluating its options regarding the joint venture, its harm to competition, and the Defendant's tying practices. EchoStar asks the Court to resist any effort by the Defendants to vacate any prior decision in this case.

      Respectfully submitted,

      /s/ *Pantelis Michalopoulos*
      Pantelis Michalopoulos (admitted *pro hac vice*)

      *Counsel for EchoStar Corporation*

CC: All counsel of record (VIA ECF)

---

[7] *See* Br. of EchoStar Corp. as Amicus Curiae Supporting Appellees & Affirmance at 10-15, *FuboTV, Inc. v. Walt Disney Co.*, No. 24-2210, 2024 WL 5056513 (2d. Cir. filed Nov. 12, 2024).