

January 9, 2025

**BY CM/ECF**

The Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:     *Voluntary dismissal of fuboTV Inc., et al. v. The Walt Disney Company, et al.,*
        *No. 24-cv-1363 (MMG)*

Dear Judge Garnett:

      We write in connection with the recent settlement between the Plaintiff and Defendants in the above-captioned matter, and the resulting dismissal by stipulation.  *See* ECF No. 375.  Defendants have paid Plaintiff to ensure cooperation from an aggrieved competitor, but the settlement does nothing to resolve the underlying antitrust violations at issue.  Instead, this settlement restores "an anticompetitive runway for the JV Defendants to control the future of the live pay TV market."  ECF No. 290 at 46.  DIRECTV therefore joins non-party EchoStar Corporation's request that the Court preserve its legal and factual findings given the significant public interests at stake.  *See* ECF No. 377.

      The Court concluded that the Venu joint venture—and the exclusive right to license unbundled sports networks that it would enjoy—would allow Defendants to "drive out competitors" like DIRECTV from the live pay TV market, "all to the detriment of consumers and competition."  ECF No. 290 at 46-47.  The Court enjoined the Venu launch on that basis and denied Defendants' motions to dismiss additional claims, including "tying" claims under the Sherman Act.[1]  The Department of Justice agreed that the launch of Venu would "lessen . . . current competition by giving Defendants a path to collective dominance and foreclosing Venu's rivals."[2]

      This settlement clears the path for Venu to launch unencumbered by removing the injunction the Court imposed to preliminarily prevent the immediate and irreparable harms the JV launch presents.[3]  DIRECTV is just one of several non-parties that expressed "grave concerns" about the impact Venu would have on competition for sports programming, given that Venu would "offer[] content in a manner that [the Defendants] do not allow DIRECTV or other distributors to offer to consumers."  *See* ECF No. 290 at 66 n.44.  The preliminary injunction has protected consumers and distributors alike from the JV Defendant's scheme to "capture demand," "suppress" potentially competitive sports bundles, and impose consumer price hikes.  ECF No. 290 at 47.

---

[1] *Id.* at 68; Transcript of Oral Argument at 157 (Dec. 13, 2024), ECF No. 367.

[2] Br. of U.S. as Amicus Curiae at 35, *fuboTV Inc., et al. v. The Walt Disney Company, et al.,* No. 24-2210 (2nd Cir. Nov. 26, 2024), https://www.justice.gov/atr/media/1379316/dl?inline.

[3] As the Court has observed, "the Court's concerns about the anti-competitive effects of the JV appear to be widely shared both by Fubo's competitors in the private sector (such as DISH, DIRECTV, and others), and by a range of voices in the public arena, including non-profit consumer advocacy organizations, members of Congress, and the U.S. Department of Justice." ECF No. 290 at 66-67.

By this settlement, Defendants pay off and seek to subsume the very competitor that raised these antitrust violations to the Court.  However, Defendants cannot purchase their way out of the antitrust violations.

DIRECTV continues to evaluate its options with respect to the joint venture, the parties' settlement, Defendants' tying practices, and other anticompetitive harms, and it joins EchoStar in requesting that the Court reject any effort by the Defendants to vacate any prior rulings or findings in this case.

Respectfully submitted,

Michael Hartman
General Counsel and Chief External Affairs Officer
DIRECTV

CC: All counsel of record (VIA ECF)